1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALYSON HERFERT, TALANA WILEY,      )
SHANNON GORDNER, KATHRYN DE        )
PEUTER, BECKY KUHL, ALANNA         )    No. 2:11-cv-01301 JCC
WASKO, and DENIZ ZOELLER, on behalf of )
themselves and all others similarly situated, )   **FIRST AMENDED CLASS ACTION**
                                   )    **COMPLAINT**
                    Plaintiffs,    )
                                   )    **JURY TRIAL DEMANDED**
        v.                         )
                                   )
CRAYOLA LLC and HALLMARK CARDS,    )
INC.,                              )
                                   )
                    Defendants.    )
_____)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2

# Table of Contents

I.      INTRODUCTION ................................................................................................ 1

II.     DEFENDANTS' DECEPTIVE MARKETING ............................................... 5

III.    JURISDICTION AND VENUE ....................................................................... 9

IV.     PARTIES ........................................................................................................... 9

V.      FACTUAL BACKGROUND ......................................................................... 13

        A.      Plaintiffs' Property is Damaged by Defendants' Washable Colored
                Bubbles ................................................................................................. 13

                1.      Plaintiff Alyson Herfert's Property is Damaged by
                        Defendants' Washable Colored Bubbles, Making the
                        Bubbles Worthless to Her. ....................................................... 13

                2.      Plaintiff Talana Wiley's Property is Damaged by
                        Defendants' Washable Colored Bubbles, Making the
                        Bubbles Worthless to Her. ....................................................... 15

                3.      Plaintiff Shannon Gordner's Property is Damaged by
                        Defendants' Washable Colored Bubbles, Making the
                        Bubbles Worthless to Her. ....................................................... 17

                4.      Plaintiff Kathryn De Peuter's Property is Damaged by
                        Defendants' Washable Colored Bubbles, Making the
                        Bubbles Worthless to Her. ....................................................... 20

                5.      Plaintiff Kuhl's Property is Damaged by Defendants'
                        Washable Colored Bubbles, Making the Bubbles Worthless
                        to Her. ....................................................................................... 21

                6.      Plaintiff Wasko's Property is Damaged by Defendants'
                        Washable Colored Bubbles, Making the Bubbles Worthless
                        to Her. ....................................................................................... 22

                7.      Plaintiff Zoeller's Property is Damaged by Defendants'
                        Washable Colored Bubbles, Making the Bubbles Worthless
                        to Her. ....................................................................................... 23

        B.      Defendants' Washable Colored Bubbles ........................................... 25

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - i

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

C.    Defendants' Stain Removal Suggestions ........................................................... 30

D.    Public Backlash About Defendants' Perceived Backpedaling on
      the Washable Colored Bubbles' "Washability" .................................................. 35

E.    Defendants' Misleading Actions Show a Disregard for Consumers'
      Property Investment ........................................................................................ 37

VI.    CLASS ACTION ALLEGATIONS .......................................................................... 38

VII.   CAUSES OF ACTION .......................................................................................... 43

VIII.  PRAYER FOR RELIEF ......................................................................................... 65

IX.    JURY TRIAL DEMANDED ................................................................................... 66

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - ii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs Alyson Herfert, Talana Wiley, Shannon Gordner, Kathryn de Peuter, Becky Kuhl, Alanna Wasko, and Deniz Zoeller ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following based on information and belief and the investigation of counsel.  Plaintiffs believe that discovery will uncover substantial additional evidence.

## I.    INTRODUCTION

1.       "Washable Colored Bubbles" are not, in fact, washable.  Plaintiffs' experiences show that they stain common household surfaces.

2.       "Washable Colored Bubbles" have been manufactured and sold in a variety of forms, including but not limited to: individual bottles of bubble solution,[1] the "Washable Colored Bubbles Bubble Launcher,"[2] the "Washable Colored Bubbles Wand Set,"[3] the "Washable Colored Bubbles" three-pack,[4] and the "Washable Colored Bubbles Play Pack,"[5] hereinafter collectively called "Washable Colored Bubbles."

3.       Plaintiff Alyson Herfert bought Washable Colored Bubbles for her daughter's upcoming birthday party, but when she let her daughter experiment with the bubbles before the party, they produced stains everywhere they landed — especially on her deck, outdoor furniture, and her daughter's clothing.  Contrary to their name, the Washable Colored Bubbles left stains that did not wash out, even after repeated cleaning attempts.  The Washable Colored Bubbles left long-lasting stains that made the bubbles worthless to Ms. Herfert.

---

[1] Washable Colored Bubbles Products, CRAYOLA.COM, http://www.crayola.com/products/list.cfm?categories=BUBBLES (last visited Aug. 3, 2011).
[2] *Id.*
[3] *Id.*
[4] *Crayola Washable Colored Bubbles - 3-Pack Purple Pink & Green*, AMAZON.COM, http://www.amazon.com/gp/product/B004QNXZQ8/ (last visited Aug. 3, 2011).
[5] *Crayola Washable Colored Bubbles Play Pack*, TOYSRUS.COM, http://www.toysrus.com/product/index.jsp?productId=11712432 (last visited Aug. 3, 2011).

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.     Plaintiff Talana Wiley bought the Washable Colored Bubbles as an Independence Day activity for her three children.  As with Ms. Herfert, Ms. Wiley's extensive efforts to wash away stains left by the Washable Colored Bubbles failed, and, even after repeated cleaning attempts, stains remained.  The stains that Washable Colored Bubbles left on Ms. Wiley's property made the bubbles worthless to her.

5.     Plaintiff Shannon Gordner also bought the Washable Colored Bubbles.  When Ms. Gordner's grandson used the bubbles outside, they left stains everywhere they landed.  As with Ms. Herfert and Ms. Wiley, Ms. Gordner's extensive efforts to wash away the Washable Colored Bubbles failed, and, even after repeated cleaning attempts, stains remained.

6.     Plaintiff Kathryn de Peuter bought the Washable Colored Bubbles as an Easter present for her daughter and nephew.  As with Ms. Herfert, Ms. Wiley, and Ms. Gordner, soon after the children began playing with the bubbles, Ms. de Peuter noticed stains on her property. And, as with Ms. Herfert, Ms. Wiley, and Ms. Gordner, the stains did not come out despite repeated washing attempts, and made the Washable Colored Bubbles worthless to her.

7.     Plaintiff Becky Kuhl purchased the Washable Colored Bubbles as an Easter present for her five year old twins.  As with the other named plaintiffs, Ms. Kuhl noticed stains caused by the bubbles, including stains on her concrete driveway, walkway pavers, and the public street at the end of her driveway.  As with the other named plaintiffs, Ms. Kuhl tried to wash the affected areas multiple times and the stains did not wash away, making the Washable Colored Bubbles worthless to her.

8.     Plaintiff Alanna Wasko purchased the Washable Colored Bubbles as an Easter present for her three children to play with at her mother's house.  As with the other named plaintiffs, Ms. Wasko noticed stains caused by the bubbles, including stains on the concrete patio

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

surface and upholstery as well as the children's clothing.  As with the other named plaintiffs, Ms. Wasko tried to wash the affected areas multiple times and the stains did not wash away, making the Washable Colored Bubbles worthless to her.

9.      Plaintiff Deniz Zoeller purchased the Washable Colored Bubbles as a birthday present for her seven year old son.  Ms. Zoeller was the victim of the bottle of bubbles spilling on her granite countertop.  As with the other named plaintiffs, Ms. Zoeller tried to wash the affected areas multiple times and the stains did not wash away, making the Washable Colored Bubbles worthless to her.

10.      On information and belief, Plaintiffs' experience has been repeated countless times across Washington, California, Georgia, Louisiana, New York, Texas and every other state.  Product review blogs, business reports, and leading media outlets express the outrage that consumers feel when these Washable Colored Bubbles stain their property, belongings, and persons.  Consumers have also flocked to product review websites such as Amazon.com to report their problems with the Washable Colored Bubbles' unwashability  (Attached as Exhibit A are all of the Washable Colored Bubbles products reviews posted by Amazon.com customers as of the week of the filing of this Amended Complaint).

11.      For example, "News Anchor Mom" wrote on her blog:

Crayola's washable bubbles say SEVEN times on the package that they are in fact washable.  What does that mean to you?  To me, it means they don't stain. They wash out, right?  Well, not true.  My son grabbed them before we could tell him to go outside and SURPRISE!  I had tiny dots of blue ink on my carpet.  I tried blotting them.  That didn't work.  I tried scrubbing them.  That didn't work.  Five attempts later and a little bleach and you can't see them-sort of.  Oh, and did I mention the kids proceeded to use them on the deck too?  You guessed it.  The

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"washable" bubbles stain the deck too.  So watch out washable bubbles!  I am nowhere near forgiving you![6]

12.     Wordstream, an internet-marketing company that maintains a blog related to internet marketing issues, discussed the backlash of this product on customer review sites.  It reported that Amazon.com listed over 55 one-star reviews (one-star reviews are the worst rating possible; a five-star review would mean the product satisfied a consumer completely) with complaints about the product, compared to 2 five-star reviews, as of April 8, 2011.[7]  Since then, as of the week of filing this Amended Complaint, the number of one-star reviews for the various Washable Colored Bubbles products has grown to 309.[8]  Users describe extensive and time-consuming procedures to remove stains from outdoor surfaces such as concrete, often to no avail.[9]  Blog author Elisa Gabbert, a marketing expert, asserts that Crayola should issue an apology and take the product off the market.[10]

---

[6] Jen Christensen, *Watch out: Washable Bubbles*, NEWS ANCHOR MOM (Mar. 23, 2011), http://newsanchormom.blogspot.com/2011/02/watch-out-washable-bubbles.html.

[7] Elisa Gabbert, *Crayola Colored Bubbles: Reputation Management for a 1-Star Disaster*, WORDSTREAM INTERNET MARKETING BLOG (Apr. 8, 2011), http://www.wordstream.com/blog/ws/2011/04/08/crayola-colored-bubbles-reputation-management.

[8] Crayola Colored Bubbles Wand Set Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-Colored-Bubbles-Wand-Set/product-reviews/B004B5E542/ (last visited Oct. 27, 2011); Crayola Colored Bubbles – Screamin' Green Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-Washable-Colored-Bubbles-Screamin-Green/product-reviews/B004OBE3RW/ (last visited Oct. 27, 2011); Crayola Colored Bubbles – Pink Flamingo Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-Washable-Colored-Bubbles-Flamingo/product-reviews/B004OBCEFA/ (last visited Oct. 27, 2011); Crayola Colored Bubbles – Purple Pizzazz Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-Washable-Colored-Bubbles-Pizzazz/product-reviews/B004OBI5LC/ (last visited Oct. 27, 2011); Crayola Colored Bubbles – Wild Blue Yonder Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-Washable-Colored-Bubbles-Yonder/product-reviews/B004OBGS02/ (last visited Oct. 27, 2011); Crayola Colored Bubbles – Sunset Orange Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-Washable-Colored-Bubbles--Sunset/product-reviews/B004RCEJEU/ (last visited Oct. 27, 2011); Crayola Colored Bubbles – 3-Pack Purple Pink & Green Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-Washable-Colored-Bubbles-3-Pack/product-reviews/B004QNXZQ8/ (last visited Aug. 4, 2011); Crayola Colored Bubble Launcher Customer Reviews, AMAZON.COM, http://www.amazon.com/Crayola-03-7300-Colored-Bubble-Launcher/product-reviews/B004B5G0TU/ (last visited Oct. 26, 2011).

[9] Gabbert, *supra* note 7.

[10] *Id.*

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

13.     The Consumerist's online product review addressed the bubbles: "Crayola's new washable Colorful Bubbles seem like an amazing idea, especially if their bright colors don't stain. Except some parents are complaining online that they kind of, um, do."[11] Sixty-three people (as of April 29, 2011) subsequently commented about their terrible experiences with Defendants' product, and recommended other products to parents instead of these bubbles.

14.     Because Washable Colored Bubbles are not washable, but rather leave long-lasting stains, Plaintiffs gained nothing of value from their purchase; instead, their property was damaged and they lost significant time and money trying to remove stains the product left behind.

## II.    DEFENDANTS' DECEPTIVE MARKETING

15.     The Washable Colored Bubbles bottles are pictured below, with the term "washable" in large type.



16.     Washable Colored Bubbles are manufactured, marketed, distributed, promoted and/or sold by Hallmark Cards, Inc. ("Hallmark") and Crayola LLC ("Crayola"). Hallmark and Crayola are collectively called "Defendants." On information and belief, Defendants began

---

[11] Laura Northrup, *Crayola's Colorful Bubbles Delight Children, Stain Everything*, CONSUMERIST (Apr. 5, 2011), http://consumerist.com/2011/04/crayolas-colorful-bubbles-delight-children-stain-everything.html.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

manufacturing, marketing and distributing Washable Colored Bubbles in late 2010.[12] Washable Colored Bubbles are marketed and distributed nationwide and are intended for use by children ages three and up (and four and up for the Washable Colored Bubbles Bubble Launcher).

17.     Consumers encounter advertisements for the Washable Colored Bubbles such as the representation below[13] from Crayola's website, showing young children in light-colored clothing blowing the bubbles.



18.     Washable Colored Bubbles are distinguished from traditional, inexpensive soap bubbles by their bright pigment, which makes the bubbles appear tinted as they float in the air.

19.     Washable Colored Bubbles sell at a premium, costing between five and six times what consumers pay for traditional bubbles.

20.     As anyone who has blown bubbles or watched a child blow bubbles knows, bubbles float through the air, then burst.  Bubbles disperse uncontrollably, and Washable Colored Bubbles are marketed for young children ages three years and up (four years and up for the Washable Colored Bubbles Bubble Launcher), who are predictably messy.  And even before

---

[12] Def.'s Answer to Class Action Complaint, Oct. 7, 2011, ECF No. 20.

[13] *Washable Colored Bubbles*, CRAYOLA.COM, http://www.crayola.com/products/splash/colored_bubbles/ (last visited Aug. 3, 2011).

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the children blow or launch the first bubble from Defendants' expensive bubble launcher, the

bubble solution drips from the container onto the children's hands.

21.     Defendants' Washable Colored Bubbles Bubble Launcher automates the process

of creating bubbles, making the colored bubbles even harder to control.  On Crayola.com, the

Bubble Launcher is pictured[14] and heavily promoted with the following packaging and text:



> Crank up some "bubblicious" fun with the Crayola Colored Bubbles Bubble
> Launcher! Create tons of colored bubbles at super fast speed. Just connect a bottle
> of colored bubbles, attach the crank handle and churn it up! It's an instant bubble
> blast bash! Set works with all Crayola Washable Colored Bubbles.[15]

22.     Because bubble blowers cannot control where bubbles land, "washability"[16] is the

key to Washable Colored Bubbles' marketing strategy.  Brightly colored unwashable bubbles

that stain everything on contact would be a hard sell.

23.     Defendants' bubbles are marketed as "washable," meaning "soluble in water."[17]

(Webster Dictionary's example is "washable ink").[18]  The crucial attribute, "Washable," appears

---

[14] *Id.*

[15] Washable Colored Bubbles Products, CRAYOLA.COM,
  http://www.crayola.com/products/list.cfm?categories=bubbles (last visited Aug. 3, 2011).

[16] "The quality or state of being washable." *Webster's Third New International Dictionary*, 2579 (1986).

[17] *Id.*

[18] *Id.*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   as the first word of the product's name on containers, packaging, and advertisements in large,

2   prominent letters:



12          24.    Contrary to Plaintiffs' experience, Defendants claim on the Crayola website that

13  the stains left by Washable Colored Bubbles are "*temporary* and washable."[19]

14          25.    In contrast to the large print used to inform consumers about "Washable Colored

15  Bubbles," tiny print on the back of the package cautions users to avoid using the Washable

16  Colored Bubbles around common outdoor surfaces such as "brick, vinyl, finished and unfinished

17  wood[.]"  According to the U.S. Census, over half of all new houses in the U.S. in 2010 had

18  exterior wall surfaces made of brick, vinyl or wood.  U.S. Department of Commerce, 2010

19  CHARACTERISTICS OF NEW HOUSING 129 (2010), *available at*

20  http://www.census.gov/const/C25Ann/c25ann2010.pdf.  Further, users are instructed not to blow

21  the Washable Colored Bubbles around any "materials that cannot be laundered."[20]

---

[19] *Washable Colored Bubbles*, CRAYOLA.COM, http://www.crayola.com/products/splash/colored_bubbles/ (last
    visited Oct. 28, 2011) (emphasis in original).
[20] *See infra* ¶¶ 61-62.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.   JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this action is between citizens of different states, a class action has been pled, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

27.     Venue is proper in this District under 28 U.S.C. § 1391(a), (b), and (c).  Crayola LLC and Hallmark Cards, Inc. do substantial business in the State of Washington and within this Federal Judicial District, receive substantial compensation and profits from marketing and selling products in this District including the Washable Colored Bubbles, have put their names and logos on the Washable Colored Bubbles packaging sold in this District, have made material omissions and misrepresentations, breached contracts and/or other promises, and engaged in unlawful practices in this District, so as to subject them to personal jurisdiction in this District. Plaintiffs Herfert and Wiley reside in this District.

28.     This Court has personal jurisdiction over the Defendants because Crayola LLC and Hallmark Cards, Inc. each do substantial business in the State of Washington.

### IV.   PARTIES

29.     Plaintiff Alyson Herfert resides in Kirkland, Washington.  She purchased four individual bottles of the Washable Colored Bubbles at Michaels in Kirkland, Washington in May, 2011.

30.     Plaintiff Talana Wiley resides in University Place, Washington.  She purchased a three-pack of Washable Colored Bubbles at Wal-Mart in Auburn, Washington, on July 4, 2011.

31.     Plaintiff Shannon Gordner resides in Canandaigua, New York.  She purchased the Washable Colored Bubbles Bubble Launcher, in April, 2011 from a Wal-Mart store.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

32.     Plaintiff Kathryn de Peuter lives in Pearland, Texas.  She obtained the Washable Colored Bubbles from a Texas store in the spring of 2011.

33.     Plaintiff Becky Kuhl lives in Rancho Santa Margarita, California.  She purchased a Washable Colored Bubbles Wand Set in April 2011.

34.     Plaintiff Alanna Wasko lives in Springhill, Louisiana.  She purchased three individual bottles of Washable Colored Bubbles in April 2011.

35.     Plaintiff Deniz Zoeller lives in Dallas, Georgia.  She purchased a single bottle of Washable Colored Bubbles and gave it to her seven year old son as a birthday present on May 26, 2011.

36.     Defendant Crayola LLC is a Pennsylvania corporation whose principal place of business, upon information and belief, is 1100 Church Lane, Easton, PA 18044.  Crayola engages in business throughout the State of Washington and the United States.  Defendant Crayola manufactured, promoted, and profited from the Washable Colored Bubbles and the Washable Colored Bubbles Bubble Launcher that were purchased by the Plaintiffs and Class Members during the relevant period.

37.     Defendant Hallmark Cards, Inc. is a Missouri corporation whose principal place of business, upon information and belief, is 2501 McGee Traffic Way, Kansas City, MO 64108. Defendant Hallmark engages in business throughout the State of Missouri and the United States. Hallmark is the parent company of Crayola.

38.     There are considerable personnel ties between Hallmark and Crayola.  For example, David Hall, president of Hallmark's North America business, led U.S. marketing and

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

sales at Crayola as part of his career path to leading Hallmark.[21]  In addition, when Mark Schwab retired as Chief Executive from Crayola LLC, he was replaced by Mike Perry, a Hallmark executive.[22]  Perry, who had been working at Hallmark since 1990, "held key management roles, including vice-president – Season Cards…and general manager for Hallmark Flowers, and marketing manager and strategist roles for specialty products, albums and frames, and gift wrap."[23]  Perry currently serves as *both* Chief Executive Officer and President of Crayola LLC and as Vice President of New Concept Commercialization at Hallmark Cards, Inc.[24]   Crayola LLC and Hallmark Cards Inc. also share "certain members of the two entities' legal, tax, and treasury departments."[25]

39.     As widely recognized consumer brands, Defendants placed Hallmark's and Crayola's logos on the Washable Colored Bubbles, as pictured below.



---

[21] Today's Hall Family Leaders, HALLMARK.COM, http://corporate.hallmark.com/History/Todays-Hall-Family-Leaders (last visited Oct. 27, 2011).

[22] http://www.lehighvalleylive.com/easton/index.ssf/2008/09/crayola_ceo_schwab_to_retire_h.html

[23] *Crayola CEO to Retire*, EASTERN PENNSYLVANIA BUSINESS JOURNAL, http://www.epbj.com/node/289 (last visited Oct. 28, 2011).

[24] *Mike Perry Executive Profile*, BLOOMBERG BUSINESSWEEK, http://investing.businessweek.com/research/stocks/private/person.asp?personId=43880032 (last visited Oct. 28, 2011).

[25] Def.'s Mot. to Dismiss, Whitebread Decl., Oct. 7, 2011, ECF No. 17.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 11

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

40.     On information and belief, Defendants authorized the use of Hallmark's logo and name on the Washable Colored Bubbles, thereby signifying to consumers that Hallmark endorsed, and participated in the design, manufacture, and/or distribution of the product.

41.     Hallmark is not just any brand.  It is so well know that colloquialisms incorporating its name such as "Hallmark holiday"[26] and "Hallmark moment"[27] have gained a wide following, and are used in mainstream media.[28]

42.     By its nature, the space on a consumer product label is physically limited, especially on a small bottle of bubbles.  Therefore, on information and belief, labels on consumer products such as the Washable Colored Bubbles are carefully designed and executed.  The Defendants utilized the Hallmark logo for the purpose of leveraging Hallmark's goodwill in consumers' eyes.

43.     By listing both the Crayola and Hallmark brands on the packaging of Washable Colored Bubbles, Defendants are "co-branding," a concept explained below:

> Co-branding is a collaborative effort designed to advance the commercial interests of two or more parties. It usually involves two brand owners using both their marks in connection with a good or service. For example, BAILEYS brand Irish cream liqueur has been used in HAAGEN DAZS ice cream, with both marks appearing on the ice cream packaging. Co-branding can introduce a brand owner's products or services to new markets, expand existing market share, and/or give the brand owner a competitive edge.

---

[26] Urbandictionary.com definition of "Hallmark holiday": A holiday that seems to exist only for the purpose of selling greeting cards (and flowers, etc). *HALLMARK HOLIDAY*, Urbandictionary.com, http://www.urbandictionary.com/define.php?term=hallmark+holiday (last visited on Oct. 28, 2011).

[27] Urbandictionary.com definition of "Hallmark moment": A hallmark moment is when you have a moment that would be perfect on a card. It doesn't matter if it's funny or not, it just has to be card material. *HALLMARK MOMENT*, Urbandictionary.com, http://www.urbandictionary.com/define.php?term=Hallmark%20Moment (last visited on Oct. 28, 2011).

[28] Al Lewis, *A Hallmark Moment*, The Wall St. J. (Oct. 2, 2011) http://online.wsj.com/article/SB10001424052970204138204576605443776982326.html.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 12

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Co-branding exists in joint ventures, whereby two or more partners may combine marketing efforts to sell new goods/services under a new mark.[29]

## V.    FACTUAL BACKGROUND

**A.    Plaintiffs' Property is Damaged by Defendants' Washable Colored Bubbles**

> **1.    Plaintiff Alyson Herfert's Property is Damaged by Defendants' Washable Colored Bubbles, Making the Bubbles Worthless to Her.**

44.    Plaintiff Alyson Herfert resides in Kirkland, Washington.

45.    Ms. Herfert bought the Washable Colored Bubbles because she believed the bubble solution to be washable.  She would not have purchased the Washable Colored Bubbles if they had not been sold as washable.

46.    Ms. Herfert first heard about the Washable Colored Bubbles in a television commercial on Nickelodeon Junior Network.  Her daughter, almost five at the time, got very excited by the advertisement, and asked for them for her upcoming birthday party.  Ms. Herfert heard the commercial in the background while doing other things, and did not hear any indication that the bubbles would leave stains; in fact, the commercial *said* "washable".

47.    Ms. Herfert bought four bottles of the Washable Colored Bubbles at Michaels in Kirkland, Washington in May, 2011.  Specifically, Ms. Herfert bought Washable Colored Bubbles in the colors: Purple Pizzazz, Wild Blue Yonder, Screamin' Green, and Pink Flamingo.  Ms. Herfert bought the Washable Colored Bubbles for her daughter's birthday party.  She intended to use the bubbles in an automatic bubble blowing machine at the party.

48.    Ms. Herfert trusted the "Crayola" brand based on previous experiences with Defendants' washable markers.  She trusted that the product would be as easy to use as the term "washable" indicated.

---

[29] Mary M. Squyres, 2 Trademark Prac. Throughout the World § 20:11.10 (April 2011).

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

49.     In preparation for the party, Ms. Herfert allowed her daughter to open just the Pink Flamingo color to play with them, using just the wand that came with the individual bottle. When opening the bottle for her daughter, the only text on the packaging that Ms. Herfert noticed was the "washable" indication.  After she let her daughter play with the bubbles outside for only about fifteen minutes, her daughter said "they're getting everywhere, they're getting everywhere," and stopped playing with them.  Ms. Herfert was alarmed to see that the bubbles had stained her deck, outdoor furniture, and her daughter's clothing.

50.     The bubble solution left pink stains on Ms. Herfert's deck, made of stained wood, in a circular area, within a six to seven foot radius around where her daughter had stood while blowing the bubbles.  It also stained her patio furniture made of treated wood, and its cushions made of a cotton-poly blend fabric.

51.     Ms. Herfert washed her deck and patio furniture within fifteen minutes of using the bubbles.  She used a Sur La Table cleaner that she had on hand to clean the deck and patio, spending twenty to thirty minutes attempting to wash away the Washable Colored Bubbles with no success.  The colored stains have not come out of Ms. Herfert's deck or patio furniture despite western Washington's summer sun and rain; nor have they faded at all in the months since they were made.  In fact, they have darkened.  Ms. Herfert believes that the pink stains now look like blood stains.  The bubble solution eventually came out of her daughter's t-shirt after soaking it in water and washing it normally with ECOS detergent.

52.     Alarmed and infuriated by the bright pink stains all over her furniture, deck, and daughter's clothing, Ms. Herfert did not dare use the bubbles at her daughter's birthday party. She was horrified to think of how upset her friends would have been if she had stained all of their children's clothes.  Instead, she returned the other unopened Washable Colored Bubbles to

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   Michaels.  She kept the bottle of Pink Flamingo Washable Colored Bubbles, which was

2   worthless to her.

3       **2.   Plaintiff Talana Wiley's Property is Damaged by Defendants' Washable**
           **Colored Bubbles, Making the Bubbles Worthless to Her.**
4

5       53.   Plaintiff Talana Wiley resides in University Place, Washington.

6       54.   Ms. Wiley bought the Washable Colored Bubbles because she believed the bubble

7   solution to be washable.  She would not have purchased the Washable Colored Bubbles if they

8   had not been sold as washable.

9       55.   Ms. Wiley first heard about the Washable Colored Bubbles on a visit to Wal-Mart

10  in Auburn, Washington, on July 4, 2011.  She saw the bubbles on a shelf while shopping for her

11  children.  Ms. Wiley bought the Washable Colored Bubbles for her son, age nine, and daughters,

12
13  ages five and three.

14      56.   Ms. Wiley bought the three-pack with the colors Wild Blue Yonder, Pink

15  Flamingo, and Sunset Orange, intending to use it as an Independence Day activity for her

16  children.

17      57.   Ms. Wiley trusted the "Crayola" brand based on previous experiences with

18
19  Defendants' washable markers, crayons, and sketch pads.  She trusted that the product would be

20  as easy to use as the term "washable" indicated.

21      58.   Ms. Wiley's children put on play clothes before using the Washable Colored

22  Bubbles, but her son wanted to wear his new white Nike shoes.  Ms. Wiley let him wear his new

23  shoes because she believed that the product was washable, as indicated on the label.

24
25      59.   Ms. Wiley oversaw her children using the bubbles in their yard.  When she saw

26  how messy they were, she didn't worry about it too much because she believed that they were

    washable.  She did, however, ask the children to finish the bottles because she didn't want to

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

have to clean a big mess twice.  They played with them in the evening, so Ms. Wiley didn't notice the deepness of the pigment that the bubbles left behind.  The bubbles floated onto the concrete porch, wood siding of the house, and her brand new patio door.  She did clean the wood siding and patio door that night, which came clean, but she left the concrete to be washed down the next morning.

60.     The next morning, Ms. Wiley cleaned the two-foot by four-foot area of concrete with the cleansers that she had on hand.  First, she attempted to clean the stains with Simple Green, a cleaner she had used in the military to clean red dirt off her uniform.  When that failed to remove the stains, she used Gain dish soap and water.  When that also failed, she tried Purple Power, a degreaser that normally works very well to clean things around the house and on her car.  She was very surprised that these cleaners did not remove the stains.  All together, Ms. Wiley spent about an hour on the three cleaning attempts.  When these three attempts didn't work to remove the stains, she tried to saturate it with water; she used a toy that sprays water from a hose, which she left running on the area for about two hours.  That did not remove the stains.  She also poured water from a kiddie pool over the area, and that did not remove the stains.  Although the porch was exposed to the significant amount of sun and rain in western Washington's summer, the stains remained obvious for about a month.  The stains are still visible today, though they have faded.

61.     The stains did come off the children's skin, but only after two fifteen-minute attempts of hard scrubbing for each child.  And while the stains came out of the children's clothes after two washes, the stains did not come off her son's Nike shoes.  The shoes, which she paid $20 for, were ruined by the Washable Colored Bubbles.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### 3. Plaintiff Shannon Gordner's Property is Damaged by Defendants' Washable Colored Bubbles, Making the Bubbles Worthless to Her.

62.     Plaintiff Shannon Gordner resides in Canandaigua, New York.  She bought Crayola's Washable Colored Bubbles Bubble Launcher, which included the Purple Pizzazz and Pink Flamingo bottles of the bubble solution.

63.     Ms. Gordner bought the Washable Colored Bubbles because she believed the bubble solution to be washable.  She would not have purchased the Washable Colored Bubbles if they had not been sold as washable.

64.     Ms. Gordner bought the Washable Colored Bubbles Bubble Launcher in April, 2011 from a Wal-Mart.  She trusted the Crayola brand from previous experience with Defendants' washable markers.  She believed that "washable" meant that the bubbles solution would be easy to clean up, and wouldn't leave any marks.

65.     Ms. Gordner bought the product for her grandson after seeing a television commercial approximately one week before the purchase date.  She remembers the commercial, which aired on a major network, featuring children running outside, blowing bubbles, and that it "definitely said that it was 'washable.'"

66.     While Ms. Gordner was getting her grandson ready to play outside, she handed the child the launcher indoors.  When the launcher was not completely level, the bubble solution started leaking heavily over the child's shoes, hands, clothes and Ms. Gordner's off-white berber carpet.  The child carried the launcher from the kitchen, through the living room, and out the door.

67.     Ms. Gordner's daughter, the mother of the child using the bubbles, tried to clean the bubble solution from the carpet within a half hour of the launcher dripping the liquid, but was unsuccessful.  The day after her grandson used the bubbles, Ms. Gordner called Crayola at or

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

about nine o'clock in the morning because she was so anxious to clean her personal items.  A Crayola representative referred her to the Spot Shot carpet cleaner, which she bought, and directed her on how to get the stains out of the clothing, which she followed.  The representative also told her that the outdoor stains would "fade eventually."  The Crayola representative asked Ms. Gordner if she had read the box because the product isn't supposed to come in contact with any surfaces.  Ms. Gordner responded by asking her how one is expected to use bubbles without them coming in contact with anything, a question that the representative left unanswered.  Ms. Gordner was sent a coupon for $5 off of a future Crayola purchase.

68.     In their cleaning attempts, the family used their carpet-shampooing machine on the first and second days after staining.  During the shampoos, the stains would appear to be coming out of the carpet, but when they dried the stains would darken to the same color, and the dye appeared to have spread over a larger area.  After two shampoos, Ms. Gordner used OxiClean, which she had on hand; then she bought Shot Spot, the product recommended by Crayola, and a Resolve carpet product.  She cleaned the spots once a day for two weeks with these products, until the stain lifted.

69.     After the child took the Bubble Launcher outside, it continued to drip on the porch.  As he played with the toy, some of the bubbles were blown toward the house and popped against the siding and porch.  The outdoor property damage was worse on the wooden porch, because although it was painted, the paint was chipped on a significant area, leaving the wood unfinished in places.  When the bubbles hit the porch, the solution soaked directly into the unfinished wood, staining both the painted and unfinished portions.  First, Ms. Gordner sprayed the stained area of the porch and siding with a garden hose.  The solution did not rinse as well from the porch as the siding, so Ms. Gordner scrubbed the porch with a brush using water and

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 18

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 Dawn dish liquid.  Despite her efforts, residual marks remained on the siding and the porch.  The

2 marks on the siding faded after two weeks, but even after a month of sun and rain, the stains

3 would not lift from the porch.  Ms. Gordner's only thought to rid her porch of the unsightly

4 stains was to repaint it, a task that took three additional hours in the hot summer sun, and entailed

5 an additional cost burden.

6

7 70.     The bubble solution eventually came out of Ms. Gordner's grandson's clothing

8 after three washes per Crayola's recommendations from the phone call, but the washing damaged

9 the child's $40 Carhartt pants.  Carhartt brand clothing items have a special water repellant

10 treatment that makes them weather resistant — when these pants were washed to remove the

11 bubble solution, it impaired the treatment that had enhanced the utility of the clothing and

12 impaired their value to the child and Ms. Gordner.[30]   The bubbles did not come out of the child's

13 $30 Timberland boots.  The color solution did, however, come out of the user's skin after much

14 scrubbing.

15

16 71.     Some of the colored bubbles hit Ms. Gordner's yellow dog, Leo.  The dog got

17 excited when he saw the child playing with bubbles and would chase after them.  The purple

18 stains on the dog did not come off when Ms. Gordner washed him with water.  He lived with

19 purple stains for two weeks, until they faded away.

20

21 72.     Ms. Gordner's experience with the Washable Colored Bubbles, which included

22 over three hours of cleaning and three hours of painting, has made her hesitant to have Crayola

23 products in her house anymore, so the coupon is of no value to her.

24

25

26 _____

[30] Customer Service Team, *Is my Carhartt waterproof, and If so do I have to retreat it?*, CARHARTT.COM (Apr 24, 2009) http://blogs.carhartt.com/blog/customer-service/is-my-carhartt-waterproof-and-if-so-do-i-have-to-retreat-it-v2.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 19

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### 4.   Plaintiff Kathryn De Peuter's Property is Damaged by Defendants' Washable Colored Bubbles, Making the Bubbles Worthless to Her.

73.   Plaintiff Kathryn de Peuter lives in Pearland, Texas.

74.   Ms. de Peuter bought the Washable Colored Bubbles because she believed the bubble solution to be washable.  She would not have purchased the Washable Colored Bubbles if they had not been sold as washable.

75.   Ms. de Peuter attempted to purchase the bubbles at Toys "R" Us in April 2011. The store was sold out, so she asked a friend to buy two sets of the bubbles and launcher from a different store.  She paid the friend back, and gave the bubbles to her daughter, who is eight years old, and her nephew, who is nine years old.  The bubbles were Easter gifts for the children. When Ms. de Peuter gave the bubbles to the children as gifts, she never noticed any disclaimers or warnings.

76.   Ms. de Peuter trusted the Crayola name and was willing to pay more for the product because of the brand.  She trusted that Crayola would not put its name on a product as washable unless it was washable.

77.   The children loaded blue bubbles into the launchers and began to play in the backyard.  Soon, the bubbles landed in various places, leaving spots that looked more like paint than bubbles.  Everywhere the bubbles landed, the color stained.  The bubbles stained Ms. de Peuter's cement, wooden table, and the flagstone surrounding her swimming pool.  After about five minutes of the children playing with the bubbles, Ms. de Peuter noticed that the solution was darker than she expected, and asked the children to stop playing with the bubbles.

78.   Ms. de Peuter worked hard to get rid of the stains.  She started with soap and water.  Some of the stains did come off quickly, such as those on her cement.  On the flagstone, however, the stains were very noticeable and did not wash off.  When the soap and water alone

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

did not work, she began searching the internet for tips.  She tried baking soda and vinegar.  She tried Scotch Brite.  The stains remained on the flagstone and the table.

79.     Months later, the stains have faded from the flagstone surrounding her pool, but there is lingering damage to the flagstone from Ms. de Peuter's repeated attempts to clean stains left behind by the bubbles.  She believes the damage to be permanent and that recovery would include replacing the whole pool area because of the natural characteristics of the rocks, which had been in place for only eight months when they were stained.

80.     The stain on her wooden outdoor table faded, but remained clearly visible, causing Ms. de Peuter hired a local handyman to refinish her outdoor furniture.  She had to get all of the matching furniture refinished because otherwise they would have been different colors.  The table still has some visible spotting despite the refinishing.  The cost of refinishing the whole set was $300 and she estimates that the cost of the table accounted for about $75 of that amount.  The handyman worked on the project for eight hours over two days.  Ms. de Peuter made the decision to refinish because of the bubble stains and no other reason.

**5.     Plaintiff Kuhl's Property is Damaged by Defendants' Washable Colored Bubbles, Making the Bubbles Worthless to Her.**

81.     Plaintiff Becky Kuhl lives in Rancho Santa Margarita, California.

82.     In April 2011, Ms. Kuhl purchased a Washable Colored Bubbles Wand Set, featuring two bottles of Washable Colored Bubbles and an assortment of wands for blowing bubbles.  Ms. Kuhl gave the wand set to her five year old twins as an Easter present.  Ms. Kuhl relied on the label's representation that the product was "washable."

83.     The children took the bubbles outside to play, and Ms. Kuhl almost immediately noticed stains on her concrete driveway, walkway pavers, and the public street at the end of the driveway.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 21

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

84.    Ms. Kuhl then washed the affected surfaces with a hose, as directed by the Washable Colored Bubbles label, to no effect.  Ms. Zoeller persisted for fifteen minutes, increasing the water pressure and placing the nozzle almost directly against the affected areas, but the stains did not fade.

85.    At the beginning of August 2011, after being exposed to the elements for over three months, the stains finally faded from view completely.

86.    After the staining incident, Ms. Kuhl was unable to use the Washable Colored Bubbles any further, for fear of future staining and property damage.

**6.    Plaintiff Wasko's Property is Damaged by Defendants' Washable Colored Bubbles, Making the Bubbles Worthless to Her.**

87.    Plaintiff Alanna Wasko lives in Springhill, Louisiana.

88.    In April 2011, Ms. Wasko purchased three individual bottles of Washable Colored Bubbles and gave them to her three children as Easter presents.  Ms. Wasko relied on the labels' representations that the product was "Washable."

89.    On Easter Sunday, the children visited the home of Ms. Wasko's mother, Janice Cannon.  Ms. Wasko's four year old son then went onto Ms. Cannon's patio along with Ms. Wasko's two daughters, ages nine and six.  The boy opened his bottle and began to blow bubbles.

90.    On the first blow, the wind carried the bubbles onto the concrete patio surface and the upholstery of Ms. Cannon's patio furniture.  Bubble solution also dripped onto the boy's clothing and cowboy boots.  The girls immediately alerted Ms. Cannon, who set about attempting to clean up the mess.

91.    Ms. Cannon was able to remove the stains from the boy's clothing with soaking and two washings in her washing machine.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 22

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

92.     The cowboy boots had been stained on several previous occasions, but had always cleaned up perfectly with the use of leather cleaner.  Ms. Cannon used the leather cleaner on the boots, to no effect.  Ms. Cannon then consulted Crayola's website, where she found a phone number to call for tips on cleaning stains caused by Washable Colored Bubbles.  Ms. Cannon called the number, but was unable to get through.  Despite repeated efforts, the stains have never come out of the boots.

93.     Ms. Cannon  attempted to rinse the stains off her concrete patio, as directed on the Washable Colored Bubbles label, but they did not come out.  Ms. Cannon then soaked the stains in dishwashing liquid and used a power washer on them, to no avail.  The stains only lifted after a month of exposure to the elements, along with repeated washings and scrubbings.

94.     Ms. Cannon attempted to remove the stains from her patio furniture upholstery with upholstery cleaner, but the stains remained.  Over time, with exposure to the elements and repeated cleaning attempts, the stains have faded.  However, they remain faintly visible.

95.     After the staining incident, Ms. Wasko was unable to use the Washable Colored Bubbles any further, for fear of future staining and property damage.

**7.     Plaintiff Zoeller's Property is Damaged by Defendants' Washable Colored Bubbles, Making the Bubbles Worthless to Her.**

96.     Plaintiff Deniz Zoeller lives in Dallas, Georgia.

97.     Ms. Zoeller purchased a single bottle of Washable Colored Bubbles and gave it to her seven year old son as a birthday present on May 26, 2011.

98.     Ms. Zoeller relied on the label's representations that the product was "Washable" and the bottle was "Spill Resistant."  Ms. Zoeller was confident in the label's assurance that Washable Colored Bubbles were "Washable," because of her long and positive history with Crayola products, including washable markers, colored pencils, crayons, and modeling clay.  Ms.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Zoeller's experience with these products was that they never caused permanent stains. Indeed, Ms. Zoeller—normally a budget-conscious mother who seeks bargains—was willing to pay a premium to obtain Crayola products, in preference to other products, because of their washability.

99.     Before allowing her son to play with the Washable Colored Bubbles, Ms. Zoeller read the warning label carefully. She dressed her son in old clothing and directed him to play with the bubbles in the backyard, a wooded lot over one-half acre in area.

100.     Ms. Zoeller's son played with the bubbles without incident in the backyard, then returned to the house, where he capped the bottle and placed it on the kitchen counter behind the sink. Shortly thereafter, someone went to the sink to get a drink of water. The faucet knocked over the bottle of Washable Colored Bubbles, which—despite the label's claim that it was "Spill Resistant"—spilled all over Ms. Zoeller's granite countertop.

101.     Ms. Zoeller immediately sopped up the bubble solution with a rag, only to find that it had deeply stained the countertop. Ms. Zoeller then attempted to clean the countertop with various kitchen cleaning products, to no avail. She then consulted the Crayola website, which suggested that she use SCI Oily Stain Remover to remove the stain. Ms. Zoeller purchased and used the product, which was completely ineffective. Ms. Zoeller later tried peroxide, vinegar, bleach, and abrasive cleaner, none of which removed the stains.

102.     Despite the passage of several months, and numerous additional cleaning attempts with a variety of products, the stains remain as vivid as when they first occurred.

103.     After the staining incident, Ms. Zoeller was unable to use the Washable Colored Bubbles any further, for fear of future staining and property damage.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 24

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**B.     Defendants' Washable Colored Bubbles**

104.    In late 2010, Defendants began to manufacture, market, and sell Washable Colored Bubbles.[31]  The product is offered in five colors: Sunset Orange, Purple Pizzazz, Wild Blue Yonder, Screamin' Green, and Pink Flamingo.[32]

105.    Defendants have sold the bubble products and accessories at retail stores and through online vendors, including at Crayola's online store, Crayolastore.com.  Prices for the bubble products and accessories have fluctuated throughout the relevant time period, ranging from $2.79 to $29.95,[33]  Since filing the original complaint in this action, Walmart.com and Crayolastore.com have apparently ceased selling Washable Colored Bubbles.

106.    To appeal to parents and other consumers, Defendants' advertisements make clean-up seem simple.  A video advertisement posted on Crayola's website and on YouTube states:

> Crayola presents a symphony of bubbles in bright, beautiful colors – vibrant colors only Crayola can create.  They're new.  They're washable.  They'll leave you wanting an encore.  Unleash imagination with Washable Colored Bubbles from Crayola.  Give everything imaginable.[34]

107.    The product packaging includes the prominent, large, easy-to-read words "Washable" and "Colored Bubbles" in a similar size and style of font on each bottle and cardboard packaging.

---

[31] Def.'s Answer to Class Action Complaint, Oct. 7, 2011, ECF No. #20.

[32] Washable Colored Bubbles Products, CRAYOLA.COM, http://www.crayola.com/products/list.cfm?categories=bubbles (last visited Aug. 3, 2011).

[33] *Where to Buy Crayola Products*, CRAYOLA.COM, http://www.crayola.com/products/where_to_buy/index.cfm (click on tab for "Retail Stores", follow links to Crayola Store.com and retailers such as Amazon and Toys R Us); (prices retrieved Oct. 25, 2011).

[34] Crayola LLC, *Crayola Washable Colored Bubbles,* YouTube (Mar. 28, 2011), http://www.youtube.com/watch?v=0FJHiZPmdAw.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 25

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

108.    Although children have played with bubbles for centuries without the need for directions, Washable Colored Bubbles come with extensive "Washing and Care Information" included in the packaging.  The format of the text on the product packaging makes a consumer unlikely to read it.  Importantly, even assuming that a consumer did read all of the small print included in Defendants' packaging for the Washable Colored Bubbles, the fine print itself is deceptive and/or misleading.

109.    The discrepancy between the size of the text on the front and back of the packages is shown by the pictures below:

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

110.    While it is easy to read the "Washable" label, the fine print is very difficult to read.  The picture below reproduces the fine print at 100% of its original size.



111.    Below, the text is reproduced for the Court's convenience.  Buried amongst other information and in extremely small font, the "Washing and Care Information" reads:

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

FOR BEST RESULTS: Keep bottles tightly capped after use. Dip wand into bubble solution and blow bubbles. Do not mix colors or add water to the bubble solution. Before use, test on an inconspicuous area and let dry. Wash off to make sure bubble solution does not stain. WASHING AND CARE INFORMATION: Washes from skin with soap and water. Normal laundering removes stains from most children's clothing. Wash immediately in hot water. Do not use prewash, as they may set stains. Repeat laundering may be required. Rinse colored bubbles away from asphalt and concrete sidewalks and driveway using the water pressure from a garden hose. STAIN ADVISEMENT: Crayola Washable Colored Bubbles are designed for outdoor use. Do not leave bubble solution on surfaces longer than 1 week. Do not use on surfaces less than 6 months old. Colored Bubbles are not intended for indoor use, as they may stain household surfaces. Keep away from brick, vinyl, finished and unfinished wood, wallpaper, painted walls, carpeting, draperies, and other materials that cannot be laundered.



112.    This fine print information is easily covered, and even if someone managed to read it, the label remains misleading because the name of the product is "Washable Colored Bubbles."  In the picture above, shipping and handling information and proof of purchase cover or obscure the fine print information on products bought from Amazon.com.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 28

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

113. Even assuming a consumer could read this fine print, Plaintiffs' experiences show that the text itself is deceptive and/or misleading. The label clearly states that the Washable Colored Bubbles solution "[w]ashes from skin with soap and water," and that "[n]ormal laundering removes stains from most children's clothing." The label further instructs consumers to "[r]inse colored bubbles away from asphalt and concrete sidewalks and driveway using the water pressure from a garden hose."

114. In apparently attempting to make the bottles of bubble solution included in the Washable Colored Bubbles Wand Set, Three-pack, and Play Pack, as well as the individual bottles of Washable Colored Bubbles "spill resistant," the bottle is manufactured with a plastic cover over the opening, which is cut into quadrants. The point of this design seems to be that the wand can fit in and out, but would supposedly minimize a mess if the bottle is dropped. In reality, the design actually creates a mess with every use, because when users pull out the wand, the colored solution flicks up and out. This splatters the staining bubble solution all over the users and areas of use every time the wand is pulled out of the bottle.



LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## C.     Defendants' Stain Removal Suggestions

115.    The Washable Colored Bubbles stain everything they touch — sometimes the stains can be removed with considerable expense, time, and effort, and sometimes not.

116.    To whitewash the problems with its unwashable bubbles and placate irate consumers, Defendants direct their customers to a section of their 564-page *Stain Removal Suggestions* manual on Washable Colored Bubbles ("Stain Manual," *See* Exhibit B), or an interactive menu on its website that pulls selections from the Stain Manual, detailing different procedures to remove stains caused by Defendants' products from various household surfaces.[35] Fully 19 pages of the Stain Manual are dedicated to removing stains caused by Washable Colored Bubbles[36] listing random surfaces and naming 25 different types of cleaning products from 15 different parent companies.  The products are not obvious cleaning choices, from oil removers to oxidizers.  For some cleaners, Defendants have suggested retailers, such as "Krud Kutter (preferred product — available at Home Depot, Lowe's, Ace Hardware and Amazon.com),"[37] or "SCI Oily Stain Remover (available at Home Depot, Lowe's Ace Hardware [sic])."[38]  The Washable Colored Bubbles are creating a market for cleaning products, many of which cost more than the bubbles.

---

[35] *Stain Removal Tips*, CRAYOLA.COM, http://www.crayola.com/canwehelp/staintips/index.cfm (last visited Oct. 27, 2011); Crayola LLC, *Stain Removal Suggestions* 346-364, *available at* http://www.crayola.com/canwehelp/staintips/pdf/full.pdf (downloaded Aug. 3, 2011); *Can We Help: Do you have washability tips for Crayola Outdoor Washable Colored Bubbles?* CRAYOLA.COM (Feb. 28, 2011, 3:33 PM), http://www.crayola.com/canwehelp/contact/faq_view.cfm?id=486 (updated Apr. 13, 2011).
[36] *Stain Removal Suggestions*, *supra* note 35, at 346-364.
[37] *Id*. at 349.
[38] *Id*. at 351.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

117.    The Defendants suggest using a panoply of commercial cleaners containing various solvents and industrial-strength chemicals to "wash" the color from clothing and other surfaces.[39]

| Product Recommended | Frequency of Listing in Stain Removal Suggestions for Washable Color Bubble Stains | Amazon.com Price |
|---|---|---|
| Mr. Clean Magic Eraser | 27 | $5.33+ |
| Krud Kutter | 23 | $11.64+ |
| Tilex Mold Mildew | 8 | $4.99+ |
| Formula 409 | 7 | $2.79+ |
| Windex | 7 | $2.49+ |
| OxiClean Powder | 5 | $8.99+ |
| Resolve Carpet Cleaner | 5 | $5.49+ |
| Spot Shot | 5 | $4.77+ |
| OxiClean cleanser | 4 | $4.25+ |
| Liquid dish soap (no brand) | 3 | $1.94+ |
| SCI Oily Stain Remover | 3 | $45.99 |
| Soft Scrub | 3 | $3.49+ |
| Bartenders Friend | 2 | $3.95+ |
| Bon Ami | 2 | $1.23+ |
| Dawn dish liquid | 2 | $3.58+ |
| Head & Shoulders Classic Clean Shampoo Conditioner in One | 2 | $12.57+ |
| Joy dish liquid | 2 | $1.94+ |
| Kaboom | 2 | $8.82+ |
| Power Wash detergent which contains bleach | 2 | $9.14+ |
| Suave Clarifying Shampoo | 2 | $2.90+ |
| Clorox Bleach Pen | 1 | $4.29+ |
| Comet | 1 | $3.88+ |
| Corte Cleaner | 1 | $24.56+ |
| Ivory bar soap | 1 | $1.49+ |
| Leather Cleaner | 1 | $7.00+ |
| Pour 'N Restore | 1 | $13.99+ |
| Tide detergent | 1 | $20.09+ |

118.    Contributing to the confusion and out-of-pocket expense for consumers trying to clean stains caused by the Washable Colored Bubbles, Defendants suggest *numerous* products

---

[39] *Stain Removal Suggestions*, *supra* note 35,  at 346-364 (Table summarized from the Sept. 23, 2011 version; Price examples from searching Amazon.com.)

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 31

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and/or procedures for many surface-types.  For example, for stains on "durable cloth car interiors" Defendants recommend these materials:  "Paper towels, OxiClean® Powder, Vacuum, Spot Shot Instant Carpet Stain Remover (preferred method), Resolve™ Carpet Cleaner."[40]  The directions say: "Use Spot Shot Instant Carpet Stain Remover according to the directions on the container.  Alternative suggestions: Wipe excess bubbles off the stained surface with paper towels.  Apply Resolve Carpet cleaner per the manufacturer's direction.  Repeat as needed.  If any stain remains, make a paste of OxiClean Powder and water, apply the paste to the stain and allow it to rest for 5 minutes, wipe off with paper towels.  Vacuum the area when dry."[41] Defendants' recommendations for cleaning accumulate as the wind takes bubbles to the various surfaces in a customer's yard.

119.    Defendants' numerous or alternative recommendations pose health risks to users. Several of these cleaning products recommend by Defendants specify on their labels that they should not be mixed with other cleaning products.  Yet Defendant's Stain Manual recommends several products for a specific type of surface.  As the Plaintiffs' facts illustrate, in attempting to clean the stains, customers often resort to one cleaning product after another, layering products, when stains persist.

120.    The cleaning agents themselves pose numerous dangers to consumers and their children.  Notably, Tilex, intended to remove mildew in the bathroom, is recommended to clean the bubble solution from human hair (see Exhibit C).[42]  This is a far cry from the manufacturer's intended use for Tilex, and would not be a substance that a reasonable consumer would want to

---

[40] *Id*. at 349-350.
[41] *Id*. at 350.
[42] *Id*. at 352.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    put on an adult's hair, much less a child's.[43]  The product packaging reads: "HAZARDS TO

2    HUMANS AND DOMESTIC ANIMALS.  WARNING: Causes substantial but temporary eye

3    injury and can irritate skin.  For sensitive skin or prolonged use, wear gloves.  Do not get in eyes

4    or on clothing."[44]   The product warning goes on to recommend first-aid procedures in case of

5    accidental poisoning of humans or domestic animals.[45]

6

7        121.    These cleaning agents also pose the threat of damaging the original conditions of

8    sensitive surfaces.  Abrasives, chemicals including bleach, and scrub brushes are common in the

9    recommended products.  Plaintiffs have noted that after numerous cycles of the recommended

10   cleaning, the surfaces have suffered integral damage.

11       122.    In fact, while Defendants instruct users on their Washable Colored Bubbles

12   packaging that the product is "designed for outdoor use," the Stain Manual  includes specific

13   suggestions for removing Washable Colored Bubbles stains from asphalt (blacktop), cement,

14   composite deck, concrete, finished wood, granite, limestone, marble, metal, outdoor nylon

15   fabrics, painted wood siding, painted wallboard, painted wall, plastic, porous surfaces, sandstone,

16   silestone, stone, terra cotta (unglazed), terra cotta tiles and pots, tile and terra cotta (glazed),

17   unfinished wood, "unwashable materials," vinyl fencing, and vinyl siding, in addition to hair,

18   skin, fabrics, and domestic pets—all of which are commonly found outdoors. Notably, flagstone

19   has been taken out of the most recent iteration of the manual, leaving homeowners with stained

20   flagstone little recourse.[46]

21

22

23

24

---

25   [43] Tilex product packaging, as purchased from Home Depot on Oct. 24, 2011 in Seattle, WA.
     [44] *Id.*
26   [45] *Id.*
     [46] *Id.* at 337-55.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 33

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

123.   The term "washable" used in the name "Washable Colored Bubbles" and Defendants' advertising for the bubbles does not disclose to consumers that they face long periods employing expensive specialty cleaning products in an attempt to remove stains from common household surfaces – efforts that often prove futile.  A reasonable customer would believe that "washable" means the product will wash off with general use cleaners, if not water alone.  "Washable" does not imply requiring research and consulting a manual many times as long as the consumer manual for prescription drugs or computers.

124.   When consumers must read a manual to remove Washable Colored Bubbles stains from their property with specialty cleaning products, they have not acquired a reasonably "washable" product ("soluble in water").  Defendants' extensive Stain Manual contradicts Defendants' express representations about washability; for example, "Washability you can trust! Crayola Washable Products clean up completely, easily and fast."[47]

125.   While Defendants' Stain Manual does say that products other than the ones they recommend *may* work, the products listed in the manual are the products that they found worked the best in their laboratory — leading to the inference that some products did not work as well, and demonstrating that Defendants knew their products were not readily washable, despite the prominent "washable" label.[48]  Defendants have revised the Stain Manual at least three times since April 2011.[49]

126.   While Defendants knew that some cleaning products were inadequate to remove their dyes, and that the product's "washability" fluctuates according to the material that it

---

[47] *Search Results for Washability*, CRAYOLA.COM,
http://www.crayola.com/search/results.cfm?keywords=washability (last visited Apr. 7, 2011).
[48] *Id.* at 1.
[49] *Stain Removal Suggestions*, CRAYOLA.COM, 04/13/2011, 09/23/11, and 10/26/11 versions downloaded from http://www.crayola.com/canwehelp/staintips/index.cfm

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 34

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

encounters, this information was not disclosed on the product packaging or advertisements.

Despite Defendants' knowledge that their Washable Colored Bubbles are not in fact washable,

Defendants have refused to take responsibility for damage caused by the Washable Colored

Bubbles, saying:

> The suggestions for removing stains have been compiled as a service to our consumers. We are unable to guarantee or be responsible for the results obtained by these procedures. You may also wish to consult your local cleaner for further recommendations.[50]

**D.     Public Backlash About Defendants' Perceived Backpedaling on the Washable Colored Bubbles' "Washability"**

127.     The Wall Street Journal reported how difficult it is to remove Washable Colored

Bubbles from skin, and that the Washable Colored Bubbles do not fully wash off of outdoor

surfaces: "[a]ccording to angry posts on product-review sites such as Amazon.com and Twitter,

it is best to keep the floating bubbles away from walls, carpets, driveways, decks, grout — and

just about everything else."[51]  One Colorado mom was highly critical of the lengthy instructions

on the product label and the qualifiers that separate the colored bubbles from their clear bubble

counterparts (*see* Exhibit D).  "There are too many restrictions — you can only play with these in

the grass on a sunny day where it might rain later and wash it away and only while wearing the

oldest clothes.  Six-year-olds don't play like that."[52]

128.     Blogs, which focus on topics like parenting and online-marketing, echoed these

frustrations:

> Crayola says the product will wash off when used properly. Just what does the company mean by "used properly?" Tiny type on the bottle does say "Before use, test on an inconspicuous area and let dry. Wash off to make sure bubble solution does not stain." The warning continues: "Do not use at weddings or indoors." But

---

[50] *Stain Removal Tips*, *supra* note 35, at p. iv.

[51] Ann Zimmerman, *Crayola's Colorful Soapy Bubbles Leave Indelible Memories*, Wall St. J., Apr. 1, 2011, at A1..

[52] *Id*.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

wait! There's more: "Keep away from brick, vinyl, finished and unfinished wood, wallpaper, painted walls, carpeting, draperies, and other materials that cannot be laundered." Okay, so kids can only play with the bubbles in old clothes in a field in the middle of nowhere? Come on Crayola! Get it together! I hate to burst your bubble, but it sounds like the colored bubbles need a few more test runs at the factory.[53]

*Ok, the only place these are safe to play without staining is over an open body of water and if your [sic] suspended above it. Safest bet – use these in the ocean*…[54]

129.     Consumers have reported their frustrations with Washable Colored Bubbles to the Federal Trade Commission (FTC) to complain about false advertising.  One complaint obtained through a Freedom of Information Act (FOIA) request reports:

I believe that **Crayola** used deceptive advertising and product labeling on its **Colored Bubbles** Wand Set because the package prominently states "**Washable Colored Bubbles**" and the only readily visible warning on the package are "Do not use at weddings or indoors" and "Do not leave bubble solution on surface longer than 1 week.  Do not use on surfaces less than 6 months old."[55]

This Virginia customer goes on to explain that stains persisted after a professional cleaning of their porch.  Another Virginia customer filing a false advertising complaint told the FTC: "They stain wood, clothes and dogs. You can go on their [F]acebook site and see all of the people complaining.  This should not be permitted to continue."[56]

130.     Colored bubbles do not have to stain.  In fact, there is a colored bubble product on the market called Zubbles, which gets high marks from consumers for its brilliant colors *and*

---

[53] Monica Bielanko, *Crayola Colored Bubbles Create Permanent Memories and Angry Parents*, STROLLERDERBY (Apr. 3, 2011, 11:44 AM), http://blogs.babble.com/strollerderby/2011/04/03/crayola-colored-bubbles-create-permanent-memories-and-angry-parents/.

[54] Gabbert, *supra* note 7 (reposting negative product review from Amazon.com) (emphasis added).

[55] *Letter* from Joan E. Fina, Assistant Gen. Counsel, FTC, at 5 (Sept. 15, 2011) (FOIA request).

[56] *Id*. at 2.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

washability.  Notably, the single one-star review of Zubbles on Amazon.com is actually a mistake.  It is directed at Washable Colored Bubbles.[57]

**E.    Defendants' Misleading Actions Show a Disregard for Consumers' Property Investment**

131.    Defendants have held the Crayola brand out to children and parents since 1902 as trustworthy.[58] Likewise, Defendants have held the Hallmark brand out to families since 1910[59] as a caring, quality brand.[60] Defendants should make all their representations about the Washable Colored Bubbles truthful and comprehensible.

132.    The claims made by Defendants instruct consumers to use their products in a certain way.  This information is displayed on the product packaging as "instructions" instead of as a "warning" or "disclaimer."  Further, the lack of visual indication that the small print is necessary for proper use is careless, considering that an average consumer may not be aware that a bubble has an improper use.  In the months that the Washable Colored Bubbles have been on the market, those instructions have changed several times, as have the qualifying terms which purportedly make their product "washable."  Importantly, even assuming that a consumer did read all of the small print included in Defendant's packaging for the Washable Colored Bubbles, the fine print itself is deceptive and/or misleading.  By not disclosing the damage that Defendants' product is capable of inflicting on the property of consumers, the Defendants have shown a disregard for their customers' personal property investment.  In any event, the name of

---

[57] *Colored Bubbles Customer Reviews*, AMAZON.COM, http://www.amazon.com/JAMM-Companies-LLC-Colored-Bubbles/product-reviews/B002XON5U8/ (last visited Oct. 26, 2011).

[58] *Our History*, CRAYOLA.COM, http://www.crayola.com/about/our-history/index.cfm (last visited Aug. 3, 2011).

[59] *Company History*, CORPORATE.HALLMARK.COM, http://corporate.hallmark.com/History/Company-History (last visited Aug. 4, 2011).

[60] *Brand Legacy*, CORPORATE.HALLMARK.COM, http://corporate.hallmark.com/History/Brand-Legacy (last visited Aug. 4, 2011).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   the product itself, "Washable Colored Bubbles," is wholly inconsistent with the fine print on the

2   label.

3                           VI.   CLASS ACTION ALLEGATIONS

4        133.   The Washington Class that Plaintiffs Herfert and Wiley seek to represent is

5   defined as follows:

6

7        All persons in Washington who purchased or acquired (including by gift)
         Washable Colored Bubbles,[61] and who discarded or ceased using the Washable
8        Colored Bubbles after the product stained their body, child, person, or property.

9        134.   The California Class that Plaintiff Becky Kuhl seeks to represent is defined as

10  follows:

11       All persons in California who purchased or acquired (including by gift) Washable
12       Colored Bubbles, and who discarded or ceased using the Washable Colored
         Bubbles after the product stained their body, child, person, or property.

13       135.   The Georgia Class that Plaintiff Deniz Zoeller seeks to represent is defined as

14  follows:
15
         All persons in Georgia who purchased or acquired (including by gift) Washable
16       Colored Bubbles, and who discarded or ceased using the Washable Colored
         Bubbles after the product stained their body, child, person, or property.
17
18       136.   The Louisiana Class that Plaintiff Alanna Wasko seeks to represent is defined as

19  follows:
20
         All persons in Louisiana who purchased or acquired (including by gift) Washable
21       Colored Bubbles, and who discarded or ceased using the Washable Colored
         Bubbles after the product stained their body, child, person, or property.
22
23       137.   The New York Class that Plaintiff Gordner seeks to represent is defined as

24  follows:

25

26

[61] *See* "Washable Colored Bubbles" definition, *supra* p. 2.  This meaning applies to all class definitions herein.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 38

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

All persons in New York who purchased or acquired (including by gift) Washable Colored Bubbles, and who discarded or ceased using the Washable Colored Bubbles after the product stained their body, child, person, or property.

138.    The Texas Class that Plaintiff de Peuter seeks to represent is defined as follows:

All persons in Texas who purchased or acquired (including by gift) Washable Colored Bubbles, and who discarded or ceased using the Washable Colored Bubbles after the product stained their body, child, person, or property.

139.    Excluded from the proposed Class are: (i) Crayola LLC, any entity in which Crayola LLC has a controlling interest, and Crayola LLC's officers, directors, legal representatives, predecessors, successors, and assigns; (ii) Hallmark Cards, Inc., any entity in which Hallmark Cards, Inc. has a controlling interest, and Hallmark Cards, Inc.'s officers, directors, legal representatives, predecessors, successors, and assigns; (iii) the judicial officers to whom this case is assigned; and (iv) any member of the immediate families of excluded persons.

140.    Plaintiffs reserve the right to modify or amend the Class definitions at or before the time Plaintiffs brief the issue of class certification.

141.    **Numerosity/Impracticability of Joinder.**  On information and belief, the proposed Classes consist of hundreds if not thousands of persons throughout the states of Washington, California, Georgia, Louisiana, New York, and Texas making individual joinder of all proposed members of the Classes impractical.

142.    **Commonality and Predominance.**  All members of the proposed Classes share a united interest in the fair, just, and consistent determination of the questions of law and fact necessary to the adjudication of Defendants' liability, which predominate over questions affecting only individual members.  All members of the proposed Classes share a common interest in the determination of all factual and legal issues pertinent to Defendants' liability.  All

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   members of the proposed Classes also share a common interest in the disgorgement and

2   restitution of revenue unjustly obtained by Defendants.

3       143.    Plaintiffs' causes of action are set forth more fully below.  In summary, Plaintiffs

4   seek to represent statewide classes for common law and statutory claims for unlawful, unfair, or

5   fraudulent business practices, breaches of warranty, and/or unjust enrichment.

6       144.    The common liability questions include:

7           A.      whether and when Defendants knew or should have known that the

8   Washable Colored Bubbles had the capacity to stain and were not washable;

9           B.      whether and when Defendants knew or should have known that the

10  Washable Colored Bubbles had defects that caused them to stain common household surfaces

11  such as wood, brick, and vinyl;

12          C.      whether Defendants withheld from disclosure the true nature of the

13  Washable Colored Bubbles in the sale and promotion of the Washable Colored Bubbles;

14          D.      whether Defendants omitted and concealed material facts from their

15  communications and disclosures to Plaintiffs and the Classes regarding the true attributes of the

16  Washable Colored Bubbles;

17          E.      whether Defendants' other representations about the Washable Colored

18  Bubbles, such as the representation that the Washable Colored Bubbles are "Nontoxic," are true;

19          F.      whether Defendants' conduct violates state consumer protection statutes

20  and state fraud and deceptive practice acts;

21          G.      whether Defendants were unjustly enriched at the expense of Plaintiffs and

22  the proposed Class Members;

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 40

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

H.      whether Defendants' conduct implicates matters of public interest or public health;

I.      whether Defendants studied and quality-tested the Washable Colored Bubbles to determine whether and to what extent the Washable Colored Bubbles stained during normal use; and

J.      whether statewide classes, and/or other subclasses, are superior, within the requirements of Rule 23(b)(3), to other means of adjudicating Plaintiffs' claims.

145.    The proposed Classes are also united on fundamental questions regarding their members' entitlement to damages and equitable relief, including:

A.      whether members of the proposed Classes are entitled to damages and/or equitable relief based on their payments, in whatever form, for the Washable Colored Bubbles and the related harm and costs incurred as a result of purchase and/or use;

B.      if members of the proposed Classes are so entitled, what is the appropriate scope, extent and measure of damages and equitable relief that should be awarded;

C.      whether the degree of reprehensibility of Defendants' conduct warrants the imposition of punitive damages under applicable, controlling authority; and

D.      whether members of the proposed Classes are entitled to attorneys' fees, pre- and post-judgment interest, and costs of suit.

146.    **Typicality.**  Plaintiffs' claims and defenses are typical of the claims and defenses of the proposed Classes because Defendants uniformly misrepresented the Washable Colored Bubbles as "washable" when in fact they left stains, and/or omitted information from the products about the difficulty of removing the bubble stains from common household surfaces including but not limited to brick, wood, and vinyl.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

147.   **Adequacy.**  Plaintiffs and their counsel will fairly and adequately assert and protect the interests of all members of the proposed Classes.  Plaintiffs are committed to the vigorous prosecution of this action and have retained counsel that is competent and experienced in complex class action litigation, including consumer litigation.  Plaintiffs have no interests adverse to those of any absent members of the Classes with respect to the key common issues of Defendants' misconduct.

148.   Class certification is proper under Fed. R. Civ. P. 23(b)(1)(A) because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes and establish incompatible standards of conduct for Defendants.

149.   Class certification is proper under Fed. R. Civ. P. 23(b)(1)(B) because the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to these adjudications and/or substantially impair their ability to protect these interests.

150.   Class certification is proper under Fed. R. Civ. P. 23(b)(3) because common issues of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

151.   Class adjudication is superior to individual litigation, which would foreclose the ability of most members of the proposed Classes to litigate their claims, impose an undue burden on the courts, and result in inconsistent determinations of common issues.  The Court may employ issue certification under Rule 23(c)(4)(B) to address any variation of law, fact, or interest

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 42

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

from the standpoint of fairness, efficiency, and economy, in order to avoid denial of class treatment which would require reversion to repetitive and piecemeal individual litigation.

152.    The need for Class-wide notice presents no barrier to certification because notice can be effectively disseminated to the proposed Classes by techniques commonly used in consumer class actions.  Notice may be provided to proposed Class Members under the requirements of Fed. R. Civ. P. 23(c)(2) by such combination of print publication, broadcast publication, internet publication, and/or first class mail that this Court determines best comports with modern Fed. R. Civ. P. 23(c)(2) class notice form, content, and dissemination techniques, as used in other consumer cases and as recommended by the *Manual for Complex Litigation*, 4th and the Federal Judicial Center.

## VII.   CAUSES OF ACTION

### COUNT 1
**Violation of the Washington Consumer Protection Act ("CPA")**
**(RCW §§ 19.86 *et seq.*)**
**ASSERTED ON BEHALF OF THE WASHINGTON CLASS**

153.    Plaintiffs Alyson Herfert and Talana Wiley ("Washington Plaintiffs") assert this cause of action on behalf of themselves and the Washington Class.

154.    The Washington Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

155.    This claim arises under the Washington Consumer Protection Act, RCW §§19.86, *et seq.* ("CPA")

156.    At all relevant times, Defendants engaged in "trade" and/or "commerce" within the meaning of RCW § 19.86.010.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

157.    The CPA broadly prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.  RCW § 19.86.0120.

158.    Defendants made uniform representations that the Washable Colored Bubbles were of a particular standard, quality, or grade when they were not, and that they would perform as represented when they did not, and, as set forth above, made false and/or misleading statements regarding the capacity and characteristics of the Washable Colored Bubbles that, as set forth above, were unfair or deceptive, had and continue to have the capacity to deceive the public, caused injury to the property of the Washington Plaintiffs and the other members of the Washington class, and were made in violation of the CPA.

159.    In their communications and disclosures to the Washington Plaintiffs and the other members of the Washington class, Defendants intentionally concealed and/or failed to disclose that the Washable Colored Bubbles have a design and/or manufacturing defect and that the design defect had the capacity to and, in many cases, did leave long-lasting stains on household goods and common outdoor household surfaces such as brick, vinyl, wood and flagstone, for the purpose of inducing the Washington Plaintiffs and the other members of the Washington Class to purchase the Washable Colored Bubbles.  These omissions were unfair or deceptive, had and continue to have the capacity to deceive the public, caused injury to the property of the Washington Plaintiffs and the other members of the Washington Class, and were made in violation of the CPA.

160.    Defendants had exclusive knowledge that the Washable Colored Bubbles had the defect or defects set forth above, facts not known to the Washington Plaintiffs and the other members of the Washington class.  Defendants' exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which they failed to perform.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

161.    The representations made by Defendants and the facts concealed and/or not disclosed by Defendants to the Washington Plaintiffs and the other members of the Washington Class are material facts that were likely to deceive reasonable consumers, and that a reasonable consumer would have relied on in deciding whether or not to purchase the Washable Colored Bubbles.

162.    The representations made by Defendants and the facts concealed and/or not disclosed by Defendants detrimentally affect the public interest.  There is an inherent public interest in the truthful marketing and sales of products that do not damage persons, personal property and/or public property.  The Washable Colored Bubbles damage users' person, personal property, and/or public property, thereby negatively impacting the public interest.

163.    The Washington Plaintiffs and the other members of the Washington Class justifiably acted or relied to their detriment on Defendants' affirmative representations and the concealed and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Washable Colored Bubbles.

164.    Had Defendants disclosed all material information regarding the Washable Colored Bubbles to the Washington Plaintiffs and all of the Washington Class members, they would not have purchased the Washable Colored Bubbles.

165.    Defendants knew, or were reckless in not knowing, that their statements about the Washable Colored Bubbles were false and/or misleading.

166.    By the conduct described herein, Defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of business, trade or commerce.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

167.    As a direct and proximate result of Defendants' violations of the foregoing law, the Washington Plaintiffs and the other members of the Washington Class have been injured.

168.    The Washington Plaintiffs and the other members of the Washington Class have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the CPA.

169.    The Washington Plaintiffs will provide or already has provided any required notice to appropriate entities regarding Defendants' unfair and deceptive trade practices.

**COUNT 2**
**Breach of Warranty of Merchantability**
**(RCW § 62A.2-314; Ga. Code § 11-2-314; N.Y. U.C.C. § 2-314,Tex. Bus. & Com. Code § 2.314;)**
**ASSERTED ON BEHALF OF THE WASHINGTON, GEORGIA, NEW YORK, AND TEXAS CLASSES**

170.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

171.    Plaintiffs and other Class members who purchased the Washable Colored Bubbles in Washington, Georgia, New York, and Texas are "buyers" within the meaning of RCW § 62A.2-103, Ga. Code. § 11-2-103, N.Y. U.C.C. § 2-103 and Tex. Bus. & Com. Code § 2.103.

172.    The Washable Colored Bubbles are "goods" within the meaning of RCW § 62A.2-105, Ga. Code 11-2-105, N.Y. U.C.C. § 2-105, Tex. Bus. & Com. Code § 2.105.

173.    Through sales directly to consumers on Crayolastore.com, among other venues, the Defendants are "sellers" of the Washable Colored Bubbles within the meaning of RCW § 62A.2-103 Ga. Code 11-2-103, and N.Y. U.C.C. § 2-103, and "merchants" of the Washable Colored Bubbles within the meaning of RCW § 62A.2-104 and Tex. Bus. & Com. Code § 2.104.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

174.    Defendants impliedly warranted to Plaintiffs and the Classes that the Washable Colored Bubbles were "merchantable" within the meaning of RCW § 62A.2-314, Ga. Code 11-2-314, N.Y. U.C.C. § 2-314, and Tex. Bus. & Com. Code § 2.314.

175.    The Defendants impliedly warranted to Plaintiffs and members of the Classes who purchased the Washable Colored Bubbles in Washington, Georgia, New York and Texas, that they were fit for the ordinary purpose of being fun bubbles to blow and play with that children enjoy watching float and burst in the air.

176.    Defendants have breached the implied warranty of merchantability to Plaintiffs and the Classes because the Washable Colored Bubbles: (i) would not pass without objection in the trade; (ii) were not fit for their ordinary purposes for which such goods are used; (iii) were not adequately contained, packaged and labeled; and (iv) did not conform to the promises or affirmations of fact made on the container or label.

177.    As a proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and other members of the Classes sustained damages including, but not limited to, the purchase price of the Washable Colored Bubbles and injury to personal property investments from Washable Colored Bubbles stains.

178.    Plaintiffs and other members of the Classes are entitled to all of the damages, remedies, fees, and costs available for Defendants' breach of implied warranties of merchantability.

//

//

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 47

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COUNT 3**
**Breach of Warranty of Fitness**
**(RCW § 62A.2-315; Ga. Code § 11-2-315, N.Y. U.C.C. § 2-315,**
**Tex. Bus. & Com. Code § 2.315)**
**ASSERTED ON BEHALF OF THE WASHINGTON, GEORGIA, NEW YORK, AND**
**TEXAS CLASSES**

179.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

180.     The Defendants impliedly warranted to Plaintiffs and members of the Classes who purchased the Washable Colored Bubbles in Washington, Georgia, New York, and Texas that they were fit for their ordinary purpose as defined above.

181.     The Defendants impliedly warranted to Plaintiffs and members of the Classes who purchased the Washable Colored Bubbles in Washington, Georgia, New York, and Texas that they were fit for the particular purpose of being colored and washable.

182.     The Defendants knew or had reason to know that the Washable Colored Bubbles were being purchased by Plaintiffs and the Classes for use as colorful but "washable" playthings for children, and that the buyers of the Washable Colored Bubbles were relying on the Defendants' skill and judgment to furnish goods suitable for that purpose.

183.     The Defendants have breached the implied warranty of fitness.

184.     As a proximate result of Defendants' breach of the implied warranty of fitness, Plaintiffs and other members of the Classes sustained damages including, but not limited to, the purchase price of the Washable Colored Bubbles and injury to personal property investments from Washable Colored Bubbles stains.

185.     Plaintiffs and other members of the Classes are entitled to all of the damages, remedies, fees, and costs available for Defendants' breach of implied warranties of fitness.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COUNT 4**
**Breach of Express Warranty**
**(RCW § 62A.2-313, Cal. Com. Code § 2313, Ga. Code § 11-2-313, N.Y. U.C.C. § 2-313, Tex. Bus. & Com. Code § 2.313)**
**ASSERTED ON BEHALF OF THE WASHINGTON, CALIFORNIA, GEORGIA, NEW YORK AND TEXAS CLASSES**

186.   Plaintiffs repeat and allege each and every allegation contained above as if fully set forth herein.

187.   RCW § 62A.2-313(1)(a), Cal. Com. Code § 2313(1)(a), Ga. Code 11-2-313(1)(a), N.Y. U.C.C. § 2-313(1)(a), and Tex. Bus. & Com. Code §2.313(a)(1) provide that an affirmation of fact or promise made by a seller to a buyer which relates to goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

188.   RCW § 62A.2-313(1)(b), Cal. Com. Code § 2313(1)(b), Ga. Code 11-2-313(1)(b), N.Y. U.C.C. § 2-313(1)(b), and Tex. Bus. & Com. Code §2.313(a)(2) provide that any description of goods that is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

189.   As detailed above, Defendants manufactured, marketed and sold the Washable Colored Bubbles and specifically represented on the packaging that they were washable, spill-resistant, and fit for use by children.

190.   The Washable Colored Bubbles did not conform to these express representations because they were defective and unwashable.

191.   At the time that Defendants designed, manufactured, sold and/or distributed the Washable Colored Bubbles, Defendants knew the purpose for which the product was intended and expressly warranted that the Washable Colored Bubbles were washable.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

192.    Plaintiffs and other members of the Classes relied upon the skill, superior knowledge and judgment of the Defendants to sell products that conformed to the representation that they were washable.

193.    Plaintiffs and other members of the Classes could not have known about the product defect until after they purchased and used the Washable Colored Bubbles and found that they were not fit for their ordinary purpose and intended use and were not free of manufacturing defects.

194.    Defendants breached their express warranties in connection with the sale of the Washable Colored Bubbles to Plaintiffs and other members of the Classes.

195.    As a direct and proximate result of Defendants' breach of express warranties, Plaintiffs and other members of the Classes have sustained injuries, including, but not limited to, the purchase price of the Washable Colored Bubbles and injury to personal property investments from Washable Colored Bubbles stains.

196.    Defendants have received actual and constructive notice of the defects in their products through consumer feedback, internet consumer complaints, and media reports.

197.    Plaintiffs and other members of the Classes are entitled to all of the damages, remedies, fees, and costs available for Defendants' breach of express warranties.

## COUNT 5
### Violation of California Consumer Legal Remedies Act
### (Cal. Civ. Code § 1750, *et seq.*)
### ASSERTED ON BEHALF OF THE CALIFORNIA CLASS

198.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 50

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

199.    Defendants are a "person" within the meaning of California Civil Code sections 1761(c) and 1770, and provides "goods" within the meaning of Civil Code sections 1761(a) and 1770.  Defendants' customers, including Plaintiff Kuhl and California Class members, are "consumers" within the meaning of Civil Code sections 1761(d) and 1770.  Each purchase of Washable Colored Bubbles by Plaintiff Kuhl and each California Class member constitutes a "transaction" within the meaning of Civil Code sections 1761(e) and 1770.

200.    The Consumer Legal Remedies Act ("CLRA") makes it unlawful for a company to:

(a)     Represent that goods have characteristics or ingredients which they do not have.  Cal. Civ. Code § 1770(a)(5); and

(b)     Represent that goods are of a particular standard, quality, or grade, if they are of another.  Cal. Civ. Code § 1770(a)(7).

Defendants violated these provisions by representing that Washable Colored Bubbles were "Washable," when in fact they create long-lasting or permanent stains and cause property damage.

201.    Plaintiff Kuhl and California Class members reasonably relied on Defendants' misrepresentations.

202.    As a direct and proximate result of Defendants' violations, Plaintiff Kuhl and California Class members sustained injury and lost money.

203.    Plaintiff Kuhl, on behalf of herself and all others similarly situated, seeks equitable relief in the form of an order requiring Defendants to refund all monies they paid for Washable Colored Bubbles, injunctive relief in the form of an order prohibiting Defendants from engaging in the misconduct described herein, attorneys' fees, and costs.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

204.    Plaintiff Kuhl will comply with California Civil Code § 1782(a) by serving a preliminary notice before seeking damages under the CLRA.  If Defendants do not comply with the demand set forth in Plaintiff Kuhl's notice, she will amend this complaint to seek damages.

**COUNT 6**
**Violation of California False Advertising Law**
**(Cal. Bus. & Prof. Code § 17500, *et seq.*)**
**ASSERTED ON BEHALF OF THE CALIFORNIA CLASS**

205.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

206.    Defendants engaged in unlawful, unfair, and/or fraudulent conduct under Cal. Bus. & Prof. Code § 17500, *et seq.*, by representing that Washable Colored Bubbles were "Washable," when in fact they create long-lasting or permanent stains and cause property damage.

207.    Defendants committed such violations of Cal. Bus. & Prof. Code § 17500, *et seq.* with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

208.    Plaintiff Kuhl and California Class members reasonably relied on Defendants' representations made in violation of Cal. Bus. & Prof. Code § 17500, *et seq.*

209.    As a direct and proximate result of Defendants' violations, Plaintiff Kuhl and California Class members sustained injury and lost money.

210.    Accordingly, Plaintiff Kuhl, on behalf of herself and the California Class, seeks equitable relief in the form of an order requiring Defendants to refund all monies they paid for Washable Colored Bubbles, and injunctive relief in the form of an order prohibiting Defendants from engaging in the alleged misconduct described herein.

//

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

**COUNT 7**
**Violation of California Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**
**ASSERTED ON BEHALF OF THE CALIFORNIA CLASS**

211.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

212.    Defendants engaged in unlawful, unfair, and/or fraudulent conduct under Cal. Bus. & Prof. Code § 17200, *et seq.*, by representing that Washable Colored Bubbles were "Washable," when in fact they create long-lasting or permanent stains and cause property damage.

213.    Defendants' conduct is unlawful in that it violated the Consumer Legal Remedies Act, Cal Civ. Code § 1750, *et seq.*, and the False Advertising Law, California Bus. & Prof. Code § 17500, *et seq.*

214.    Defendants' conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff Kuhl and California Class members.  The harm to Plaintiff Kuhl and California Class members arising from Defendants' conduct outweighs any legitimate benefit Defendants derived from the conduct.  Defendants' conduct undermines and violates the stated spirit and policies underlying the CLRA and False Advertising Law, as alleged herein.

215.    Defendants' conduct is fraudulent in that Defendants' misrepresentations and omissions were likely to mislead an ordinary, reasonable consumer.

216.    Plaintiff Kuhl and California Class members reasonably relied on Defendants' misrepresentations and omissions.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 53

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

217.    As a direct and proximate result of Defendants' violations, Plaintiff Kuhl and California Class members sustained injury and lost money.

218.    Plaintiff Kuhl, on behalf of herself and the California Class, seeks restitution of all monies they paid for Washable Colored Bubbles.  Additionally, Plaintiff Kuhl seeks equitable and injunctive relief on behalf of herself and the California Class pursuant to Cal. Bus. & Prof. Code § 17203.

**COUNT 8**
**Redhibition - Breach of Warranty Against Hidden Defects and of Fitness for Intended Use**
**(La. Civ. Code. art. 2475, 2545)**
**ASSERTED ON BEHALF OF THE LOUISIANA CLASS**

219.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

220.    Plaintiff Wasko asserts this claim on behalf of herself and all other members of the Louisiana Class.

221.    This claim arises under La. Civ. Code art. 1475, 2545.

222.    Under Louisiana law, the seller of an article warrants against hidden defects, and that the article is fit for its intended use.

223.    As the manufacturer of Washable Colored Bubbles, Defendants and sellers of the product are solidarily liable to purchasers for breach of this warranty.

224.    As the manufacturer of Washable Colored Bubbles, Defendants are deemed to know of any redhibitory defects in the product.

225.    Defendants breached the warranty against hidden defects.  Washable Colored Bubbles have a hidden defect, because they create long-lasting or permanent stains that are not "Washable," as the label states, and cause property damage.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 54

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

226.   Defendants breached the warranty of fitness for intended use. Washable Colored Bubbles are not fit for their intended use, because using the product creates long-lasting or permanent stains that are not "Washable," as the label states, and cause property damage.

227.   The defects in Washable Colored Bubbles render the product completely useless.

228.   Because Defendants breached the warranty against hidden defects, and their warranty of fitness for intended use, and are deemed to know of the defects in the product, Defendants are liable to Plaintiff Wasko and all other members of the Louisiana class for the return of the purchase price with interest from the time it was paid, along with damages and reasonable attorney's fees.

**COUNT 9**
**Louisiana Unfair Trade Practices and Consumer Protection Law**
**(La. Rev. Stat. § 51:1401,** *et seq.***)**
**ASSERTED ON BEHALF OF THE LOUISIANA CLASS**

229.   Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

230.   Plaintiff Wasko and Louisiana Class members are "consumers," as defined by La. Rev. Stat. § 51:1402(1). Each Defendant is a "person" as defined by La. Rev. Stat § 51:1402(8). Defendants' conduct alleged herein constitutes "trade" or "commerce," as defined by La. Rev. Stat. § 51:1402(9). Purchases of Washable Colored Bubbles by Plaintiff Wasko and Louisiana Class Members were "consumer transactions," as defined by La. Rev. Stat. § 51:1402(3).

231.   The label of Washable Colored Bubbles misrepresents the nature of the product, because the product creates long-lasting or permanent stains that are not "Washable," and that cause property damage.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

232.    Defendants conduct alleged herein offends public policy, is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.

233.    Defendants conduct alleged herein constitutes misrepresentation, and is likely to mislead a reasonable consumer.

234.    Defendants engaged in the conduct described herein "knowingly," as defined by La. Rev. Stat. § 51:1402(10).

235.    Plaintiff Wasko and Louisiana Class members reasonably relied on Defendants' misrepresentations.

236.    As a direct and proximate result of Defendants' conduct, Plaintiff Wasko and Louisiana Class members suffered ascertainable losses of money by paying for a product that did not conform with Defendants' representations that it was "Washable," and which could not be used for its intended purpose because it caused long lasting or permanent stains, and property damage.

237.    Plaintiff Wasko, on behalf of herself and all others similarly situated, seeks damages in the amount of three times the purchase price of all Washable Colored Bubbles purchased by Plaintiff Wasko and Louisiana Class members, equitable relief in the form of an order requiring Defendants to refund all monies Plaintiff Wasko and Louisiana Class members paid for Washable Colored Bubbles, injunctive relief in the form of an order prohibiting Defendants from engaging in the misconduct described herein, reasonable attorneys' fees, and costs.

//

//

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

**COUNT 10**
**Redhibition - Breach of Warranty Against Hidden Defects and of Fitness for Intended Use**
**(La. Civ. Code. art. 2475, 2545)**
**ASSERTED ON BEHALF OF THE LOUISIANA CLASS**

2

3

4        238.     Plaintiffs repeat and reallege each and every allegation contained above as if fully

5    set forth herein.

6        239.     Plaintiff Wasko asserts this claim on behalf of herself and all other members of

7    the Louisiana Class.

8        240.     This claim arises under La. Civ. Code art. 1475, 2545.

9

10        241.     Under Louisiana law, the seller of an article warrants against hidden defects, and

11    that the article is fit for its intended use.

12        242.     As the manufacturer of Washable Colored Bubbles, Defendants and sellers of the

13    product are solidarily liable to purchasers for breach of this warranty.

14        243.     As the manufacturer of Washable Colored Bubbles, Defendants are deemed to

15    know of any redhibitory defects in the product.

16        244.     Defendants breached the warranty against hidden defects.  Washable Colored

17

18    Bubbles have a hidden defect, because they create long-lasting or permanent stains that are not

19    "Washable," as the label states, and cause property damage.

20        245.     Defendants breached the warranty of fitness for intended use.  Washable Colored

21    Bubbles are not fit for their intended use, because using the product creates long-lasting or

22    permanent stains that are not "Washable," as the label states, and cause property damage.

23        246.     The defects in Washable Colored Bubbles render the product completely useless.

24        247.     Because Defendants breached its warranty against hidden defects, and its

25

26    warranty of fitness for intended use, and is deemed to know of the defects in the product,

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 57

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants are liable to Plaintiff Wasko and all other members of the Louisiana class for the return of the purchase price with interest from the time it was paid, along with damages and reasonable attorney's fees.

## COUNT 11
### Violation of the New York Code—Consumer Protection From Deceptive Acts and Practices
### (N.Y. Gen. Bus. Law §§ 349 *et seq.*)
### ASSERTED ON BEHALF OF THE NEW YORK CLASS

248. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

249. Plaintiff Shannon Gordner ("New York Plaintiff") asserts this cause of action on behalf of herself and all other members of the New York Class.

250. This claim arises under N.Y. Gen. Bus. Law § 349 *et seq.*

251. At all relevant times, Defendants engaged in "trade" and/or "commerce" within the meaning of N.Y. Gen. Bus. Law § 349 *et seq.*

252. N.Y. Gen. Bus. Law § 349 *et seq.* broadly prohibits false advertising and deceptive acts or practices in the conduct of trade or commerce. N.Y. Gen. Bus. Law §§ 349(a), 350, 350-a.

253. Defendants made uniform representations, including through the Crayola.com store, that the Washable Colored Bubbles were of a particular standard, quality, or grade when they were not and that they would perform as represented when they did not, and, as set forth above, made false and/or misleading statements regarding the capacity and characteristics of the Washable Colored Bubbles that, as set forth above, were unfair or deceptive, had and continue to have the capacity to deceive the public, caused injury to the property of the New York Plaintiff

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   and the other members of the New York Class, and were made in violation of N.Y. Gen. Bus.

2   Law § 349 *et seq*.

3       254.    In their communications and disclosures to the New York Plaintiff and the other

4   members of the New York Class, Defendants intentionally concealed and/or failed to disclose

5   that the Washable Colored Bubbles have a design and/or manufacturing defect and that the

6   design defect had the capacity to and, in many cases, did leave long-lasting stains on household

7   goods and common outdoor household surfaces such as brick, vinyl, wood and flagstone, for the

8   purpose of inducing the New York Plaintiff and the other members of the New York Class to

9   purchase the Washable Colored Bubbles.  These omissions were unfair or deceptive, had and

10  continue to have the capacity to deceive the public, caused injury to the property of the New

11  York Plaintiff and the other members of the New York Class, and were made in violation of

12  N.Y. Gen. Bus. Law § 349 *et seq.*

13      255.    Defendants had exclusive knowledge that the Washable Colored Bubbles had the

14  defect or defects set forth above, facts not known to the New York Plaintiff and the other

15  members of the New York Class.  Defendants' exclusive knowledge of these material facts gave

16  rise to a duty to disclose such facts, which they failed to perform.

17      256.    The representations made by Defendants and the facts concealed and/or not

18  disclosed by Defendants to the New York Plaintiff and the other members of the New York

19  Class are material facts that were likely to deceive reasonable consumers, and that a reasonable

20  consumer would have relied on in deciding whether or not to purchase the Washable Colored

21  Bubbles.

22      257.    The representations made by Defendants and the facts concealed and/or not

23  disclosed by Defendants detrimentally affect the public interest.  There is an inherent public

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

interest in the truthful marketing and sales of products that do not damage persons, personal property, and/or public property, thereby negatively impacting the public interest.  The Washable Colored Bubbles damage users' personal property and/or public property thereby negatively impacting the public interest.

258.     The New York Plaintiff and the other members of the New York Class justifiably acted or relied to their detriment on Defendants' affirmative representations and the concealed and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Washable Colored Bubbles.

259.     Had Defendants disclosed all material information regarding the Washable Colored Bubbles to the New York Plaintiff and all of the New York Class members, they would not have purchased the Washable Colored Bubbles.

260.     Defendants knew, or were reckless in not knowing, that their statements about the Washable Colored Bubbles were false and/or misleading.

261.     By the conduct described herein, Defendants engaged in false advertising and/or deceptive acts or practices in the conduct of business, trade or commerce.

262.     As a direct and proximate result of Defendants' violations of the foregoing laws, the New York Plaintiff and the other members of the New York Class have been injured.

263.     The New York Plaintiff and the other members of the New York Class have been damaged and are entitled to all of the damages, remedies, fees, and costs available under N.Y. Gen. Bus. Law § 349 *et seq.*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COUNT 12**
**Violation of the Texas Deceptive Trade Practices—Consumer Protection Act "DTPA"**
**(Tex. Bus. & Com. Code §§ 17.41 *et seq.*)**
**ASSERTED ON BEHALF OF THE TEXAS CLASS**

264.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

265.    Plaintiff Kathryn de Peuter ("Texas Plaintiff") asserts this cause of action on behalf of herself and all other members of the Texas Class.

266.    This claim arises under the Texas Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41 *et seq.*

267.    At all relevant times, Defendants engaged in "trade" and/or "commerce" within the meaning of the DTPA.  Tex. Bus. & Com. Code § 17.45(6).

268.    At all relevant times, Plaintiffs and other members of the Texas Class were "consumers" within the meaning of the DTPA. Tex. Bus. & Com. Code § 17.45(4).

269.    At all relevant times, the Washable Colored Bubbles were "goods" within the meaning of the DTPA.  Tex. Bus. & Com. Code § 17.45(1).

270.    The DTPA broadly prohibits false, misleading and deceptive business practices, unconscionable actions, and breaches of warranty.  Tex. Bus. & Com. Code §§ 17.44.

271.    Defendants made uniform representations that the Washable Colored Bubbles were of a particular standard, quality, or grade when they were not and that they would perform as represented when they did not, and, as set forth above, made false and/or misleading statements regarding the capacity and characteristics of the Washable Colored Bubbles that, as set forth above, were unfair or deceptive, had and continue to have the capacity to deceive the public, caused injury to the property of the Texas Plaintiff and the other members of the Texas Class, and were made in violation of the DTPA.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 61

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

272.     In their communications and disclosures to the Texas Plaintiff and the other members of the Texas class, Defendants intentionally concealed and/or failed to disclose that the Washable Colored Bubbles have a design and/or manufacturing defect and that the design defect had the capacity to and, in many cases, did leave long-lasting stains on household goods and common outdoor household surfaces such as brick, vinyl, wood and flagstone, for the purpose of inducing the Texas Plaintiff and the other members of the Texas Class to purchase the Washable Colored Bubbles.  These omissions were unfair or deceptive, had and continue to have the capacity to deceive the public, caused injury to the property of the Texas Plaintiff and the other members of the Texas Class, and were made in violation of the DTPA.

273.     Defendants had exclusive knowledge that the Washable Colored Bubbles had the defect or defects set forth above, facts not known to the Texas Plaintiff and the other members of the Texas Class.  Defendants' exclusive knowledge of these material facts gave rise to a duty to disclose such facts, which they failed to perform.

274.     The representations made by Defendants and the facts concealed and/or not disclosed by Defendants to the Texas Plaintiff and the other members of the Texas Class are material facts that were likely to deceive reasonable consumers, and that a reasonable consumer would have relied on in deciding whether or not to purchase the Washable Colored Bubbles.

275.     The representations made by Defendants and the facts concealed and/or not disclosed by Defendants detrimentally affect the public interest.  There is an inherent public interest in the truthful marketing and sales of products that do not damage persons, personal property and/or public property.  The Washable Colored Bubbles damage users' person and/or personal property, thereby negatively impacting the public interest.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

276.     The Texas Plaintiff and the other members of the Texas Class justifiably acted or relied to their detriment on Defendants' affirmative representations and the concealed and/or non-disclosed facts as evidenced by their purchase and/or use of the defective Washable Colored Bubbles.

277.     Had Defendants disclosed all material information regarding the Washable Colored Bubbles to the Texas Plaintiff and all of the Texas Class members, they would not have purchased the Washable Colored Bubbles.

278.     Defendants knew, or were reckless in not knowing, that their statements about the Washable Colored Bubbles were false and/or misleading.

279.     By the conduct described herein, Defendants engaged in false, misleading and deceptive business practices, and/or unconscionable actions in the conduct of business, trade or commerce.

280.     Defendants also breached the implied warranty of merchantability and the implied warranty of fitness in violation of the DTPA.  Tex. Bus. & Com. Code § 17.50(a)(2).

281.     As a direct and proximate result of Defendants' violations of the foregoing laws, the Texas Plaintiff and the other members of the Texas Class have been injured.

282.     The Texas Plaintiff and the other members of the Texas Class have been damaged and are entitled to all of the damages, remedies, fees, and costs available under the DTPA.

283.     Defendants have received actual and constructive notice of the defects in their products through consumer feedback, internet consumer complaints, and media reports.  In addition, the Texas Plaintiff have provided any required notice to appropriate entities regarding Defendants' unfair and deceptive trade practices.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COUNT 13**
**Unjust Enrichment**
**ASSERTED ON BEHALF OF THE WASHINGTON, CALIFORNIA, GEORGIA,
LOUISIANA, NEW YORK, AND TEXAS**

284.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

285.     Plaintiffs assert this common law cause of action on behalf of themselves and all other members of the Washington, California, Georgia, Louisiana, New York and Texas Classes.

286.     At all relevant times, Defendants designed, sold, distributed, marketed, and/or manufactured Washable Colored Bubbles that had the capacity to and, in many cases, did stain household goods and outdoor property in normal use, but made false and misleading representations that the Washable Colored Bubbles were washable, and/or failed to disclose that the Washable Colored Bubbles would stain common household surfaces.

287.     Plaintiffs and the members of the Washington, California, Georgia, Louisiana, New York and Texas Classes conferred upon Defendants, without knowledge of the inherent flaws in the Washable Colored Bubbles, payment for such products, benefits that were non-gratuitous.  Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiffs and the members of the Washington, California, Georgia, Louisiana, New York and Texas Classes even though Plaintiffs and the members of the Washington, California, Georgia, Louisiana, New York and Texas Classes were not receiving products of the high quality, nature, fitness or value that had been represented by Defendants and that reasonable consumers would have expected.  Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiffs and the members of the Washington, California, Georgia, Louisiana, New York and Texas Classes under these circumstances is unjust and inequitable.

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 64

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

288.     Accordingly, Plaintiffs and the members of the Washington, California, Georgia, Louisiana, New York and Texas Classes are entitled to, and hereby seek, disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits in a manner established by the Court and available under applicable law.

289.     Plaintiffs and the members of the Washington, California, Georgia, Louisiana, New York and Texas Classes are entitled to the imposition of a constructive trust upon Defendants such that their enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Plaintiffs and members of the proposed Washington, California, Georgia, Louisiana, New York and Texas Classes.

## VIII.   PRAYER FOR RELIEF

290.     WHEREFORE, Plaintiffs, for themselves and all others similarly situated, respectfully request that this Court enter a judgment against Defendants Crayola LLC and Hallmark Cards, Inc., and in favor of Plaintiffs and the Classes, and grant the following relief:

A.     Determine that this action may be maintained as a class action, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the Court certify Classes with respect to particular issues if appropriate; that the Court designate and appoint the named Plaintiffs to serve as Class Representatives, designate and appoint the undersigned counsel and Keller Rohrback L.L.P. as Class Counsel, and designate and appoint Keller Rohrback L.L.P. as Lead Class Counsel;

B.     Award declaratory and injunctive relief as permitted by law or equity to assure that the Classes have an effective remedy;

C.     Award a declaratory judgment with damages awarded as supplemental relief;

AMENDED CLASS ACTION COMPLAINT
2:11-cv-01301 JCC - Page - 65

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1       D.     Award costs of cleaning products and expenses associated with damaged

2 property caused by the Washable Colored Bubbles;

3       E.     Award reimbursement for the amounts paid for the Washable Colored

4 Bubbles;

5

6       F.     Award Plaintiffs and the Classes their costs of suit, including reasonable

7 experts' fees and attorneys' fees and expenses as provided by law;

8       G.     Award Plaintiffs and the Classes such other, further, and different relief,

9 including punitive damages where available, as the nature of the case may require or as may be

10 determined to be just, equitable, and proper by this Court.

11               **IX.   JURY TRIAL DEMANDED**

12      Plaintiffs hereby demand a trial by jury on all issues so triable.

13 //

14

15

16 //

17

18 //

19

20 //

21

22

23 //

24

25 //

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 28th day of October, 2011.

KELLER ROHRBACK L.L.P.

By /s/ Gretchen Freeman Cappio
      Lynn Lincoln Sarko, WSBA # 16569
      Gretchen Freeman Cappio, WSBA # 29576
      Harry Williams IV, WSBA # 41020
      Laura R. Gerber, WSBA # 34981
      KELLER ROHRBACK L.L.P.
      1201 Third Ave., Suite 3200
      Seattle, WA 98101
      Tel: (206) 623-1900
      Fax: (206) 623-3384
      Email:   lsarko@kellerrohrback.com
              gcappio@kellerrohrback.com
              hwilliams@kellerrohrback.com
              lgerber@kellerrohrback.com

      Sharon T. Hritz (265105)
      KELLER ROHRBACK L.L.P.
      1129 State Street, Suite 8
      Santa Barbara, CA 93101
      Tel:  (805) 456-1496
      Fax:  (805) 456-1497
      Email:    shritz@kellerrohrback.com

FINKELSTEIN THOMPSON LLP

By /s/  Mila F. Bartos
      Mila F. Bartos
      Robert O. Wilson
      Eugene J. Benick
      FINKELSTEIN THOMPSON LLP
      James Place
      1077 30th Street NW, Suite 150
      Washington, DC 20007
      Tel: (202) 337-8000
      Fax: (202) 337 8090
      Email:     mbartos@finkelsteinthompson.com
               rwilson@finkelsteinthompson.com
               ebenick@finkelsteinthompson.com

***Attorneys for Plaintiffs***

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I certify that on October 28th, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 28th day of October, 2011.

KELLER ROHRBACK L.L.P.

By /s/ Gretchen Freeman Cappio
Gretchen Freeman Cappio, WSBA # 29576
KELLER ROHRBACK L.L.P.
1201 Third Ave., Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
Email:   gcappio@kellerrohrback.com

*Attorneys for Plaintiffs*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384