The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALYSON HERFERT, TALANA WILEY, SHANNON GORDNER, KATHRYN DE PEUTER, BECKY KUHL, ALANNA WASKO, and DENIZ ZOELLER, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CRAYOLA LLC,<br><br>Defendant. | No. 2:11-cv-1301-JCC<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS** |

## I. INTRODUCTION

Plaintiffs, by and through Lead Class Counsel,[1] respectfully submit this memorandum in support of their motion for an award of attorneys' fees and reimbursement of expenses for the legal work Class Counsel[2] have performed and the risk they have incurred in prosecuting this

---

[1] The Court named Keller Rohrback L.L.P. as Lead Class Counsel. *See* Revised Order Conditionally Certifying Settlement Class and Preliminarily Approving of Settlement, Approving of Notice Plan and Notice Administrator and Appointing Lead Class Counsel at ¶ 7 (Dkt. 34, Jan. 25, 2012) (hereinafter the "Preliminary Approval Order"). The Amended Preliminary Approval Order dated March 12, 2012 (Dtk. 38, hereinafter "Dkt. 38") corrects a minor discrepancy between the Preliminary Approval Order dated January 25, 2012 and other documents pertaining to the Settlement Agreement filed with or by the Court. The edit pertains only to "affiliates" of Crayola. For the avoidance of doubt, unless specifically relating to the March 12, 2012 Order, all references herein to the "Preliminary Approval Order" refer to the January 25, 2012 Order (Dkt. 34).

[2] Capitalized terms in this brief are defined in the Settlement Agreement, attached for the Court's convenience as Exhibit A (Dkt. 27-1, Dec. 30, 2011) (hereinafter the "Settlement Agreement") to the Joint Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio in Support of Joint Motion of Plaintiffs and Defendant for Final Approval of Settlement separately filed today. Pursuant to the Terms of the Settlement Agreement, Class Counsel

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

matter and securing a successful resolution for the Settlement Class.[3] Plaintiffs also seek Representative Plaintiff Awards for each Class Representative,[4] in recognition of the time and effort they expended in this Action. Plaintiffs seek an award of attorneys' fees and costs in the amount of $950,000.00, and Representative Plaintiff Awards totaling $10,500.00 ($1,500.00 to each Class Representative). Settlement Agreement at 16-17. Crayola LLC (hereinafter "Crayola") has agreed to pay these amounts, subject to Court approval. Such payments will be made in addition to, and will in no way diminish, the benefits provided to the Settlement Class pursuant to the Settlement Agreement.

Class Counsel's requests for attorneys' fees and costs, as well as Representative Plaintiff Awards, are reasonable and fully supported by Ninth Circuit law, as discussed below. Plaintiffs' requests are especially reasonable in light of the outstanding relief Plaintiffs and Class Counsel have obtained for the Settlement Class—indeed, the relief in the Settlement Agreement compares favorably with even the best potential outcome for Plaintiffs if this case were taken to trial. The Settlement Agreement provides relief that addresses the heart of plaintiffs' concerns in this case—that the 2011 Washable Colored Bubbles were mislabeled and left behind a mess for consumers. Specifically, the Settlement Agreement addresses: (i) reimbursement for the purchase of the 2011 Washable Colored Bubbles; (ii) reimbursement for costs of cleaning products and expenses associated with damaged property caused by the 2011 Washable Colored Bubbles; and (iii) injunctive relief including key improvements to the labeling, advertising, marketing, and reformulation of the 2012 Colored Bubbles, including but not limited to the

---

are the undersigned Plaintiffs' counsel in this action, namely Keller Rohrback L.L.P. and Finkelstein Thompson LLP.

[3] The Settlement Class is defined as: All persons in the United States and its territories who purchased or acquired (including by gift) 2011 Washable Colored Bubbles, through the date of Final Settlement Approval. Excluded from the Settlement Class are: (i) Crayola LLC, any entity in which Crayola LLC has a controlling interest, and Crayola LLC's officers, directors, legal representatives, predecessors, successors, and assigns; (ii) affiliates of Crayola LLC, and those affiliates' officers, directors, legal representatives, predecessors, successors, and assigns; and (iii) the judicial officers to whom this case is assigned. Settlement Agreement at 7.

[4] By the Court's Preliminary Approval Order, the following individuals are designated Class Representatives: Alyson Herfert, Talana Wiley, Shannon Gordner, Kathryn De Peuter, Becky Kuhl, Alanna Wasko, and Deniz Zoeller. Preliminary Approval Order at 1, n.1.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

elimination of the word "Washable" in the name of the bubble product.[5] *See* Amended Complaint at ¶ 290 (Dkt. 21, Oct. 28, 2011) (hereinafter "Dkt. 21"); Settlement Agreement at 11-15.

## II.   HISTORY OF THE SETTLEMENT NEGOTIATIONS

Plaintiffs' Counsel committed considerable time and resources to prosecute this matter without any promise of payment, and advocated forcefully on behalf of the Settlement Class. *See* Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio In Support of Petition For Approval of Attorney Fees and Costs and Representative Plaintiff Award Payments ("Sarko/Cappio Fee Decl.") ¶¶ 5-9.  The litigation involved intensive factual and legal investigation before, during, and after filing suit on behalf of consumers in six different states. *Id.* at ¶¶ 5-6.

The settlement was the product of protracted arm's length negotiations.  Upon agreeing to mediate, the Parties engaged in extensive briefing to fully articulate their factual and legal positions.  The Parties then participated in an intensive, in-person, mediation with the Honorable Layn Phillips, a retired United States District Court Judge with extensive experience mediating complex class-action litigation, on November 8, 2011.

Following the in-person mediation, the Parties continued to negotiate, with continued assistance from Judge Phillips.  *See* Declaration of The Honorable Layn R. Phillips In Support of Joint Motion for Preliminary Approval at ¶ 8.  (Dkt. 29, Dec. 30, 2011).  After the parties had resolved all of the material terms of the Settlement Agreement, the Parties began negotiating attorneys' fees and expenses.  *Id.* at ¶ 7.  Judge Phillips oversaw this negotiation, and in fact the fee award Plaintiffs seek is Judge Phillip's Mediator's Recommendation to the Parties, based on his review of the result achieved for the Settlement Class, and his personal observation of the legal work performed. *Id.* at ¶ 8. Judge Phillips is a former federal district court judge who has been appointed by several federal courts to do precisely what he did here: to determine

---

[5] To the extent, if any, that any of the settlement terms described in this brief conflict with the terms of the Settlement Agreement, Plaintiffs intend the Settlement Agreement to prevail.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

reasonable fee awards in class action litigation.[6]  Thus, the history of the settlement negotiations strongly supports the reasonableness of Plaintiffs' request for attorneys' fees and costs here.

## III. THE COURT SHOULD AWARD THE FULL AMOUNT OF ATTORNEYS' FEES IN THE PARTIES' SETTLEMENT

### A. Application of Rule 23(h) Supports the Attorneys' Fees Sought Here.

Rule 23(h) of the Federal Rules of Civil Procedure expressly authorizes district courts to award "reasonable attorneys fees and nontaxable costs . . . by agreement of the parties. . . ."  The district court has an obligation to carefully consider and document the reasonableness of any fee request both in relation to the work performed *and* in relation to the benefit conferred on the class.  *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011).

To determine a reasonable and appropriate attorneys' fee award in a class action, the Ninth Circuit recognizes that district courts have the "discretion to use either a percentage or lodestar method."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994).[7]  In *Pelletz v. Weyerhaeuser Co.,* 592 F. Supp. 2d 1322 (W.D. Wash. 2009), this Court recognized that the lodestar method is the preferred method for evaluating attorneys' fees in cases where (i) "settlement relief will be paid on a claims made basis with no cap to the relief available, so the total value of the settlement is difficult to monetize," and (ii) the requested "attorneys fees will be assessed against the Defendants without reducing the relief available to the Class."  *Id.* at 1325-1326 (internal citations omitted).

Just as in *Pelletz*, the lodestar method is best suited for evaluating Plaintiffs' request for attorneys' fees and costs here for two primary reasons.  First, the Claims Program provides

---

[6] *See, e.g.*, *In re Wal-Mart Wage and Hour Emp't Practices Litig.*, No. 06-0225, 2011 WL 887556, at *2 (D. Nev. Mar. 14, 2010) (referring to Judge Phillips's challenges to the fee and expenses award).  *See also* Erica Jaffe, *Mediation Settles AIG/CEO Fight as their Agreement turns the Neutral into a Post-Settlement Arbitrator*, CPR, http://www.cpradr.org/Resources/ALLCPRArticles/tabid/265/ID/550/Mediation-Settles-AIGCEO-Fight-as-their-Agreement-Turns-the-Neutral-into-a-Post-Settlement-Arbitrator-Web.aspx (last visited Mar. 19, 2012).

[7] To the extent Washington law may be applied as the law of the forum state, Washington looks to Ninth Circuit law for guidance and considers the same factors as Ninth Circuit federal courts.  *See*, *e.g*., *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1325 (W.D. Wash. 2009).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  monetary relief to the Settlement Class on a claims made basis with no cap on the total
2  expenditure Crayola may make in compensating Settlement Class Members who submit claims
3  pursuant to the Claims Program.  Settlement Agreement at 11-13.  Second, Crayola has agreed to
4  pay attorneys' fees and costs separate and apart from the benefits provided to the Settlement
5  Class under the terms of the Settlement Agreement, and such payment will in no way reduce the
6  benefits of the Settlement Agreement to the Settlement Class.  *Id.* at 16-17.

7  The lodestar method provides courts with an objective basis upon which to determine the
8  value of the services provided by counsel.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  The
9  lodestar calculation begins with the multiplication of the number of hours reasonably expended
10 by a reasonable hourly rate.  *Hanlon*, 150 F.3d at 1029 (citing *Blum v. Stenson*, 465 U.S. 886,
11 897 (1984)).  The district court may then adjust the lodestar upwards or downwards, on the basis
12 of certain factors that are not already subsumed in the initial lodestar calculation.  *See Ferland v.
13 Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001) ("Although in most cases, the
14 lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances
15 warrant, adjust the lodestar to account for other factors which are not subsumed within it").

16 **B.  The Lodestar Method Is Appropriate Here.**

17 Application of the lodestar method confirms the reasonableness of Plaintiffs' fee request
18 here because Class Counsel's hourly rates are reasonable and the amount of time Class Counsel
19 dedicated to this Action is reasonable and necessary to achieve a favorable Settlement.  Further,
20 a modest multiplier 1.03 is clearly appropriate under Ninth Circuit law.

21 **1.  Plaintiffs' Counsel's Hourly Rates are Reasonable.**

22 Plaintiffs' fee request is reasonable under the lodestar method.  First, Class Counsel's
23 hourly attorney rates charged in this case, which range from $325 to $785, are reasonable.
24 Sarko/Cappio Fee Decl. ¶ 13; Declaration of Mila F. Bartos In Support of Petition For Approval
25 of Attorney Fees and Costs and Representative Plaintiff Award Payments ¶ 4, Exhibit B
26 (hereinafter "Bartos Decl.").  Under the lodestar method, reasonable hourly rates are determined

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

by "prevailing market rates in the relevant community" which are the rates a lawyer of comparable skill, experience and reputation could command. *Blum*, 465 U.S. at 895. An attorney's actual billing rate for similar work is "presumptively appropriate". *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996).

Rate determinations in other litigation, "particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). (citation omitted). This Court recently approved the rates of Lead Class Counsel and a neighboring Seattle firm as reasonable in another consumer class action. *Pelletz*, 592 F. Supp. 2d at 1326-27 (approving Keller Rohrback's 2009 attorney rates from $415 to $660 per hour, as well as neighboring Seattle law firm Tousley Brain & Stephens's rates from $475 to $760 per hour) (citing *Grays Harbor Adventist Christian Sch. v. Carrier Corp.,* No. C05-5437-RBL, 2008 WL 1901988 at *3 (Leighton, J.) (approving Tousley Brain & Stephens's rates in 2008)). Likewise, Judge Pechman of this district recently approved Keller Rohrback's hourly rates. *See Fouad v. Isilon Sys., Inc.*, No. 07-1764, slip op. at 3 (W.D. Wash. Mar. 5, 2010) (attached as Exhibit A to the Sarko/Cappio Fee Decl.) (approving Keller Rohrback's rates ranging between $625 and $740, and finding the "amount of fees awarded is appropriate and is fair and reasonable under both the 'percentage-of-recovery' method and the lodestar method given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class") *and see* Declaration of Elizabeth A. Leland, *Fouad v. Isilon Sys., Inc.*, No. 07-1764 (W.D. Wash. Feb. 12, 2010) (attached as Exhibit B to the Sarko/Cappio Fee Decl.) (requesting approval of Keller Rohrback's fee based on rates ranging between $625 and $740). Thus, Class Counsel's hourly rates are reasonable, and supported by Ninth Circuit law.

**2.    The Number of Hours that Plaintiffs' Counsel Have Worked, and Continue to Work, Is Appropriate.**

The 2,151.65 hours Class Counsel collectively expended on this case are reasonable, particularly in light of the excellent results achieved. Indeed, Class Counsel could have litigated this Action through trial without securing relief that would benefit the Settlement Class as much

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

as the Settlement Agreement does.  As detailed further in the Sarko/Cappio Fee Decl. ¶¶ 5-8, Class Counsel undertook numerous efforts to achieve a favorable and swift result for the Settlement Class, preparing for the mediation with Crayola as thoroughly as possible in order to clearly present the strength of Plaintiffs' case, both factually and legally.  The hours Class Counsel devoted to this case have been both reasonable and necessary.  Sarko/Cappio Fee Decl. ¶¶ 5-14.

Furthermore, Lead Class Counsel's work is not yet done.  Lead Counsel still need to: (i) Prepare for and attend the final approval hearing; (ii) Research, draft, and prepare any additional submissions requested by the Court; (iii) Address any disputed claims and monitor claims and payments to the Settlement Class; (iv) Assist Class Representatives and Settlement Class Members with their inquiries; (v) Handle any resulting appeals; (vi) Complete the litigation and implementation of the Settlement; and (vii) Disburse the Representative Plaintiff Awards and Class Counsel's fees and expenses.  *Id.* at ¶ 10.  Class Counsel's hard work has resulted in meaningful relief for the Settlement Class.

### 3. A Multiplier of 1.03 Is Reasonable Under the *Kerr/Hanlon* Factors.

After examining the time and labor required to bring this case to its highly successful conclusion, the Court may apply a multiplier to the lodestar in light of certain factors, including "the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."  *Hanlon*, 150 F.3d at 1029 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[8]  In *Pelletz*, this Court approved a

---

[8] The *Kerr* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the requisite legal skill necessary; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount at controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  A court "need not discuss each of the guidelines, so long as it discusses those most relevant to the particular case," *M.L. v. Federal Way School Dist.*, 401 F. Supp. 2d 1158, 1169 (W.D. Wash. 2005) (internal quotation marks and citations omitted).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  "modest 1.82 multiplier," *Pelletz,* 592 F. Supp. 2d at 1328, and here an even more modest

2  multiplier of $1.03^9$ is appropriate under the *Hanlon* factors, as further explained below.

### a.  The Benefit Obtained for the Settlement Class

Class Counsel obtained an extraordinary result for the class, quickly and efficiently. The relief not only mirrors that requested in the Amended Complaint, it is difficult to imagine the Settlement Class gaining more relief from any jury, even as years of expensive discovery and motion practice would delay the Settlement Class's access to those benefits. The relief provided pursuant to the Settlement Agreement mirrors the relief requested in the Amended Complaint.[10] Dkt. 21 at ¶ 290. The goal of the Claims Program is to restore Settlement Class Members who had problems with the 2011 Washable Colored Bubbles to the position they were in before their purchase. The Claims Program takes into account not only the purchase price of the 2011 Washable Colored Bubbles, but also the results of the products' staining, including compensation for out-of-pocket costs for cleaning supplies or service, and out-of-pocket costs to remediate damage to real or personal property. Settlement Agreement at 11-13.

Monetarily, the Claims Program, which is uncapped in terms of the total expenditure Crayola may make in compensating Settlement Class Members, provides Settlement Class Members with: (i) cash or voucher (of increased value)[11] reimbursement for the purchase of the 2011 Washable Colored Bubbles; (ii) cash reimbursement for costs of cleaning products and services associated with remediation of property damaged by the 2011 Washable Colored

---

[9] Plaintiffs' total requested award of $950,000.00 is inclusive of unreimbursed litigation costs totaling $59,041.67, which leaves $890,958.33 of the requested award for attorneys' fees. *See* Sarko/Cappio Decl. ¶¶ 13-14; Bartos Decl. Exhibits B-C. Class Counsel expended a total of 2,151.65 hours during this litigation since their work began on this case. *See* Sarko/Cappio Final Approval Decl. ¶ 13; Bartos Decl. Exhibit B. At Class Counsel's hourly rates, this amounts to a fee lodestar of $862,964.00. Thus, after accounting for costs, Plaintiffs request of a multiplier of 1.03.

[10] This case is distinguishable from *Bluetooth* on many fronts, not the least of which is relief obtained. For example, *Bluetooth* awarded *no* monetary relief to the class. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d at 939-40. In this case, however, in addition to invaluable injunctive relief, the Settlement Class received the benefit of a claims program that provides potential monetary relief not just for the product itself, but for the costs of cleaning stains caused by the product, as well as compensation for damage to real or personal property that the product caused.

[11] Of course, form of reimbursement is dependant on the level of proof that a Settlement Class Member can offer, as described in the Settlement Agreement.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Bubbles, and (iii) compensation for property damage caused by the 2011 Washable Colored
2  Bubbles.  Settlement Agreement at 11-13.  The comprehensive relief available through the
3  Claims Program is also easily accessible, and Settlement Class Members may obtain relief even
4  without proof of purchase—stackable, transferrable vouchers are available to class members
5  without receipts for their 2011 Washable Colored Bubble purchases, and a declaration is
6  sufficient proof to receive cash reimbursement for cleaning expenses associated with stains
7  caused by the 2011 Washable Colored Bubbles, even without a receipt.  Thus, the Claims
8  Program provides broad relief to the Settlement Class—relief that would not have been available
9  to the Settlement Class but for Class Counsel's vigorous pursuit of this case.

10  In addition to the monetary relief described above, the Settlement Agreement provides
11  meaningful injunctive relief to the Settlement Class.  Most notably, Crayola will discontinue
12  production of the 2011 Washable Colored Bubbles as originally formulated and labeled, and
13  introduce new 2012 Colored Bubbles, which shall feature, among other things: (i) a revised
14  formula; (ii) a redesigned bottle without the plastic shield across the bottle neck; (iii) a
15  redesigned label to eliminate the "Washable" and "Spill Resistant" language and instead
16  emphasize appropriate cautionary language; (iv) revised promotional materials that have
17  removed all implications for indoor use, and emphasize "messy fun."  Settlement Agreement at
18  14.  Crayola will also correct the stain guide on the Crayola website to remove faulty instructions
19  regarding the use of Tilex on human hair.  Settlement Agreement at 15.  Finally, Crayola will
20  donate art supplies valued at $250,000.00 to one or more national non-profit organizations
21  seeking to benefit children and their families, the primary consumers of Crayola products.
22  Settlement Agreement at 15.

23  The comprehensive relief provided in the Settlement Agreement clearly supports a
24  modest multiplier of 1.03.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### b. Quality of Representation

Class Counsel are skilled and experienced. Keller Rohrback L.L.P. has litigated hundreds of class action cases during the past 20 years, and has successfully recovered over $4 billion for the benefit of victims of price fixing conspiracies, securities fraud, breaches of fiduciary duties, and deceptive practices. *See* Joint Declaration of Lynn Lincoln Sarko and Gretchen Freeman Cappio in Support of Joint Motion for Conditional Certification of Settlement Class, Preliminary Approval of Settlement, Approval of Notice Plan and Notice Administrator and Appointment of Lead Class Counsel (Dkt. 28) at ¶¶ 9-14, Exhibit 1. Keller Rohrback L.L.P. has a national reputation for aggressively prosecuting consumer protection cases. *Id*. Class Counsel's zealous advocacy for the Settlement Class Members is evident in its comprehensive First Amended Complaint, its thorough preparation for the mediation, and the favorable results obtained. Finkelstein Thompson LLP is similarly skilled and experienced. *See* Bartos Decl. ¶ 3, Exhibit A.

Keller Rohrback L.L.P. and Finkelstein Thompson LLP were cooperative from the investigation phase, believing it was in the best interest of the Settlement Class to apply their efforts jointly. Sarko/Cappio Fee Decl. ¶ 8. This symbiosis allowed smooth prosecution and eliminated extraneous billing-hours and costs. *Id.* Class Counsel showed prudence in the accumulation of litigation time and expenses.

The quality of opposing counsel is also important in evaluating the quality of work performed by Class Counsel. *See, e.g.*, *In re Equity Funding Corp. of Am. Sec. Litig*., 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) ("[P]laintiffs' attorneys in this class action have been up against established and skillful defense lawyers, and should be compensated accordingly."). Plaintiffs were opposed in this litigation by Shook, Hardy & Bacon L.L.P., a national law firm with over 500 attorneys who vigorously defended the class action brought here. The quality of Class Counsel's representation of Plaintiffs combined with the quality of opposing counsel supports the reasonableness of Plaintiffs' fee request here.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### c. The Complexity and Novelty of the Issues

Class Counsel invested substantial resources to investigate and develop the factual record prior to filing the original complaint, and continued their research to further develop the facts prior to filing the First Amended Complaint and while preparing for mediation. *See* Sarko/Cappio Fee Decl. ¶ 5-8. Nonetheless, both Parties would face complex legal issues in continuing to litigate. Plaintiffs would face several procedural hurdles, such as briefing the pending Motion to Dismiss and Class Certification. The Parties would also be required to brief complex legal issues, such as the existence of privity between Plaintiffs and Crayola in six states, a required element in certain of Plaintiffs' warranty-based claims. *See* Defendant Crayola LLC's Motion to Dismiss in Part (Dkt. 18, Oct. 17, 2011); Dkt. 21 ¶ 153-289. Class Counsel's fee request is reasonable in light of these considerations.

### d. The Risk of Nonpayment and Customary Fee

From the outset, Class Counsel litigated this matter on a contingent basis, placing their own resources at risk. Sarko/Cappio Fee Decl. at ¶ 11. The only certainty was that Class Counsel would not get paid without a successful result, and success required significant investments of time and expense. *Id*. Nevertheless, Class Counsel spent considerable time and resources to prosecute the case carefully on behalf of the Settlement Class. *Compare In re Infospace, Inc. Securities Litig.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004) (awarding 3.5 multiplier to account for "counsel's risk of nonpayment.").

Additionally, the very modest multiplier requested here falls well within the range of customary multipliers approved by Ninth Circuit courts. *See, e.g., Vizcaino*, 290 F.3d at 1051, n.6 (recognizing a survey of class action settlements nationwide, and noting that 54% of lodestar multipliers fell within the 1.5 to 3.0 range, and that 83% of multipliers fell within the 1.0 to 4.0 range). Thus, this factor supports the reasonableness of Plaintiffs' attorneys' fee request here.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## IV. REPRESENTATIVE PLAINTIFF AWARD FOR CLASS REPRESENTATIVES

The Representative Plaintiffs Awards requested here, pursuant to the Settlement Agreement, in the amount of $1,500.00 for each Representative Plaintiff, are reasonable. Settlement Agreement at 16. It is well-recognized that "named plaintiffs … are eligible for reasonable incentive payments" as part of a class action settlement. *Staton v. Boeing Co*., 327 F.3d 938, 977 (9th Cir. 2003). Such enhancements also compensate class representatives for their time, effort and inconvenience. *See Staton*, 327 F.3d at 976-77 (collecting cases). When evaluating the reasonableness of a participation award, courts consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions … [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Id*. at 977 (internal punctuation and citations omitted); *see also Manual for Complex Litigation,* § 21.62 n.971 (4th ed. 2004) (enhancement payments may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").

Here, the Class Representatives made substantial contributions to the litigation, including through their participation in the case investigation, the drafting of one or more complaints, and the mediation with Crayola. *See* Sarko/Cappio Fee Decl. ¶ 15. Each Class Representative was active in preserving and producing evidence and facts to Class Counsel, contributed to and reviewed the first complaint and amended complaint, and regularly communicated with Class Counsel. *Id.* Ms. Herfert also prepared for and attended the Preliminary Approval Hearing in this Action held on January, 25, 2012. *Id.* Thus, the Representative Plaintiff Awards are appropriate here.

## V. CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that the Court grant Plaintiffs' motion for an award of attorneys' fees, reimbursement of expenses, and Representative Plaintiff Awards.

DATED this 21st day of March, 2012.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

KELLER ROHRBACK L.L.P.

By s/ Gretchen Freeman Cappio
Lynn Lincoln Sarko, WSBA #16569
lsarko@kellerrohrback.com
Gretchen Freeman Cappio, WSBA #29576
gcappio@kellerrohrback.com
Harry Williams IV, WSBA #41020
hwilliams@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Ste. 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

Sharon T. Hritz (admitted *pro hac vice)*
KELLER ROHRBACK L.L.P.
1129 State Street, Ste. 8
Santa Barbara, CA 93101
Telephone:  805-456-1496
Facsimile:  805-456-1497

*Lead Class Counsel*

FINKELSTEIN THOMPSON LLP
Mila F. Bartos
Robert O. Wilson
Eugene J. Benick
FINKELSTEIN THOMPSON LLP
James Place
1077 30th Street NW, Ste. 150
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 21, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties so registered.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  March 21, 2012

                                             /s/ Gretchen Freeman Cappio
                                             Gretchen Freeman Cappio

PLAINTIFFS' MEMORANDUM IN SUPPORT OF AN AWARD
OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
AND REPRESENTATIVE PLAINTIFF AWARD PAYMENTS
11-CV-1301-JCC - Page - 14

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384