11-CV-01301-APP

FILED
LODGED
RECEIVED

MAIL

MAY 14 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

Alyson Hefert, et. al.

    Plaintiff(s),

v.

Crayola, LLC

    Defendant(s).

**NOTICE OF CIVIL APPEAL**

C11-1301-JCC
(Case Number)

John C. Coughenour
(District Court Judge)

Notice is hereby given that Amber Pederson
(Name of Appellant)

appeals to the United States Court of Appeals for the Ninth Circuit from

Final Order and Judgment
(Name of Order/Judgment)

entered in this action on April 27, 2012
(Date of Order)

*See attached*

Amber Pederson
5010 Meandering Lane, Unit C
Corpus Christi, Texas 78413
T: 361-446-8869

*Amber Pederson*

May 11, 2012
Dated

Name, Address and Phone Number of Counsel for Appellant or Appellant/*Pro Se*

NOTICE OF CIVIL APPEAL

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALYSON HERFERT, TALANA WILEY, SHANNON GORDNER, KATHRYN DE PEUTER, BECKY KUHL, ALANNA WASKO, and DENIZ ZOELLER, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CRAYOLA LLC,<br><br>Defendant. | CASE NO. C11-1301-JCC<br><br>FINAL ORDER |

WHEREAS:

A. In the preliminary approval orders dated January 25, 2012 (the "Preliminary Approval Order"), and March 12, 2012, and after holding a hearing on preliminary approval, the Court conditionally certified the Settlement Class in the above-captioned Action and preliminarily approved the class action settlement set forth in the Settlement Agreement dated December 30, 2011.

B. On April 24, 2012, a final hearing ("Final Hearing") was held before the Court to determine:

FINAL ORDER
PAGE - 1

1. whether the proposed settlement is fair, reasonable and adequate to members of the Class and should be approved by the Court;

2. whether the proposed Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of the proposed settlement;

3. whether Final Judgment should be entered, dismissing the Action on the merits and with prejudice, and whether the release by the Settlement Class of the Released Claims, as set forth in the Settlement Agreement, should be ordered;

4. whether the Court should approve Lead Class Counsel's application for an award of attorneys' fees, costs and expenses;

5. whether the request by Lead Class Counsel for Representative Plaintiff Awards to the Class Representatives in the amount of $1,500.00 each for their efforts in the Action is reasonable and fair; and

6. such other matters as the Court may deem appropriate;

C. In accordance with the Notice Plan set forth in the Settlement Agreement and approved by this Court on January 25, 2012, Notice was disseminated to the Class through all the means set forth in the Settlement Agreement. Specifically, pursuant to the Settlement Agreement, and as approved by this Court:

1. the Parties jointly issued a press release on PR Newswire dated February 8, 2012;

2. Crayola LLC (hereinafter "Crayola") published the summary notice in USA Today on February 8, 2012 on page 6 of Section C;

FINAL ORDER
PAGE - 2

3. on February 7, 2012, Crayola published the long form notice on the Settlement Website www.2011washablecoloredbubblessettlement.com, which is a stand-alone website dedicated to this settlement that is search-engine optimized;

4. on February 7, 2012, Crayola published the summary notice on the Settlement Website, www.2011washablecoloredbubblessettlement.com;

5. on February 7, 2012, Crayola posted a link to the Settlement Website on Crayola LLC's Website, www.Crayola.com;

6. on February 8, 2012, Keller Rohrback L.L.P. posted the press release with a link to the Settlement Website on Lead Class Counsel's website at the URL http://www.krcomplexlit.com/news/2011-washable-colored-bubbles-settlement-announced-crayola;

7. on February 7, 2012, Crayola posted a link to the Settlement Website on Crayola LLC's Facebook Page; and

8. on January 3, 2012, Crayola properly and timely notified the appropriate state and federal officials, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

The Court has reviewed declarations attesting to execution of the Notice Plan.

D. The settlement was the result of extensive and intensive arm's-length negotiations occurring over several weeks and an in-person mediation with U.S. District Court Judge Layn Phillips (retired) of Irell & Manella LLP and was not the product of collusion. Counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent

FINAL ORDER
PAGE - 3

in this Action, and they are in a position to enable the Parties to make an informed decision as to the fairness and adequacy of the settlement;

E.   The Parties have jointly moved, pursuant to Rules 23(a), (b)(3), and (e) of the Federal Rules of Civil Procedure, for a final judgment certifying the Settlement Class solely for the purposes of settlement, approving the class settlement set forth in the Settlement Agreement, and dismissing this Action on the merits and with prejudice; and

F.   The Court having considered all matters and papers submitted to it in connection with the Final Approval Hearing and otherwise being fully informed, concludes that substantial and sufficient grounds exist to enter this Final Order and the Judgment.

IT IS ORDERED THAT:

1.   The Motion for Attorney Fees and Joint Motion for Order in Support of Final Approval of Settlement are GRANTED. (Dkt. Nos. 41 & 44.)

2.   The Settlement Agreement is expressly incorporated by reference into this Final Order and the Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and the Judgment shall have the same meanings set forth in the Settlement Agreement.

3.   The Court has personal jurisdiction over the Parties and the Settlement Class, and has subject-matter jurisdiction over this Action including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all Claims pursuant to the terms of the Settlement Agreement, and to dismiss this Action on the merits and with prejudice.

4.  The Court approves the Settlement Agreement and finds and concludes that it is, in all respects, fair, reasonable and adequate and in the best interests of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

5.  The Court approves of and appoints Keller Rohrback L.L.P. as Lead Class Counsel.

6.  The Court approves of and appoints Plaintiffs as Class Representatives.

7.  The Court directs the settlement to be consummated in accordance with the terms and conditions set forth in the Settlement Agreement, including but not limited to the provisions below.

    A.  **Crayola:**

        1.  <u>Claims Program</u>.  Crayola shall implement the Claims Program as described in Section V of the Settlement Agreement.

        2.  <u>Confirmatory Discovery</u>.  In accordance with Section VII of the Settlement Agreement, Crayola shall provide confirmatory discovery to Lead Class Counsel.

        3.  <u>Regarding 2011 Washable Colored Bubbles</u>.  To the extent it has not already done so in anticipation of the Court's approval of this Settlement Agreement, Crayola shall discontinue the production of 2011 Washable Colored Bubbles, as originally formulated and labeled.

        4.  <u>Regarding 2012 Colored Bubbles</u>.  To the extent it has not already done so in anticipation of the Court's approval of this Settlement Agreement:

FINAL ORDER
PAGE - 5

(i)   Crayola shall introduce 2012 Colored Bubbles with revised formulas;

(ii)   Crayola shall redesign the bottle for the 2012 Colored Bubbles so as to remove the plastic shield across the bottle neck;

(iii)   Crayola shall revise promotional materials for 2012 Colored Bubbles so as to remove all references or implications for indoor use;

(iv)   Crayola shall re-label the packaging for the 2012 Colored Bubbles so that it:

- Does not state "Washable";
- Does not state "Spill Resistant";
- Increases prominence of direction for "Outdoor Use Only" and cautions against indoor use;
- Increases visibility of additional guidance on product insert "Read before you play";
- Recommends use of "play clothes" on front of packaging and labels; and
- Advises that the product provides "messy" fun.

5.   <u>Regarding the Stain Removal Guide</u>.  To the extent it has not already done so in anticipation of the Court's approval of the Settlement Agreement, Crayola shall correct the stain guide on the Crayola Website to remove faulty instructions regarding the use of Tilex.

6.   <u>Regarding Charitable Relief</u>.  Separate and apart from the other relief to the Settlement Class, and to the extent it has not already

FINAL ORDER
PAGE - 6

done so in anticipation of the Court's approval of the Settlement Agreement, Crayola shall donate art supplies in the amount of $250,000.00 manufacturer's suggested retail price (MSRP) to certain charities. The art supplies shall be intended for the benefit of children. Crayola will make every reasonable effort to ensure that the art supplies are distributed on a nationwide basis. The charities eligible for the donations of art supplies are listed in Section VI(B)(4)(a) of the Settlement Agreement.

B. **Class Members:**

1. <u>Release</u>. Upon entry of this Final Order and the Judgment, Plaintiffs and each and every Settlement Class Member who did not validly and timely exclude himself or herself pursuant to the Preliminary Approval Order and Notice shall be deemed to have released all claims, known and unknown, which have been or could have been asserted in this Action, including those related to washability or staining associated with the 2011 Washable Colored Bubbles products, as well as to the marketing and advertising of the 2011 Washable Colored Bubbles products. The term Released Claim does not include claims for personal injury related to 2011 Washable Colored Bubbles.

2. <u>Res Judicata</u>. Upon entry of this Final Order and the Judgment, all Releasing Settling Parties shall be permanently barred and

FINAL ORDER
PAGE - 7

enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims.

7. The Court finds and concludes that the prerequisites to a class action, as identified in Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, are satisfied for settlement purposes only, in that: (a) the members of the Settlement Class are so numerous that joinder of all such members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the Class; (d) Plaintiffs and Lead Class Counsel fairly and adequately protected and represented the interests of the class; and (e) questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *Accord, Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court hereby certifies the following Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons in the United States and its territories who purchased or acquired (including by gift) 2011 Washable Colored Bubbles, through the date of Final Settlement Approval. Excluded from the Class are: (i) Crayola LLC, any entity in which Crayola LLC has a controlling interest, and Crayola LLC's officers, directors, legal representatives, predecessors, successors, and assigns; (ii) affiliates of Crayola LLC, and those affiliates' officers, directors, legal representatives, predecessors, successors, and assigns; and (iii) the judicial officers to whom this case is assigned.

8. Further excluded from the Settlement Class are those persons who submitted a valid and timely Request for Exclusion pursuant to the Preliminary Approval Order and Notice.

9. The Court finds that the settlement is fair because (1) the negotiations occurred at arm's-length; (2) there was sufficient discovery, (3) the proponents of the settlement are

FINAL ORDER
PAGE - 8

experienced in similar litigation, and (4) no Settlement Class Member, or only a small fraction of Settlement Class Members, has objected.

10. Moreover, the Court finds that the settlement is fair, adequate and reasonable based on the following factors articulated by the Ninth Circuit in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998):

    A. The strength of Plaintiffs' case favors approval of the settlement;

    B. The risk, expense, complexity and duration of further litigation weighs in favor of approval;

    C. The risk of maintaining class action status throughout the trial favors approval;

    D. The amount offered in settlement favors approval;

    E. The extent of discovery completed and the stage of proceedings weigh in favor of approval;

    F. The experience and view of counsel weigh in favor of approval;

    G. The presence of a government participant is not a factor here; and

    H. The reaction of the Settlement Class to the settlement favors approval.

11. Accordingly, the Court finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause) and any other applicable law.

12. This Action and all Claims asserted in it are hereby dismissed with prejudice.

13.     The Court finds and concludes that during the course of the litigation, Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     The Court finds and concludes that the Parties provided the best notice practicable under the circumstances pursuant to Rule 23(c) of the Federal Rules of Civil Procedure.

15.     The Court concludes that the Representative Plaintiff Awards in the amount of $1,500.00 each are reasonable and fair, and the Plaintiffs are each hereby awarded a Representative Plaintiff Award in the amount of $1,500.00.

16.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Lead Class Counsel attorneys' fees and reimbursement of expenses of $950,000.00.

17.     Lead Class Counsel shall allocate fees among Class Counsel.

18.     The awarded attorneys' fees and expenses shall be paid to Lead Class Counsel according to the terms, conditions and obligations of the Settlement Agreement and in particular, Section IX thereof, which terms, conditions and obligations are incorporated herein.

19.     In making this award of attorneys' fees and reimbursement of expenses, and the Representative Plaintiff Awards to the Plaintiffs, the Court has considered and found that:

    A.     The settlement was achieved as a result of the efforts of Class Counsel and creates a Claims Program that sets no ceiling as to the total amount Crayola may be required to expend in handling claims pursuant to the Settlement Agreement, in addition to providing Additional Relief that will benefit the Settlement Class;

    B.     Class Counsel have conducted the litigation and achieved the settlement with skill and diligent advocacy;

FINAL ORDER
PAGE - 10

C.  The Action involves complex legal issues and, in the absence of a settlement, would involve lengthy proceedings with uncertain resolution;

D.  Had Class Counsel not achieved the settlement, there would remain a significant risk that the Plaintiffs and the Settlement Class may have recovered less or nothing from Defendants;

E.  Class Counsel has proposed, and the Court agrees, that the lodestar method is the best method for calculating Class Counsel's fees here because (i) the monetary component of the settlement will be paid on a claims-made basis that is not capped in terms of the total amount Crayola may be required to expend complying with the terms of the Settlement Agreement; and (ii) the attorneys' fees were negotiated wholly independently of, and will in no way reduce, the relief available to the Settlement Class;

F.  The time Class Counsel dedicated to this Action was reasonably necessary to achieve this settlement;

G.  Lead Class Counsel has proposed, and the Court agrees, that Lead Class Counsel's hourly rates are reasonable in light of the "prevailing market rates in the relevant community" for a lawyer of comparable skill, experience and reputation, *Blum v. Stenson*, 465 U.S. 886, 895 (1984);

H.  Lead Class Counsel has proposed, and the Court agrees, that a multiplier of 1.03 is appropriate under the *Kerr* factors, *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); and

FINAL ORDER
PAGE - 11

   I. The Plaintiffs rendered valuable service to the Settlement Class, including but not limited to their participation in case investigation, the drafting of one or more complaints, and mediation.

20. The Court has jurisdiction to enter this Final Order and the Judgment. Without in any way affecting the finality of this Final Order and the Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, in all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and this Final Order and the Judgment, including, without limitation, for the purpose of:

   A. Enforcing the terms and conditions of the Settlement Agreement and negotiations and resolving any disputes that arise out of the implementation or enforcement of the Settlement Agreement;

   B. Entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and the Judgment and the Settlement Agreement (including, without limitation, orders enjoining persons or entities pursuing any claims), or to ensure the fair and orderly administration of the Settlement; and

   C. Entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, and the Parties in matters relating to the implementation or enforcement of the Settlement Agreement.

FINAL ORDER
PAGE - 12

21. Without further order of the Court, the Parties, by and through their respective counsel of record, may agree to reasonable extension of time to carry out any provisions of the Settlement Agreement and the instant Final Order and Judgment.

22. This Action is hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Final Order and the Judgment. There is no just reason for delay in the entry of this Final Order and the Judgment, and immediate entry by the Clerk of the Court is expressly directed.

DATED this 27th day of April 2012.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE