The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALYSON HERFERT, TALANA WILEY, SHANNON GORDNER, KATHRYN DE PEUTER, BECKY KUHL, ALANNA WASKO, and DENIZ ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRAYOLA LLC,<br><br>Defendant. | No. 2:11-cv-1301-JCC<br><br>JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: JULY 6, 2012 |

## I.   INTRODUCTION

Plaintiffs and Defendant jointly request an order requiring attorney Christopher Bandas and his client, Objector Amber Pederson, to post an appeal bond under Federal Rule of Appellate Procedure 7.  This bond will ensure the payment of costs incurred to defend against a meritless appeal that vexatiously attempts to jeopardize the fair, reasonable, and adequate Settlement—a Settlement that Class Members overwhelmingly support and that is currently underway.

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

While Objector Pederson's objection was filed *pro se*, the affidavit accompanying the objection was notarized by Margot Valdez, the legal secretary of Mr. Bandas.  (*See* Decl. of Lynn Lincoln Sarko at ¶¶ 2-3, Ex. 1 ("Sarko Decl."); *see also* Dkt. No. 47.)  Mr. Bandas has told Class Counsel that he now represents Objector Pederson.  Mr. Bandas is an attorney with a reputation for counterproductive appearances in class action settlements across the country.  As detailed below, Mr. Bandas has been ordered by district courts to post appeal bonds up to $500,000 and has been sanctioned for failing to post the bonds.  In at least one of his frivolous appeals, Mr. Bandas' client was allegedly *pro se*—as here—but suddenly became represented by Mr. Bandas on appeal.  The Court should order this vexatious counsel and his client to post an appeal bond.  The parties further suggest that a hearing on this motion will help the Court assess its merit and respectfully request the motion be set on the Court's oral argument calendar.

## II.   THE COURT SHOULD REQUIRE THE OBJECTOR TO POST A BOND

Federal Rule of Appellate Procedure 7 provides that, "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.  The Advisory Committee Notes to the Rule indicate that it leaves "the question of the need for a bond for costs and its amount in the discretion of the court." Fed. R. App. P. 7, Adv. Comm. Notes.

To determine whether an appeal bond is appropriate, courts generally consider four factors: (1) the merits of the appeal; (2) whether the appellant has shown any bad faith or vexatious conduct; (3) the appellants' financial ability to post a bond; and (4) the risk that the appellant will not pay the appellees' costs of an unsuccessful appeal. *In re Wells Fargo Loan Processor Overtime Pay Litig.*, No. 07–1841, 2011 WL 3352460, at *10 (N.D. Cal. Aug. 2, 2011); *Fleury v. Richemont N. Am. Inc.*, No. 05-4525, 2008 WL 4680033, at *6 (N.D. Cal. Oct.

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

21, 2008). Each of these factors weigh heavily in favor of requiring Mr. Bandas and Objector Pederson to post a bond.

A.   **The appeal is meritless.**

On appeal, Objector Pederson will be limited to the issues that she raised in her objection, *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (quotation and citation omitted), and she will be required to show that this Court abused its discretion when it granted final approval of the Settlement. *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008). Objector Pederson has no reasonable expectation of prevailing under these standards, as this Court's approval of the settlement was amply supported by the record and Objector Pederson's objections are meritless. Indeed, the reasonableness and adequacy of the Settlement is demonstrated by the fact that, even though millions of 2011 Washable Colored Bubbles were sold, only *one* individual objected to this Settlement—Objector Pederson and her attorney, professional objector Chris Bandas.

The objection claims that (1) the injunctive relief is "illusory"; (2) the relief is too modest and there is no guaranteed minimum payout or guaranteed relief; (3) Claim Members could have received compensation from Crayola without the settlement; (4) the Claims Process lacks clear rules; and (5) the attorneys' fees are unreasonable. (*See* Notice of Objection to Settlement filed by Claimant Amber Pederson, Dkt. No. 47.) Plaintiffs and Defendant have already demonstrated the insurmountable deficiencies in Objector Pederson's objection. (*See, e.g.*, Reply Brief in Support of Final Approval of Settlement and Response to Objection, Dkt. No. 48.)

First, the Settlement's relief is not illusory. (*Id.* at 3.) The Settlement requires that Crayola take specific actions, including discontinuing the production of the 2011 Washable Colored Bubbles as originally formulated and labeled, and re-labeling the product for 2012. (*Id.*)

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Second, the Settlement also provides guaranteed relief to Class Members that cannot be characterized as "modest."  For example, Class Members are eligible to receive the *full* cash value of the product plus shipping, handling, and taxes. (*Id.* at 4.)  Even Class Members who do not have proof of purchase may still claim Crayola vouchers up to $12, a generous amount considering the lack of evidence of purchase. (*Id.*)  Class Members may also be reimbursed for cleaning product costs and out-of-pocket costs to remediate damage to real or personal property. (*Id.*)

Third, even if portions of the relief mandated by this Settlement were available at Defendant's discretion before the settlement, under the Settlement, Defendant is now legally obligated to provide the relief contained in the Settlement. In addition, the Settlement provides for a neutral third party to adjudicate any disputes..

Fourth, the generic objection that the Settlement does not provide clear rules for the Claims Program lacks merit. (Dkt. No. 48 at 3-4.)  This objection is unsupported by the facts, as the terms of the monetary and voucher relief are detailed at length in the Settlement Agreement, which grants relief according to whether the Class Member has proof of purchase and their claimed damages. (*Id.*)  In fact, the Claims Process is transparent and fair, ensuring that Class Members will be treated fairly, reasonably, and adequately.  It demands accountability and provides clear rules for awarding compensation, including: (1) requiring Crayola to provide confirmatory discovery to Plaintiffs on a quarterly basis to ensure the process is proceeding smoothly; and (2) enabling Class Members or the Parties to seek involvement of a third party to resolve any disputes that arise throughout the claims process. (*Id.* at 2.)

Fifth and last, there is also no basis for the objection that attorneys' fees are excessive. (Dkt. No. 48 at 4-5.)  As Plaintiffs established in the District Court, the fees sought are supported

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  by Ninth Circuit precedent, and are eminently reasonable given the fact that, within months of

2  filing, consumers are being offered money back, compensation for damage to property, and an

3  improved product with improved labeling and advertising.  (Dkt. No. 48 at 5.)

4        At the final approval hearing for the Settlement, the Court waited to hear from Objector

5  Pederson or any other objector before it commenced proceedings; however, no one appeared.

6  (Sarko Decl. at ¶ 4.)  Although Objector Pederson failed to present her objections in person at the

7  final approval hearing, her written objection was filed with the Court.  (*Id.*; *see also* Dkt. No.

8  47.)  The Court considered her objection and the Parties' submissions in deciding whether to

9  grant final approval.  (*See* Final Order, Dkt. No. 51 at 4 ("The Court . . . considered all matters

10  and papers submitted to it in connection with the Final Approval Hearing and otherwise being

11  fully informed, concludes that substantial and sufficient grounds exist to enter this Final Order

12  and the Judgment."))  After reviewing all these materials, the Court approved the Settlement over

13  Objector Pederson's objections.  (*Id.*)  The Court's written Order noted that the Settlement is, "in

14  all respects, fair, reasonable and adequate and in the best interests of the Class within the

15  meaning of Rule 23 of the Federal Rules of Civil Procedure."  (*Id.* at 5.)

16        To protect the interests of the Class and to secure the payment of the Parties' appellate

17  costs, Mr. Bandas and Objector Pederson should be required to post a bond.  *See Sckolnick v.*

18  *Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (upholding imposition of appeal bond under Rule 7

19  based on possibility that appeal was frivolous).

**B.    The appeal is vexatious.**

      In addition to being meritless, the appeal is vexatious and harmful to the interests of the

Class.  Although the objection and appeal were filed *pro se*, in reality, Objector Pederson is

represented by Mr. Bandas, an attorney of the Bandas Law Firm in Corpus Christi, Texas.  (*See*

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER
BANDAS AND OBJECTOR AMBER PEDERSON TO POST
APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE
RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Sarko Decl. at ¶ 7.) Mr. Bandas is well known in courts across the country as a "professional" or "serial" objector. *See, e.g.*, (Sarko Decl. at ¶ 8, Ex. 3); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944, 2012 WL 1319881, at *2 (N.D. Cal. April 16, 2012) (Mr. Bandas is a "'professional' or 'serial' objector" who "routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain . . . .").

Nor is this the first time that one of his clients has filed a purportedly *pro se* objection or appeal, only for Mr. Bandas's representation of the objector/appellant to emerge. (*See* Sarko Decl. at ¶ 8, Ex. 3); *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2012 WL 1319881, at *2 (although the objector's papers did not list counsel, his objection was postmarked from the town in which Bandas worked and court documents illustrated that Bandas had assisted the objector in other proceedings). In fact, Mr. Bandas's usual practice is to file frivolous, boilerplate appeals, and then, upon payment, to dismiss them without generating any substantive change in the settlement. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2012 WL 1319881, at *2; *In re Wal-Mart Wage & Hour Employment Practices Litig.*, MDL No. 1735, No. 06-00225, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2010) (noting that Bandas has a "documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when [he] and [his] client[] were compensated by the settling class or counsel for the settling class"). The objective of this procedure is simply to hold the Class Settlement hostage so that Mr. Bandas can extract his own personal benefit. *Id.*

Mr. Bandas has been censured by courts nationwide for these tactics. *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2012 WL 1319881 at *2-*3; *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 WL 786513 at *1-*2. Attached as Exhibit 3 to the

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Declaration of Lynn Lincoln Sarko is a chart that plaintiffs' counsel filed in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944, Dkt. No. 51 (N.D. Cal. Mar. 15, 2012) to illustrate the numerous objections and appeals that Mr. Bandas has filed to class action settlements, and the corresponding reprimands that he has received. (Sarko Decl. at ¶ 8, Ex. 3.) As illustrated in the chart, Mr. Bandas has been excoriated by courts for "hijacking" settlements from deserving class members and hard-working class counsel, failing to adhere to his Rule 11 obligations, filing patently frivolous and cookie-cutter objections, and engaging in "extortion." (*Id.*)

Federal courts have grown "increasingly weary of professional objectors" such as Mr. Bandas, *O'Keefe v. Mercedes-Benz USA, LLC,* 214 F.R.D 266, 295 n.26 (E.D. Pa. 2003), because they are "a pariah to the functionality of class action lawsuits, as they maraud proposed settlements—not to assess the merits on some principled basis—but in order to extort the parties, and particularly the settling defendants, into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process." *Snell v. Allianz Life Ins. Co. of N. Am.*, No. 97-2784, 2000 WL 1336640, at *9 (D. Minn. Sept. 8, 2000). Professional objectors cause real harm to the Class, because payments from the settlement fund are delayed until the appeals are resolved. As an Ohio district court noted:

> [C]lass actions . . . attract those in the legal profession who subsist primarily off of the skill and labor of, to say nothing of the risk borne by, more capable attorneys. These are the opportunistic objectors. Although they contribute nothing to the class, they object to the settlement, thereby obstructing payment to the class in the hope that lead plaintiff will pay them to go away. Unfortunately, the class-action kingdom has seen a Malthusian explosion of these opportunistic objectors . . . .

*In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 754 (S.D. Ohio 2008).

To prevent abuse of appellate and class action procedure, the Parties jointly request that this Court order Mr. Bandas and Objector Pederson to post an appeals bond in accordance with

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Federal Rule of Appellate Procedure 7. *See, e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 294-95 (S.D.N.Y. 2010) (professional objectors' status taken into account in determining that appeal was vexatious and in bad faith, and thus appeals bond was warranted).

**C.     Objector Pederson and her counsel have the financial ability to post bond.**

Unless an appellant demonstrates otherwise, she or he is presumed to be financially able to post an appeals bond. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 293. Accordingly, Objector Pederson is presumed to be able to post an appeal bond in this matter. More fundamentally, since she is represented by an attorney who frequently files and objects in class actions, the appeal bond requirement should be an expected and reasonable expense.

**D.     There is a risk Objector Pederson and her counsel will not pay costs if they lose on appeal.**

The Parties face a significant risk that Appellant will never pay appellate costs absent a bond. Objector Pederson and her counsel are located in Corpus Christi, Texas. In the likely event that Objector Pederson loses her appeal, Plaintiffs and Defendant will need to institute a collection action in another jurisdiction in order to recover their costs. Consequently, the Parties face a high risk of non-payment. *See In re Initial Pub. Offering Sec. Litig*, 721 F. Supp. 2d 210, 213 (S.D.N.Y. 2010); *see also In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409, 2010 WL 1253741, at *2 (S.D.N.Y. Mar. 5, 2010) (same). Moreover, Objector Pederson has not offered to guarantee payment of costs that might be assessed against her. *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 293.

Requiring Objector Pederson and her counsel to post an appeals bond is particularly necessary because her counsel has previously flouted court orders regarding appeals bonds. In *In re Wal-Mart Wage and Hour Employment Practices Litig.*, MDL No. 1735, No. 06-00225, 2010 WL 2132094, *1-*2 (D. Nev. May 25, 2010), Judge Pro in the District of Nevada sanctioned Mr.

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Bandas and his objector-client for failing to comply with the court's order to post an appeals bond of $500,000. *Id.* The court had ordered the appeal bond due to the "frivolous" nature of the appeal, which was "tantamount to a stay of the Judgment entered by [the] Court on November 2, 2009 approving the comprehensive class settlement in this case which provides fair compensation to millions of class members, as well as injunctive relief ensuring against further loss to persons similarly situated." *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 WL 786513, at *2. According to the order imposing sanctions, Mr. Bandas and his client were jointly and severally required to "pay to the Plaintiffs' Settlement Fund the sum of $200 per day for each of the intervening days between March 30, 2010 and May 18, 2010, or a total of $10,000" as a sanction "for their failure to comply with this Court's Order of March 8, 2010 requiring them to post an appeal bond." *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 WL 2132094, at *1. Mr. Bandas and Objector Pederson should be required to post a bond in this case because there is a likelihood that Mr. Bandas will repeat history by flouting court rules and failing to pay appellate costs when Objector Pederson's appeal fails.

**E.  Requiring a bond is consistent with the Court's position as fiduciary for the Class.**

The Court is a fiduciary for the Settlement Class. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010); *see also Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1301 (W.D. Wash. 2001) (Coughenour, J.), *aff'd*, 290 F.3d 1043 (9th Cir. 2002). Here, as noted above, there is considerable evidence that Objector Pederson and her attorney Mr. Bandas are not acting in the best interests of the Class. The Settlement in this case was reached expeditiously, resulting in not only generous compensation and voucher relief to Class Members, but also the reformulation and relabeling of the product at issue. In short, the Settlement provides comprehensive benefits and was approved in an admirable timeframe. In requiring an

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

appeal bond, the Court would be protecting the interest of the Settlement Class in a speedy recovery and ensuring that Objector Pederson and her attorney are appealing in good faith.

## F. The amount of the bond is reasonable.

Courts recognize that if a bond is too small, or if no bond is required, it "may encourage frivolous, time-consuming, harassing appeals." *Page v. A.H. Robins Co.*, 85 F.R.D. 139, 140 (E.D. Va. 1980). The bond amount requested by the Parties in the instant case is wholly reasonable and will further the goal of preventing a frivolous and time-consuming appeal in this case. Class Counsel and the Settlement Class seek a bond in the amount of $20,000 to secure appellate costs permitted under the Rules. *See* Fed. R. App. 39(e), Adv. Comm. Note ("The costs described in this subdivision are costs of the appeal and, as such, are within the undertaking of the appeal bond.").

The amount requested is well within the range of bonds that have been ordered in other appellate cases, and below the amount that Mr. Bandas has been ordered to pay for similar appeals. *See, e.g.*, *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 WL 786513, at *2 (requiring Mr. Bandas and his objector-client to post a $500,000 appeal bond under Fed. R. App. 7); (Sarko Decl. ¶ 9, Ex. 4 (*Conroy v. 3M Corp.*, No. 00-02810 (N.D. Cal. August 10, 2006), Dkt. No. 265 (Order granting motion to require objectors and the Bandas Law Firm jointly and severally to post an appeal bond of $431,167.00)); *see also In re Currency Conversion Fee Antitrust Litig.*, 2010 WL 1253471, at *3 (finding $16,000 too low for an appellate bond and ordering the posting of a $50,000 bond); *In re Wells Fargo Loan Processor Overtime Pay Litig.*, MDL C-07-1841 EMC, 2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) at *12 (requiring objector to post a $20,000 appeal bond if she filed an appeal of class settlement). Accordingly, the request for an appeals bond of $20,000 should be granted.

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## III.   CONCLUSION

For the reasons set forth herein, the Parties request that Objector Pederson and her counsel, Mr. Bandas, be required to post an appeals bond of $20,000—or such other amount that the Court deems appropriate—under Federal Rule of Appellate Procedure 7.  The Parties further suggest that a hearing on this motion will help the Court assess its merit and respectfully request the motion be set on the Court's oral argument calendar.

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  DATED this 21st day of June, 2012.

| KELLER ROHRBACK L.L.P. | SHOOK, HARDY & BACON, LLP |
|---|---|
| By   /s/ Harry Williams IV | By   |
| Lynn Lincoln Sarko, WSBA #16569 | John K. Sherk, III |
| Gretchen Freeman Cappio, WSBA #29576 | Holly P. Smith |
| Harry Williams IV, WSBA #41020 | 2555 Grand Blvd. |
| Laura Gerber, WSBA #34981 | Kansas City, MO 64108-2613 |
| KELLER ROHRBACK, LLP | Telephone: (816) 474-6550 |
| 1201 Third Avenue, Ste. 3200 | Facsimile: (816) 421-5547 |
| Seattle, WA 98101 | |
| Telephone: (206) 623-1900 | WILSON SMITH COCHRAN DICKERSON |
| Facsimile: (206) 623-3384 | |
| | Kathy A. Cochran, WSBA# 5775 |
| Sharon T. Hritz | 901 Fifth Avenue, Ste. 1700 |
| KELLER ROHRBACK, LLP | Seattle, WA 98164-2050 |
| 1129 State Street, Ste. 8 | Telephone: (206) 623-4100 |
| Santa Barbara, CA 93101 | Facsimile: (206) 623-9273 |
| Telephone: (805) 456-1496 | |
| Facsimile: (805) 456-1497 | *Attorneys for Defendant* |
| | |
| FINKELSTEIN THOMPSON LLP | |
| | |
| Mila F. Bartos | |
| Robert O. Wilson | |
| Eugene J. Benick | |
| FINKELSTEIN THOMPSON LLP | |
| James Place | |
| 1077 30th Street NW, Ste. 150 | |
| Washington, DC 20007 | |
| Telephone: (202) 337-8000 | |
| Facsimile: (202) 337 8090 | |
| | |
| *Attorneys for Plaintiffs* | |

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I certify that on June 21, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I also certify that I on June 21, 2012, I caused a true and correct copy of the foregoing to be sent via overnight delivery to the following:

Ms. Amber Pederson
5010 Meandering Lane, Unit C
Corpus Christi, TX 78412

Mr. Christopher Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, TX 78741

DATED this 21st day of June, 2012.

　　　　　　　　　　　　　　　　KELLER ROHRBACK L.L.P.

　　　　　　　　　　　　　　　　By /s/ Harry Williams IV
　　　　　　　　　　　　　　　　　　Harry Williams IV, WSBA # 41020
　　　　　　　　　　　　　　　　　　KELLER ROHRBACK L.L.P.
　　　　　　　　　　　　　　　　　　1201 Third Ave., Suite 3200
　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　Tel: (206) 623-1900
　　　　　　　　　　　　　　　　　　Fax: (206) 623-3384
　　　　　　　　　　　　　　　　　　Email:   hwilliams@kellerrohrback.com

　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

JOINT MOTION TO REQUIRE ATTORNEY CHRISTOPHER BANDAS AND OBJECTOR AMBER PEDERSON TO POST APPEAL BOND, AND SEEKING ANY OTHER APPROPRIATE RELIEF TO PROTECT THE CLASS  11-CV-1301-JCC  Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384