The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ALYSON HERFERT, TALANA WILEY, SHANNON GORDNER, KATHRYN DE PEUTER, BECKY KUHL, ALANNA WASKO, and DENIZ ZOELLER, on behalf of themselves and all others similarly situated, | ) Case No. 2:11-cv-1301-JCC ) ) ) **AMBER PEDERSON'S OPPOSITION TO** ) **CLASS COUNSEL'S MOTION FOR** ) **APPEAL BOND** ) |
| Plaintiffs, | ) ) REQUEST FOR ORAL ARGUMENT ) |
| v. | ) ) Note on Motion Calendar |
| CRAYOLA LLC, | ) July 6, 2012 ) |
| Defendant. | ) ) |

Objector Amber Pederson opposes class counsel's motion for a $20,000 appeal bond as excessive and unsupported.

Class counsel argues that the bond is appropriate because 1) the appeal is frivolous; 2) the appeal is meritless, and 3) Objector-Appellant's counsel have objected to settlements of other cases in the past. The latter arguments are irrelevant to the question of whether a bond is justified. A class member cannot be penalized and forced to pay an admission fee to the appellate court because they chose experienced counsel. See the Seventh Circuit's Opinion in *Vollmer v. Selden* 350 F. 3d 656 (7th Cir. 2003). Objector objects to class counsel's inclusion of personal attacks on her attorney as irrelevant and inappropriate.

AMBER PEDERSON'S OPPOSITION TO APPEAL BOND MOTION
3:11-cv-1301-JCC  - Page 1

Law Offices of Darrell Palmer PC
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

1         There is no factual support for class counsel's request.  The relevant Ninth Circuit factors do not

2    support the imposition of a bond here.  Further, if the appeal is decided in favor of Appellee, the costs

3    will likely be no more than $1,000.  Class counsel provide no evidence of the actual costs likely to be

4    incurred.  Contrarily, Appellant submits bills of actual monies already spent in pursuit of this appeal.

5    This evidence shows the likely cost will be *de minimis*.

6         Finally, class counsel's request to impose the appeal bond against Christopher Bandas as counsel

7    of record is unprecedented.  Counsel provides no support for this request, nor can they.  As such,

8    imposition of this joint and several appeal bond is not supported by law.

9                        **I.**       **LEGAL ARGUMENT**

10   **A.**    **Imposition of an Appeal Bond is Discretionary under Rule 7.**

11        Federal Rule of Appellate Procedure 7 states that the district court "may" grant an appeal bond at

12   its own discretion *in an amount to cover appellate costs*.  The language of the statute and underlying

13   case law indicate that the appropriateness of imposing an appeal bond on an appellant in any dollar

14   amount is within the sound discretion of the Court.  Courts within this Circuit ordinarily rely on *Fleury*

15   *v. Richemont North America Inc.*, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) and *Azizian v. Federated*

16   *Department Stores, Inc.*, 499 F.3d 960 (9th Cir. 2007) to review requests and awards of appeal bonds.

17   *Fleury/Azizian* case law utilizes the following factors regarding imposition of a bond: (1) the appellant's

18   financial ability to post a bond, (2) the risk that the appellant would not pay the appellee's costs if the

19   appeal loses, and (3) the merits of the appeal.  *Id.* at *7.

20        Both the *Fleury* and *Azizian* courts specifically stated that an appellate bond is only necessary to

21   reimburse actual costs incurred, not to impose a penalty on an appellant for filing an appeal.  *Id.* at *6.

22   (citing *Azizian* 499 F.3d at 961.)  Therefore, if the Court determines an appeal bond should also be

23   applied to this appellant, the bond must be limited to expected costs on appeal, defined in Fed. R. App.

24   P. 38(e).  *Fleury*, 2008 WL 4680033 at *8.  These costs explicitly encompass <u>only</u>, (1) the preparation

25   and transmission of the record, (2) the reporter's transcript, if needed to determine the appeal, (3)

26   premiums paid for a supersedes bond or other bond to preserve rights pending appeal and (4) the fee for

27   filing the notice of appeal.

28

---

AMBER PEDERSON'S OPPOSITION TO APPEAL BOND MOTION
3:11-cv-1301-JCC  - Page 2

Here, the costs that are likely to be incurred will only include the preparation and transmission of the record, the reporter's transcript, and the fee for filing the notice of appeal. The record will not be extensive given the finite issues being appealed so this cost will likely not exceed $300. The reporter's transcript was already ordered at a cost of $50. The notice of appeal is $455 and has already been filed, and the cost been borne by, this Appellant. Therefore, assuming *arguendo* that appellant is not successful, these costs will certainly never approach $1,000, let alone $20,000.

**B.** **The Ninth Circuit Factors Indicate an Appeal Bond is Not Warranted in this Case.**

*1. The Financial Ability of the Appellant Weighs Against Imposition of a Bond.*

This Circuit has found that an appellant's ability to pay an appeal bond weighs in favor of imposing one. The *Fleury* Court determined that circumstances of that appellant's financial status in that case weighed neither positively nor negatively in its determination of whether to impose an appeal bond because there was no indication that the Appellant was unable to post a bond in the $1,000.00 to $5,000.00 range.

Ms. Pederson informs the Court in these papers that she is able to pay the costs on appeal in the instance she is required to do so. She bases this statement on the fact that the costs will likely amount to less than $1,000. However, she is unable to post a bond of $20,000. This Circuit's precedent on the subject counsels against it. *Fleury* 2008 WL 4680033, at *7.

*2. The Risk of Non-Payment is Nil.*

The risk that an appellant will shirk his duty to pay costs after an unsuccessful appeal is also a factor that weighs in favor of the imposition of an appeal bond. The *Fleury* Court noted that, while there was no indication that the appellant before it would not pay the appeal costs, appellant was also not a resident of California or of any state within the Ninth Circuit and that these factors weighed in favor of imposition of an appeal bond. *Id.* at *7.

Appellant is a resident of the state of Texas. This factor weighs in favor of imposition of an appeal bond, although as discussed above, not in the amount requested.

/ / /

/ / /

AMBER PEDERSON'S OPPOSITION TO APPEAL BOND MOTION
3:11-cv-1301-JCC  - Page 3

Law Offices of Darrell Palmer PC
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

1

### 3. *This Appeal is Meritorious.*

2    An appeal is frivolous "if the result is obvious or if the claims of error are wholly without

3  merit." *DeWitt v. Western Pacific Railroad Co.,* 719 F.2d 1448, 1451 (9th Cir. 1983). The fact that

4  there is a body of federal jurisprudence regarding attorney's fees indicates reasonable persons may have

5  differing opinions on the issue of attorney's fee awards.  Even though the outcome of the Court's Order

6  reflected the Court's inclination to agree with class counsel in their request for fees and regarding the

7  fairness of the settlement, this does not mean Objector did not provide meritorious arguments supporting

8  her objection.

9    Plaintiffs support their motion on the ground that objectors' appeals are naturally frivolous when

10  they are represented by "professional objectors."  But the briefs have not been written yet.  The Ninth

11  Circuit in *Azizian v. Federated Dept. Stores, Inc.,* 499 F.3d 950 (9th Cir. 2007), directly addressed the

12  present issue, finding imposition of an appellate bond unjustified in cases where the court finds an

13  appeal "frivolous":

14          Award of appellate attorney's fees for frivolousness under Rule 38 is highly
           exceptional, making it difficult to gauge prospectively, and without the benefit of
15          a fully developed appellate record, whether such an award is likely.

16  499 F.3d at 960.

17

18    The *Azizian* opinion was also concerned that high appeal bonds would chill an objector's right to

19  appeal:

20          A Rule 7 bond including the potentially large and indeterminate amount
           awardable under Rule 38 is more likely to chill an appeal than a bond covering
21          the other smaller, and more predictable, costs on appeal. . . .  Only the court of
           appeals may order the sanction of appellate attorneys' fees under Rule 38.  *See*
22          F.R.A.P. 38.

23

24  499 F.3d at 960.  While the present bond request does not appear to be seeking costs in the form of

25  attorneys' fees, this does not make the $20,000 request any less chilling.  Whether couched in the form

26  of delay costs or obsolescence of the benefit, the effect is the same:  prevent objectors from appealing

27  the settlement.  This Circuit has made clear that any determination of frivolousness should be made by

28  the appeals court:

AMBER PEDERSON'S OPPOSITION TO APPEAL BOND MOTION
3:11-cv-1301-JCC  - Page 4

Law Offices of Darrell Palmer PC
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

[T]he question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. *In re Am. President Lines,* 779 F.2d at 717. Allowing district courts to impose high Rule 7 bonds on whether the appeals *might* be found frivolous risks "impermissibly encumbering" appellants' right to appeal and "effectively preempting this court's prerogative" to make its own frivolousness determination. *Id.* at 717, 718; *see also Adsani,* 139 F.3d at 79 ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.").
499 F.3d at 961.

The objection below was based on a thoughtful analysis of the documents provided by counsel in connection with settlement. Class member objector reviewed the documents, found their content unreasonable, and so stated to the Court. Appellant is pursuing this Appeal on legitimate, well-founded bases and will have the opportunity to demonstrate that in her opening brief. Therefore, this appeal is not frivolous and this factor should weigh against imposition of an appeal bond.

## C. <u>Imposition of An Appeal Bond Against Appellant's Attorney of Record is Unsupported by Law Or Common Sense.</u>

Plaintiffs have offered no support for their outrageous request that the appeal bond be imposed jointly against his objector client and his law practice as counsel of record. An omnibus search of all federal cases reveals no such precedent. Rule 7 states "the district court may require <u>an appellant</u> to file a bond…" *Fed. R. Civ. Proc. 7* (emphasis added). Mr. Bandas is not an appellant. He represents an appellant. If an attorney's actions are frivolous, there are other procedural mechanisms for addressing this, such as Rule 11. Apart from this, Appellees cannot seek a <u>bond</u> against counsel of record.

/ / /

/ / /

/ / /

AMBER PEDERSON'S OPPOSITION TO APPEAL BOND MOTION
3:11-cv-1301-JCC  - Page 5

Law Offices of Darrell Palmer PC
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

## II.   CONCLUSION

For the foregoing reasons, this Objector respectfully requests that this Court deny class counsel's request for an appellate bond in the amount of $20,000.  If a bond is deemed necessary, Objector volunteers to deposit up to $1,000 with class counsel to cover her share of the costs, if so taxed.


LAW OFFICES OF DARRELL PALMER PC


Dated:   July 5, 2012                              By: _____/s/ Darrell Palmer_____
                                                              Darrell Palmer
                                                   Attorney for Objector Amber Pederson

                                                   Darrell Palmer (Admitted *Pro Hac Vice*)
                                                   Law Offices of Darrell Palmer PC
                                                   603 N. Highway 101, Suite A
                                                   Solana Beach, CA 92075
                                                   Phone: 858-792-5600
                                                   Fax: 858-792-5655
                                                   Email: darrell.palmer@palmerlegalteam.com

AMBER PEDERSON'S OPPOSITION TO APPEAL BOND MOTION
3:11-cv-1301-JCC  - Page 6

Law Offices of Darrell Palmer PC
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Western District of Washington by using the USDC CM/ECF system.

I certify that service on participants in the case who are registered CM/ECF users will be accomplished by the USDC CM/ECF system.


By ____/s/ Darrell Palmer_____
Darrell Palmer

AMBER PEDERSON'S OPPOSITION TO APPEAL BOND MOTION
3:11-cv-1301-JCC  - Page 7