The Honorable John C. Coughenour

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ALYSON HERFERT, TALANA WILEY, SHANNON GORDNER, KATHRYN DE PEUTER, BECKY KUHL, ALANNA WASKO, and DENIZ ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRAYOLA LLC,<br><br>Defendant. | ) Case No. 2:11-cv-1301-JCC<br>)<br>)<br>) MOTION TO STAY POSTING OF APPEAL<br>) BOND AND RELATED DISCOVERY<br>)<br>)<br>) REQUEST FOR ORAL ARGUMENT<br>)<br>)<br>) Noting Date: August 24, 2012<br>)<br>)<br>)<br>) |

COMES NOW, Amber Pederson, Appellant and Objector (hereinafter, "Objector" or "Appellant") in the above captioned matter to file this motion to stay the posting of an appeal bond at docket entry 66 (Hereinafter, "Doc."). Objector respectfully submits the following arguments in support of her motion.

## I.   **STATEMENT OF FACTS**

On April 27, 2012, this Court granted final approval of the class action settlement. (Doc. 51.) The final order did not address the concerns of this Objector and so she filed her notice of appeal to the Ninth Circuit on May 14, 2012. (Doc. 54.) Class counsel filed their motion for an appeal bond from

this Objector on June 21, 2012.  (Doc. 56.)   The appeal bond motion sought a bond from both Appellant and her attorney of record.  *Id.*  Appellant opposed this motion on July 5, 2012. (Doc. 60.) Plaintiffs' motions for appellate bonds were granted on July 31, 2012.  (Doc. 66.)  This Court's order mandated an appellate bond of $20,000 to be paid jointly by Appellant and her attorney.  *Id.*

Because Appellant feels this appellate bond is excessive given the likely costs to be incurred, she intends to appeal the Court's order at docket entry 66.  Accordingly, this Appellant requests that the imposition of the bond be stayed pending the outcome of this appeal.  Appellant contends the bond was not awarded in conformance with precedent from within this Circuit, is excessive, and there is no authority for imposition of such a bond against an attorney of record.

## II. <u>LEGAL ARGUMENT</u>

**A.     The Federal Rules Permit a Stay Pending the Outcome of the Appeal of this Court's Order.**

Federal Rule of Appellate Procedure[1] ("Rule") 8(a)(1)(A) permits a party to move the district court for a stay of the judgment or order of a district court pending appeal.  The party seeking the stay of the district court order pending appeal is required to show the following: (1) its strong position on the merits of its appeal, (2) any irreparable injury if the stay was denied, (3) that the stay would not substantially harm other parties to litigation, and (4) that public interests favor stay. *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960 (10th Cir. 1992.)

/ / /

/ / /

/ / /

---

[1] Hereinafter, all references to "Rule" shall be to these rules unless otherwise noted.

1

2

    a.   *The Merits of Appellant's Appeal Regarding the Appellate Bond.*

3       The Court assessed a $20,000 appeal bond against Appellant based, in part, on an inclusion of

4   attorneys' fees for the appellees.[2]  As discussed further below, this is an incorrect application of Ninth

5   Circuit law and an excessive bond amount given the probable costs on appeal.  Appellant's appeal from

6   the Court's order at docket entry 67 is meritorious based upon a review of Ninth Circuit jurisprudence

7   and a strict reading of the Rules.

8           1.   *The Rules Indicate this Appeal is Meritorious.*

9       The legal standard for the imposition of an appellate bond and the amount, if any, is governed

10   under Rule 7, the purpose of which is "to ensure that the appellee will be paid any costs that are

11   awarded to him if the appellant is unsuccessful on appeal."   The purpose of the rule is to "protect ... an

12   appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc.*,

13   2007 WL 2741033, *4 (S.D.N.Y.  Sept. 20, 2007); see also, *Page v. A.H. Robins Co.*, 85 F.R.D. 139,

14   139-40 (E.D. Va. 1980.)  Rule 38 delineates the exact costs that are compensable in the instance of a

15   failed appeal:  (1) the preparation of the record; (2) the reporter's transcript, if needed; (3) premiums

16   paid for a supersedes bond or other bond to preserve rights pending appeal; and (4) the fee for filing the

17   notice of appeal.  Notably, these costs do not appear likely to be significant in this appeal.

18       A district court may not impose a bond in an amount beyond what is necessary under Rule 38 to

19   insure adequate security if to do so would effectively preclude pursuit of an appeal.  *Lindsey v. Normet*,

20   405 U.S. 56, 77-79 (1972) (holding that statute conditioning appeal on posting of double bond was

21   unconstitutional under Fourteenth Amendment equal protection clause).  Rule 7 was not intended to be

22

23

24

25

26

27

28

---

[2] The Court's minute order at docket entry 67 states that claimant's attorney did not appear for oral argument. However, Ms. Pederson's local counsel of record, Steve Dashiak, did appear for oral argument.

used as a means of discouraging appeals, even if perceived to be frivolous.  *In re American President Lines, Inc*, 779 F.2d 714, 717 (C.A.D.C. 1985).

## 2.   *Ninth Circuit Precedent Indicates this Appeal is Meritorious.*

The Ninth Circuit articulated the grounds upon which a district court may impose an appellate bond in *Azizian v. Federated Dept. Stores, Inc.,* 499 F.3d 950 (9th Cir. 2007); see also *Fleury v. Richemont N. Am., Inc*., No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008.)  A review of this precedent reveals that the bond awarded was excessive.

An appellant's financial ability is the first factor in the *Fleury/Azizian* analysis.  Generally speaking, an appellant's ability to pay an appeal bond weighs in favor of imposing one.  *Fleury* at *7.  This Appellant is unable to post an appellate bond even in the amount of $10,000.  (See Declaration of Amber Pederson, ¶ 2 attached hereto at Exhibit A.)   Although Appellant is financially capable of posting a *reasonable* bond reflective of actual costs, $20,000 for this appeal is extreme.

The next factor considered in this Circuit is whether an appellant would be willing to pay costs after an unsuccessful appeal.  The *Fleury* court noted that, while there was no indication appellant would refuse to pay costs, appellant was also not a resident of California or of any state within the Ninth Circuit and that fact weighed in favor of imposition of an appeal bond.  *Fleury* at *7.   In this case Appellant is willing to pay reasonable costs which are more likely to be hundreds of dollars, rather than many thousands of dollars.  She has already offered to pay a small bond of $3,000 to Plaintiffs' counsel.  This should indicate her clear willingness to pay and should weigh against imposition of any bond.

The *Fleury* Court also permits the district court to conduct a cursory review of the merits, only to the extent this "informs the likelihood that the appellant will lose and thus be liable for costs." *Fleury* at *6.  The true analysis regarding the merits belongs in the purview of the Ninth Circuit.

*Azizian*, 499 F.3d at 960.  The Ninth Circuit has been clear about the relationship between an appeal's merits and an appeal bond.   The court concluded that "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38." *Id*. at 961.  Thus, although this Court has found Appellant's appeal to be meritless, the plethora of jurisprudence on these very issues indicates that reasonable minds may differ.  This factor should weigh neutrally.

### 3.   *The bond improperly includes attorneys' fees.*

The appeal bond imposed here is inclusive of attorneys' fees.  Ninth Circuit jurisprudence counsels that attorneys' fees, although permissible as one of the costs in some cases, cannot be included as a cost here.  In *Azizian*, the Circuit court opined regarding this very issue.  It held that attorneys' fees were available <u>if</u> the underlying case was (a) based on an applicable fee shifting statute and (b) that statute provided for symmetrical attorneys' fee awards.

In *Azizian*, the case was brought under the Clayton Act which is a fee shifting statute.  However, the Court instructed that Section 4 of this Act provides attorneys' fees only to the plaintiff proving the antitrust violation.  Because this attorneys' fee provision is asymmetrical, e.g. it is not a prevailing party attorney's fee provision, no attorneys' fees would be available to Appellee on appeal.  *Azizian*, 499 F.3d at 959-60.  Accordingly, attorneys' fees are not awardable as part of the bond.

Like Section 4 of the Clayton Act, the applicable consumer law in this case is an asymmetrical attorney's fee provision.  It only provides attorneys' fees <u>to</u> the consumer – never against - for bringing a successful action under that statute.  RCW 19.86.090.  Like in *Azizian*, attorneys' fees are not awardable as part of the appeal bond, further lending merit to Appellant's motion to stay.

MOTION TO STAY POSTING OF APPEAL BOND AND RELATED DISCOVERY
2:11-cv-1301-JCC  - Page 5

Law Offices of Darrell Palmer PC
603 N. Highway 101, Ste. A, Solana Beach CA 92075
Phone (858) 792-5600 / Fax (858) 792-5655

4.   *Appellant Would Suffer Irreparable Injury if this Stay is Not Imposed While Appellees Will Suffer None.*

If the stay is not imposed, Appellant will be unable to pay her appeal bond and will run the very likely risk of having this appeal dismissed for this failure.  Dismissing an appeal for failure to post an appeal bond is within the discretion of the appellate court. *Hargraves v. Bowden,* 217 F.2d 839, 840 (9th Cir.1954).  Dismissal of an appeal is a discretionary, not mandatory, matter to be decided by the court of appeals.  *In re Heritage Bond Litigatin,*  233 Fed.Appx. 627, 631 (9th Cir. 2007.)  Dismissal is generally warranted where the appellant shows a flagrant disregard for the court's order.  *Id.*

Here, Appellant is taking reasonable steps to ensure that her inability to comply with this Court's order does not result in a dismissal.  Appellant simply cannot post such an exorbitant appeal bond and does not believe that case or statutory law supports the imposition of such a lofty one. Contrarily, Appellees will not suffer any harm as a result of this brief stay pending resolution of this appeal bond issue.  The case is concluded and is awaiting final resolution before the court of appeals. The extent to which a brief stay before this Court, which no longer has any active matters pending with respect to the underlying case, will prejudice the Appellees pales in comparison to the damage that will be done if Appellant misses her deadline to post the appellate bond and her appeal is dismissed.  Thus, this prong weighs in favor of a stay.

5.   *Public Interests Favor Imposition of a Stay.*

Appellant contends that public interest weighs in favor of imposition of a stay.  As described above, the only possible negative outcome for any party would be for Appellant because denial of this stay would surely be the death knell of her appeal.  Further, denial of this request for a stay could prove to have a significant chilling effect on other litigant's desire to appeal.  A track record of district courts (a) imposing lofty appeal bonds and (b) denying a litigant's procedurally proper efforts to have that

appeal bond reviewed for fairness under a higher court would certainly produce an undesired effect on other litigants who would choose to avoid an appeal altogether.

        **b.** **Rule 7 Appeal Bonds May Only Be Assessed Against the Appellant; Not Her Attorney of Record.**

Appellant reiterates her argument from her opposition to the bond motion that there is no authority or precedent which permits an appeal bond be assessed against the attorney of record.  Rule 7 states "the district court may require <u>an appellant</u> to file a bond…" *Fed. R. Civ. Proc. 7* (emphasis added).  Mr. Bandas is not the appellant in this matter.  There is no reason in function or fact why the bond should apply to both.  This smacks as more of a sanction than an appellate bond.  Accordingly, this Appellate intends to appeal this aspect of the appeal bond as well.

### III. <u>CONCLUSION</u>

Appellant respectfully requests that this Court impose a stay in this matter, pending the outcome of her appeal of the appellate bond order at docket entry number 66.

LAW OFFICES OF DARRELL PALMER PC

Dated:   August 7, 2012            By: _____/s/ Darrell Palmer_____
                                 Darrell Palmer
                                 Attorney for Objector Amber Pederson

                                 Darrell Palmer (Admitted *Pro Hac Vice*)
                                 Law Offices of Darrell Palmer PC
                                 603 N. Highway 101, Suite A
                                 Solana Beach, CA 92075
                                 Phone: 858-792-5600
                                 Fax: 858-792-5655
                                 Email: <u>darrell.palmer@palmerlegalteam.com</u>

MOTION TO STAY POSTING OF APPEAL BOND AND RELATED DISCOVERY
2:11-cv-1301-JCC  - Page 7                                  Law Offices of Darrell Palmer PC
                                       603 N. Highway 101, Ste. A, Solana Beach CA 92075
                                           Phone (858) 792-5600 / Fax (858) 792-5655

1

2

**CERTIFICATE OF SERVICE**

        I hereby certify that on August 7, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Western District of Washington by using the USDC CM/ECF system.

        I certify that service on participants in the case who are registered CM/ECF users will be accomplished by the USDC CM/ECF system.

                        By ____/s/ Darrell Palmer_____
                                Darrell Palmer

MOTION TO STAY POSTING OF APPEAL BOND AND RELATED DISCOVERY
2:11-cv-1301-JCC  - Page 8