```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                             IN SEATTLE

 -----------------------------------------------------------

 ALYSON HERFERT, et al.,         )
                                 )
            Plaintiffs,          )   No. C11-1301JCC
                                 )
    v.                           )
                                 )
 CRAYOLA, LLC, et al.,           )
                                 )
            Defendants.          )

 -----------------------------------------------------------

                         MOTION HEARING

 -----------------------------------------------------------


          BEFORE THE HONORABLE JOHN C. COUGHENOUR
               UNITED STATES DISTRICT COURT JUDGE


                         July 31, 2012


 APPEARANCES:

 For the Plaintiff:       GRETCHEN F. CAPPIO
                          HARRY WILLIAMS, IV
                          LAURA GERBER

 For the Defendant:       HOLLY P. SMITH
                          KATHY ANN COCHRAN

 For the Objector:        STEVE DASHIAK
```

```
 1          THE CLERK:  We are on the record in CV11-1301,
 2  Allison Herfert, et al. versus Crayola, LLC.  Counsel,
 3  please make your appearances.
 4          MS. CAPPIO:  Gretchen Cappio of Keller Rohrback
 5  for plaintiff.  With me is Harry Williams and Laura
 6  Gerber.
 7          MS. COCHRAN:  Your Honor, Kathy Cochran for
 8  Crayola.  With me is Holly Smith, also for Crayola.
 9          MR. DASHIAK:  Your Honor, Steve Dashiak for
10  Objector Pederson.
11          THE COURT:  All right.  Anybody wish to be heard?
12          MS. CAPPIO:  Your Honor, I would be happy to
13  address the reasons behind our motion.
14          THE COURT:  I have read your briefs.  Let me first
15  ask the attorney for the objector, the other attorney that
16  wasn't able to be here today, is he appearing for the
17  objector?
18          MR. DASHIAK:  Are you speaking of Darrell Palmer
19  or Chris Bandas?
20          THE COURT:  Mr. Bandas.
21          MR. DASHIAK:  I don't believe he is.
22          THE COURT:  What is his role in this?
23          MR. DASHIAK:  Unclear.  I filed a notice of
24  appearance, and I sponsored Darrell's entrance into this
25  case.
```

```
 1                THE COURT:  You sponsored his entrance into the
 2    case?
 3                MR. DASHIAK:  Yes.
 4                THE COURT:  Does that mean that he is appearing in
 5    the case?
 6                MR. DASHIAK:  Darrell Palmer is.
 7                THE COURT:  But not Mr. Bandas?
 8                MR. DASHIAK:  No.
 9                THE COURT:  Go ahead.
10                MS. CAPPIO:  Well, your Honor, I think you have
11    kind of hit the nail on the head, in terms of some of the
12    confusion here.  I think Mr. Bandas has represented to us
13    that he represents Ms. Pederson.
14                THE COURT:  He represented to my law clerk that he
15    represented her also.  He was ordered to be here, but it
16    interfered with his sailing trip apparently.  Go ahead.
17                MS. CAPPIO:  Yes, your Honor.  We are likewise a
18    bit dismayed.
19        Thank you for hearing the parties on this motion for a
20    Rule 7 appeal bond.  As the court will remember, last time
21    we were here was for the final approval hearing in April,
22    and the settlement, which was approved in full by the
23    court, provides outstanding relief.
24        The following relief is available to eligible
25    consumers:  Money back, stain remediation, cleaning costs,
```

```
 1   as well as a relabeled and reformulated product.
 2       Of the millions of class members, only one objector
 3   objected to the settlement.  Her name is Amber Pederson.
 4   As the court will recall, Ms. Pederson professed she was
 5   pro se, and she did not attend the final approval hearing.
 6   We have since learned that Ms. Pederson does have counsel.
 7   In fact, this is a pattern, to put up pro se objectors and
 8   then to appear for the appeal.
 9       Obviously, when counsel for objectors treats a
10   settlement of class actions more like a business than a
11   profession, and lies in the weeds throughout the approval
12   process, only to try to ambush the settlement later on,
13   creates problems for the court and the parties.
14       Courts apply several factors when analyzing whether an
15   appeals bond is appropriate.  With the court's permission,
16   I would like to address them here in turn.
17           THE COURT:  No, I don't think it is necessary.
18   Wrap it up.
19           MS. CAPPIO:  As your Honor has seen, we believe a
20   $20,000 bond is appropriate here.  Obviously we would
21   leave it to your discretion what you think is appropriate.
22           THE COURT:  Let me hear from the objector's
23   counsel.
24           MR. DASHIAK:  Good morning.  I don't believe the
25   $20,000 bond would be appropriate.  It appears that a
```

1    large amount of this bond would -- attorney's fees would
2    account for a large amount of this bond.  I don't believe
3    that would be appropriate, given the asymmetrical
4    fee-shifting statute.  I don't believe defendants would --
5    I don't believe Crayola would be awarded attorneys' fees.
6    And, therefore, I don't think it is proper to sanction the
7    objector beforehand.  Ms. Pederson does not have a lot of
8    money.  She doesn't have the ability to put up --
9            THE COURT:  How much is Ms. Pederson's claim?
10           MR. DASHIAK:  I'm uncertain as to --
11           THE COURT:  Did she buy truckload quantities of
12   this material?
13           MR. DASHIAK:  I am unsure as to the claim.  I got
14   the call --
15           THE COURT:  In all likelihood her claim is about
16   $12.
17           MR. DASHIAK:  Right, $15 maximum.  So she doesn't
18   have a lot of money to put up here.  I believe forcing her
19   to put up $20,000 would chill her right to appeal.  Many
20   of the costs for --
21           THE COURT:  Or her enthusiasm for an appeal maybe.
22           MR. DASHIAK:  Many of the costs that are likely to
23   be borne during this appeal process have already been
24   borne by appellant.
25           THE COURT:  I have heard enough.  I am setting the

1  appeal bond at $20,000.
2      After considering the factors that are suggested by
3  the Ninth Circuit, including the fact that Ms. Pederson is
4  the only objector out of millions of claimants, the fact
5  that the appeal appears to be vexatious and frivolous, the
6  fact that there is a serious risk that Ms. Pederson will
7  not be available to pay any costs in the event she loses
8  an appeal, the apparent ability of her attorney to post a
9  bond, the amount of the bond is reasonable.
10     All right.  Thank you, counsel.
11         MS. CAPPIO:  Thank you, your Honor.
12                  (Adjourned.)

1                          **CERTIFICATE**

9          I, Barry L. Fanning, Official Court Reporter, do hereby
certify that the foregoing transcript is true and correct.

11                                      **S/Barry L. Fanning**

                                        _____
                                        **Barry L. Fanning**