# United States District Court
# Western District of Washington

Alyson Herfert, et al.

Plaintiff(s)

v.

Crayola LLC

Defendant(s)

Case Number     11-cv-1301-JCC

**Amended**
APPLICATION FOR LEAVE TO APPEAR
PRO HAC VICE

Pursuant to Local General Rule 2(d) of the United States District Court for the Western District of Washington, _____Darrell Palmer_____ hereby applies for permission to appear and participate as counsel in the above entitled action on behalf of the following party or parties:

Amber Pederson

The particular need for my appearance and participation is:

My co-counsel and I were retained by the objector. We are both very familiar with this area of law and will be drafting all future pleadings/motions.

I, _____Darrell Palmer_____ understand that I am charged with knowing and complying with all applicable local rules;

I have ~~not~~ been disbarred or formally censured by a court of record or by a state bar association; and there are not disciplinary proceedings against me. See attached.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   Aug 15, 2012        Signature of Applicant:  s/ Darrell Palmer

| | |
|---|---|
| Pro Hac Vice Attorney Applicant's Name: | Darrell Palmer |
| Law Firm Name: | Law Offices of Darrell Palmer |
| Street Address 1: | 603 N. Highway 101 |
| Address Line 2: | Suite A |
| City: | Solana Beach |
| State: | California |
| Zip: | 92075 |
| Phone Number w/ Area Code | 858-792-5600 |
| Bar # | 125147 |
| State | California |
| Applicant E-mail Address: | darrell.palmer@palmerlegalteam.com |
| Secondary E-mail Address: | maria.carapia@palmerlegalteam.com |

### STATEMENT OF LOCAL COUNSEL

I am authorized and will be prepared to handle this matter, including trial, in the event the applicant Darrell Palmer is unable to be present upon any date assigned by the court.

Date: Aug 15, 2012        Signature of Local Counsel: s/ Steve Dashiak

| | |
|---|---|
| Local Counsel's Name: | Steve Dashiak |
| Bar # | 539882 |
| Law Firm Name: | |
| Street Address 1: | 14900 Interurban Avenue South |
| Address Line 2: | Suite 271 |
| City: | Tukwila |
| State: | Washington |
| Zip: | 98188 |
| Phone Number w/ Area Code   Example: 999-999-9999 | 206-595-6311 |



# Electronic Case Filing Agreement

By submitting this form, the undersigned understands and agrees to the following:

1. The CM/ECF system is to be used for filing and reviewing electronic documents, docket sheets, and notices.

2. The password issued to you by the court, combined with your login, serves as your signature under Federal Rule of Civil Procedure 11. Therefore, you are responsible for protecting and securing this password against unauthorized use.

3. If you have any reason to suspect that your password has been compromised in any way, you are responsible for immediately notifying the court. Members of the court's systems staff will assess the risk and advise you accordingly.

4  By signing this Registration Form, you consent to receive notice electronically, and to waive your right to receive notice by personal service or first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), except with regard to service of a complaint and summons. This provision *does* include electronic notice of the entry of an order or judgment.

5. You will continue to access court information via the Western District of Washington's internet site or through the Public Access to Court Electronic Records (PACER) system. You will continue to need a PACER login, in addition to the court-issued password. You can register for PACER at their web site: http://pacer.psc.uscourts.gov.

6. By this registration, the undersigned agrees to abide by the rules and regulations in the most recent General Order, the Electronic Filing Procedures developed by the Clerk's Office, and any changes or additions that may be made to such administrative procedures in the future.

/s/ Darrell Palmer                                                                                          Aug 15, 2012

**Signature** (use an "s/" and type your name)                                                **Date Signed**

APPLICATION FOR *PRO HAC VICE* ADMISSION BY DARRELL PALMER
Explanation for Disciplinary Action and Criminal Conviction

In early 1994, I closed my California law practice and moved to Colorado to start a real estate and construction business with my father and brother. The business was initially very successful but problems with our Colorado partner, Delmer Zweygardt, caused the business to fail in late 1996. When my company was unable to complete homes or refund down payments to several homebuyers, I entered into an agreement whereby I released $500,000 previously advanced to Mr. Zweygardt and released $2.5M in equity to him in exchange for his agreement to refund the down payments to the customers. Unfortunately, Mr. Zweygardt did not perform as required under the contract and went to the customers and offered them only 50% of their down payments.

Several customers complained to the authorities about my company's failure and I became the target of an investigation. After several years, the matter was settled when I pled guilty to a Class V felony as a result of one of my companies failing to pay $4000 in sales tax to the State of Colorado. At the final hearing the presiding judge made some very complimentary comments on the record about my conduct during the pendency of the matter. I immediately reported this matter to the state bars in Colorado, Arizona and California.

After an investigation by disciplinary counsel in Colorado (Case No. 99PDJ055, Colo Sup Ct, Office of Disciplinary Counsel, 600 17th Ste, Ste 510-S, Denver, CO 80202), on July 18, 2002, an order was entered re an agreed 60 day suspension, 30 days stayed and one year probation. Colorado disciplinary counsel concluded that none of my actions involved any moral turpitude. Arizona bar counsel also investigated the matter and agreed to reciprocal discipline equal to and concurrent with the Colorado discipline.

The conviction resulted in an administrative suspension in California but once an explanation was offered to the Review Department that suspension was terminated in less than a month. California bar counsel then investigated the matter and concluded the conduct did not warrant a suspension because of numerous mitigating factors and the lack of any conduct involving moral turpitude, plus in California the underlying sales tax matter would barely have been a misdemeanor. California bar counsel stipulated to a public reproval and a one year probationary period, which was completed in 2003.