The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ALYSON HERFERT, TALANA WILEY, SHANNON GORDNER, KATHRYN DE PEUTER, BECKY KUHL, ALANNA WASKO, and DENIZ ZOELLER, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>CRAYOLA LLC,<br><br>           Defendant. | Case No. 2:11-cv-1301-JCC<br><br>REPLY TO MOTION TO STAY POSTING OF APPEAL BOND AND RELATED DISCOVERY<br><br>REQUEST FOR ORAL ARGUMENT<br><br>Noting Date: August 24, 2012 |

COMES NOW, Amber Pederson, Appellant and Objector (hereinafter, "Objector" or "Appellant") in the above captioned matter to file her reply to the motion to stay the payment of an appeal bond at docket entry 66 (Hereinafter, "Doc."). For the sake of brevity, Objector reasserts the previously asserted state of facts as if set forth fully herein.

## I. LEGAL ARGUMENT

**A. The Amount of the Appeal Bond Improperly includes Attorneys' fees.**

Although counsel state in their joint motion at docket entry 75 ("Doc") that this bond did not include attorneys' fees, the original bond request of $20,000 included attorneys' fees in its calculation,

and the amount that was granted was identical in amount to that request. (Doc. 66.)  Although the Court did not indicate that the bond included attorneys' fees; by adopting the suggested amount without any independent calculations, the court has endorsed the errant calculation of the bond amount.

Attorneys' fees are not permitted to be included in an appeal bond in instances where the attorneys' fee provision in the underlying statute is not reciprocal.  In this case, Appellee will not be entitled to attorneys' fees if they prevail.  *Azizian v. Federated Dept. Stores, Inc.,* 499 F.3d 950, 959-60 (9th Cir. 2007).

**B.  The Excessiveness of the Bond Amount is an Appealable Issue.**

Class counsel deliberately ignore well-settled case law regarding the appropriate *amount* of bond.  The *Fleury* district court explained that "the Ninth Circuit held in *Azizian* that F.R.A.P. 7 authorizes a bond only to cover "costs" on appeal as expressly defined by rule or statute. 499 F.3d at 958. *Id*. The Ninth Circuit held the express language of Rule 7 which encompasses only "costs" must be given literal effect. *Id*."  *Fleury v. Richemont North America Inc.*, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008).

In the instance an appellant disagrees with either the need for, or amount of, an appeal bond, Federal Rule of Appellate Procedure[1] ("Rule") 8(a)(1)(A) permits a party to move the district court for a stay pending resolution at the appellate level.  The motion for stay is well supported because the amount is excessive and included attorneys' fees in violation of the *Azizian* opinion. 499 F.3d at 959.  Ignoring the rules at the expense of the class is what caused the objection in the first place; and again class counsel, not appellant are responsible for this delay of the settlement.

/ / /

---

[1] Hereinafter, all references to "Rule" shall be to these rules unless otherwise noted.

**C.  Appellant's Motives are Irrelevant to Appeal Bond Calculations.**

This appeal was filed in good faith; no one expected class counsel (or this court) to like it.  In accordance with Rule 23, appellant asserted thoughtful arguments against some settlement issues. District courts cannot include their opinions regarding bad faith as a factor in calculating the amount of an appeal bond.   Appellees assert the appeal was filed to extract a settlement or cause delay.  (Doc. 75, at 4.) However, courts within this Circuit have held that imposing a bond under F.R.A.P. 7 is not the proper remedy for what may be perceived as a "frivolous appeal".  *Fleury v. Richemont N. Am., Inc*., No. C-05-4525 EMC, 2008 WL 4680033, at *9 (N.D. Cal. Oct. 21, 2008.)

 The Ninth Circuit found that "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38." *Azizian*, 499 F.3d at 961. The court reasoned that "[a]llowing district courts to impose high Rule 7 bonds on where the appeal might be found frivolous risks impermissibly encumbering appellants' right to appeal and effectively preempting this court's prerogative to make its own frivolousness determination. *Id.*

**D.  There is No Order Requiring Appellant's Attorney to Post a Bont.**

There is no order directing appellant's attorney to post a bond.  Counsel seems to suggest there is; class counsel assert courts within this Circuit routinely impose appeal bonds against an appellant's attorney.  They cite to an aberration of the rule by citing an incorrect non-authoritative decision by a district court judge in Nevada case.  Federal Rule of Appellate Procedure 7 specifically states "the district court may require an <u>appellant</u> to file a bond…" *Fed. R. Civ. Proc. 7* (emphasis added).

/ / /

**E.  Appellant Can Pay Reasonable Costs for Appeal.**

Counsel incorrectly state that Appellant presents a risk of non-payment because she "conceded in her Opposition to the Motion for Appeals Bond there is a serious risk that Objector Pederson will not pay costs." (Doc. 75, p. 4.)  However this takes her statement out of context.  She stated in her opposition to counsels' bond motion that she is willing and able to pay (in advance) reasonable costs on appeal. (Doc. 60, p. 2.)

## II.  CONCLUSION

Appellant respectfully requests that the Court grant her stay pending the outcome of her appeal of docket entry 66.  Appellant waives oral argument.

WASHINGTON LAW CENTER

Dated:   August 24, 2012                    By: /s/ Steve Dashiak                    
                                                          Steve Dashiak
                                                          Attorney for Objector Amber Pederson

Steve Dashiak (Bar No. 39836)
WASHINGTON LAW CENTER
14900 Interurban Avenue South #271
Tukwila, WA 98188
Phone: (205) 595-6311
Email: stevedashiak@gmail.com

1

2

## **CERTIFICATE OF SERVICE**

3       I hereby certify that on August 24, 2012, I electronically filed the foregoing with the Clerk of the
4 Court of the United States District Court for the Western District of Washington by using the USDC
  CM/ECF system.

5       I certify that service on participants in the case who are registered CM/ECF users will be
6 accomplished by the USDC CM/ECF system.

7

8

9                               By: /s/ Steve Dashiak_____
                                    Steve Dashiak
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO MOTION TO STAY POSTING OF APPEAL BOND AND RELATED DISCOVERY
2:11-cv-1301-JCC  - Page 5