THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALYSON HERFERT, TALANA WILEY, SHANNON GORDNER, KATHRYN DE PEUTER, BECKY KUHL, ALANNA WASKO, and DENIZ ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRAYOLA LLC,<br><br>Defendant. | CASE NO. C11-1301-JCC<br><br>ORDER RE: MOTION TO STAY THE POSTING OF AN APPEAL BOND |

This matter comes before the Court on Claimant's motion to stay the posting of an appeal bond (Dkt. No. 68) and Plaintiffs' request for a show cause order (Dkt. No. 77). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ORDERS as follows:

a. <u>Claimant's Motion to Stay Posting of the Appeal Bond Pending Outcome of Appeal</u>

Claimant moves for the Court to stay the imposition of its July 31, 2012 Order requiring her to file a $20,000 appellate bond pending the outcome of her appeal of that Order. (Dkt. No. 68 at 2.) Federal Rule of Appellate Procedure 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. 7. The Advisory Committee Notes to the Rule indicate that it leaves "the

question of the need for a bond for costs and its amount in the discretion of the [district] court." Fed. R. App. 7, Adv. Comm. Notes; *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007) (stating that objections to the amount of an appellate bond are ordinarily reviewed for abuse of discretion).  On review of the facts and circumstances of this case, the Court DENIES Claimant's motion (Dkt. No. 68). The principal factors relied upon by the Court in making this determination are the following: (1) that Claimant is the only objector out of millions of potential class members, (2) that the appeal appears to be vexatious and frivolous, (3) that there is a serious risk that Claimant will not be available to pay any costs in the event she loses an appeal given that she does not reside and apparently has no assets in this District; and (4) the apparent ability of Claimant's attorneys to post bond.

  b. <u>Plaintiffs' Request for Issuance of an Order to Show Cause</u>

  Given that Claimant has not complied with the Court-mandated deadline for filing the appeal bond (which was August 31, 2012), Plaintiffs move for the Court to issue an order to show cause why the Claimant's objection to the Final Settlement should not be stricken.  (Dkt. No. 77.) The Court hereby ORDERS that Claimant either immediately comply with the Court's July 31, 2012 Order requiring the posting of a $20,000 appellate bond (Dkt. No. 66, amended by Dkt. No. 71) or file a notice of dismissal of her appeal.  Failure to take one of these two actions by **Thursday, September 20, 2012** may result in a finding of civil contempt and the imposition of appropriate sanctions, such as the striking of Claimant's objection to the Final Settlement. *Cf. Embry v. Acer America Corp.*, No. C09-1808-JW, 2012 WL 3777163, *2 (N.D. Cal. Aug. 29, 2012).

  DATED this 17th day of September 2012.

               /s/ John C. Coughenour
               John C. Coughenour
               UNITED STATES DISTRICT JUDGE